No. 25–1658

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

*In re* MARCO RUBIO, et al.,

*Petitioners.*

MARCO RUBIO, in his official capacity as Secretary of State, et al.,

*Petitioners–Defendants,*

v.

U.S. DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS,

*Respondent,*

AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, et al.,

*Real-Parties-in-Interest–Plaintiffs.*

**PLAINTIFFS' ANSWER TO PETITION FOR A WRIT OF MANDAMUS AND EMERGENCY MOTION FOR STAY AND IMMEDIATE ADMINISTRATIVE STAY**

Edwina Clarke (BBO 699702)
David Zimmer (BBO 692715)
Zimmer, Citron & Clarke, LLP
130 Bishop Allen Drive
Cambridge, MA 02139
(617) 676-9423
edwina@zimmercitronclarke.com

Noam Biale
Michael Tremonte
Alexandra Conlon
Courtney Gans
Sher Tremonte LLP
90 Broad Street, 23rd Floor

Alex Abdo
Ramya Krishnan
Carrie DeCell
Xiangnong Wang
Talya Nevins
Jackson Busch
Stephany Kim
Scott Wilkens
Jameel Jaffer
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500

New York, New York 10004
(212) 202-2603
nbiale@shertremonte.com
mtremonte@shertremonte.com

alex.abdo@knightcolumbia.org

Ahilan T. Arulanantham (SBN 237841)
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

# Table of Contents

Introduction ..................................................................................................1

Procedural History .......................................................................................1

Argument .....................................................................................................3

Conclusion ...................................................................................................6

Certificate of Compliance ............................................................................8

**Introduction**

Real Parties in Interest–Plaintiffs (hereinafter "Plaintiffs") respectfully submit this response to the mandamus petition and motion for a stay filed by Petitioners–Defendants (hereinafter "the government") challenging "disclosure orders" of the district court. The petition rests on the erroneous premise that the basis for the disclosure orders entered by the district court was its conclusion that the government waived its privileges over certain documents by "provid[ing] the documents to the court for *in camera* inspection." Pet. at 2. But that was not the basis for the district court's ruling; it rested, instead, on the government's invocation of "additional privileges" that were never actually specified. For that reason, the Court has ample justification to reject the petition and deny the stay. Nonetheless, in the interests of obtaining an expeditious resolution of this matter and allowing the trial to proceed, Plaintiffs would not object to a remand order allowing the government a short period of additional time to submit a privilege log asserting privileges on a document-by-document basis.

**Procedural History**

The dispute now before this Court arose out of the government's submission of documents on July 2, 2025. On that day, the government submitted to the district court an undifferentiated mass of documents for *in camera* review. That submission "[did] not contain privilege redactions." Add. 520. Instead, it was accompanied by a

1


one-paragraph cover note containing only a single sentence explaining the government's assertion of privilege: "While these documents do contain information subject to the law enforcement and deliberative process privileges, additional privileges may also be applicable." *Id.* Even though trial was scheduled to start just five days later, the government took no further steps to explain what other privileges it intended to assert or which documents were subject to those unspecified privileges.

On July 7, the district court addressed the government's attempt to preserve these "additional"—but never specifically asserted—privileges. With respect to these, the court was clear: "that's not the way it works. All those supposedly reserved privileges, they're all waived. You can't dump a bunch of documents on the Court and say, 'Well you go through them and really decide what our privileges are.' *Never asserted. They're all waived.*" Add. 540–41 (emphasis added).

Thus, contrary to the government's claim, the court did not deem any privileges waived because the government produced documents for *in camera* inspection. The court deemed them waived because the government never asserted any privilege (beyond law enforcement and deliberative process), and never specified which documents or portions of documents were subject to these unknown privileges.

## Argument

The district court was entirely correct to reject the government's unspecified assertions of privilege. *In re Grand Jury Subpoena (Mr. S.)*, 662 F.3d 65, 71 (1st Cir. 2011) ("Whatever quantum of proof is necessary to satisfy this obligation, a blanket assertion of privilege is generally insufficient. . . . Determining whether documents are privileged demands a highly fact-specific analysis[.]"); *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991) (assertions of privilege "must [] be accompanied by sufficient information to allow the court to rule intelligently on the privilege claim").

With respect to the privileges actually named by the government in its July 2 submission—the law enforcement and deliberative process privileges—the court has properly proceeded on a document-by-document basis, sustaining the government's assertion of privilege in some cases, while rejecting them as to a total of fifteen documents across both productions. *See, e.g.*, Add. 613 ("I have determined that those documents relating to any changes in Visa applications, because they implicate national security, are privileged."); *id.* ("And as to the remaining [subset of] documents, I have overruled the assertions of privilege."). Notably, the government does not challenge the district court's rejections of its claims of privilege on the merits; it challenges only the district court's determination of waiver.

3

The government also raises the specter of the presidential communications privilege, but that privilege has nothing to do with the parties' dispute in this mandamus action. The government has invoked the presidential communications privilege with respect to only a single document, but that document was not part of the July 2 submission. It was logged by the government in its June 11 submission, which the ruling at issue here does not concern. In any event, when the government sought clarification on this point by specifically raising the presidential communications privilege at a hearing on July 10, the court promptly clarified that the claim of privilege would remain "under advisement." Add. 615.

For these reasons, the government's mandamus petition rests on a mistaken account of the proceedings below. The court did not at any point state that the government had waived privileges by submitting documents for review *in camera*. It held only that the government's failure to name the privileges it was asserting and specify which documents were privileged under them was inadequate. The district court's cautious approach to the privileges the government actually invoked makes clear that it has considered the issue appropriately. *See, e.g.*, Add. 541 ("As to the rest of it, you've taken—and I speak to the government's attorneys, far too broad a position on what's entitled to the law enforcement privilege. When I said I would honor that [privilege], what I meant was, and I think the law . . . backs it up, . . .

4

disclosure of things that would . . . frustrate or inhibit or foul up an ongoing government investigation . . . .").

Although the district court's order is entirely justified, to ensure expeditious resolution of this dispute, Plaintiffs would not object to an order from this Court remanding with instructions to give the government until **6 p.m. on Friday, July 11, 2025**, to submit a privilege log asserting the additional privileges it wishes to raise as to each document. A short turnaround for the government's privilege log is appropriate not only because the government is already tardy in asserting privilege over these documents, but also because the trial is ongoing and is scheduled to conclude on July 18. Because Plaintiffs may need to use the purportedly privileged documents to cross-examine certain of the government's witnesses who are scheduled to testify shortly, it is imperative that the court have the opportunity to rule on any newly asserted privileges expeditiously. The government, for its part, will suffer no prejudice from this proposed alternate resolution of the petition, because it is already in the process of preparing a privilege log as to documents potentially covered by the law enforcement privilege for submission to the district court by noon on July 11.

## Conclusion

Accordingly, the Court should deny the petition or, in the alternative, grant the proposed alternative relief.[1]

July 11, 2025

Edwina Clarke (BBO 699702)
David Zimmer (BBO 692715)
Zimmer, Citron & Clarke, LLP
130 Bishop Allen Drive
Cambridge, MA 02139
(617) 676-9423
edwina@zimmercitronclarke.com

Noam Biale
Michael Tremonte
Alexandra Conlon
Courtney Gans
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603
nbiale@shertremonte.com
mtremonte@shertremonte.com

Respectfully submitted,

/s/ Alex Abdo
Alex Abdo
Ramya Krishnan
Carrie DeCell
Xiangnong Wang
Talya Nevins
Jackson Busch
Stephany Kim
Scott Wilkens
Jameel Jaffer
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
alex.abdo@knightcolumbia.org

Ahilan T. Arulanantham (SBN
  237841)
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

---

[1] The government's request for a claw back is unjustified, because the district court ordered the production of the fifteen documents at issue only after considering and rejecting the government's assertion of privilege on the merits, *see, e.g.*, Add. 541, not on the basis of a purported blanket waiver challenged here.

*Counsel for Real-Parties-in-Interest–
Plaintiffs*

## Certificate of Compliance

This brief complies with the type-volume limit of the Court of Appeals for the First Circuit Local Rules 21(d)(1) and 32(g) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 1165 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in 14-point Times New Roman font, a proportionally spaced typeface.

/s/ Alex Abdo

Dated: July 11, 2025