No. 25-1658

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

*In re* MARCO RUBIO, *et al.*,

*Petitioners.*

MARCO RUBIO, in his official capacity as Secretary of State; U.S. DEPARTMENT OF STATE; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; DONALD J. TRUMP, in his official capacity as President of the United States; UNITED STATES OF AMERICA,

*Petitioners–Defendants*,

v.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS,

*Respondent*,

AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS; AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS-HARVARD FACULTY CHAPTER; AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS AT NEW YORK UNIVERSITY; RUTGERS AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS-AMERICAN FEDERATION OF TEACHERS; MIDDLE EAST STUDIES ASSOCIATION,

*Real-Parties-in-Interest–Plaintiffs.*

## REPLY IN SUPPORT OF PETITION FOR A WRIT OF MANDAMUS AND EMERGENCY MOTION FOR STAY AND FOR AN IMMEDIATE ADMINISTRATIVE STAY

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
AMANDA L. MUNDELL
SOPHIA SHAMS
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., NW*
  *Washington, DC 20530*
  *202-353-9018*

Plaintiffs' response in opposition fails to rehabilitate the district court's waiver ruling and only underscores the need for mandamus and a stay. Judge Young has declared that most or all (the court has been inconsistent) of the government's privileges in documents submitted to the court for *in camera* inspection at the court's own invitation are now waived. And the court continues to conduct the trial under that plainly mistaken understanding. More witnesses are scheduled to testify this afternoon, and absent a stay from this Court, the court this morning confirmed that it will allow plaintiffs to access, discuss, and question witnesses about privileged government documents in open court. This Court's intervention is urgently needed.

In the interests of time, the government will stand on its mandamus petition with respect to the unlawfulness of the district court's waiver ruling. We submit this short reply to address a small number of incorrect factual assertions in plaintiffs' opposition.

1. At the outset, plaintiffs assert that the district court "did not at any point state the government had waived privileges by submitting documents for review *in camera*." Response 4. This contention is difficult to fathom. The district court invited the government to submit documents over which the government asserted privilege for *in camera* inspection. Add.204, 346. Then it declared that by "dumping" the documents on the court as invited, the government had categorically waived its privileges:

> All those supposedly reserved privileges, they're all waived. You can't dump a bunch of documents on the Cout and say, "Well you go through them and really decide what our privileges are." Never asserted. They're all waived.

Add.540-41.

To be sure, that ruling was surprising—so the government sought reconsideration, urging the court to clarify that it did not mean to say that the mere submission of documents for *in camera* review was the basis for waiver of privilege. But the district court doubled down, denying that motion as to virtually all of the government's privileges and even stating that "[did]n't understand why [the government is] objecting" to producing these documents.[1]  Add.615. Against this background, it is difficult to understand how plaintiffs can maintain that the district court did not do what it plainly did. The district court itself has been quite clear about what it believes it held.

2. Plaintiffs' contention that the district court's waiver ruling "does not concern" the government "June 11 submission" but only the July 2 submission is belied by the record. Response 3. The government repeatedly sought clarification on precisely this point, *e.g.*, Add.547, and yesterday the court confirmed that its waiver ruling applies to both submissions. In addressing the government's motion to clarify, the court stated, "There's no reason to clarify. … The transcript makes clear it applies to all the documents that were furnished, and I stand on that ruling." Add.610.

3. For the same reasons, plaintiffs are wrong in asserting that the "presidential communications privilege … has nothing to do with the parties' dispute in this

---

[1] The court reconsidered its order only with respect to the disclosure of cell phone numbers and email addresses.  Add.566.

2

mandamus action." Response 4. Plaintiffs base this assertion on their view that the district court's waiver ruling did not apply to the batch of documents submitted on June 11. But again, while the government would welcome that conclusion if it were true, the district court plainly has a different understanding of what it has ordered. Although the court has continued to indicate the State Department report is "under advisement," the court has declined to exempt that document from its waiver ruling, the logic of which has no limit. It is unacceptable that a court would treat the protected status of a document over which the White House has formally asserted the presidential communications privilege in so casual a manner. *See United States v. Nixon*, 418 U.S. 683, 714-15 (1974) (recognizing that assertions of the presidential communications privilege must be "accorded that high degree of respect due the President of the United States").

4. Plaintiffs next claim that the court's waiver ruling was predicated on the government's failure to even assert specific privileges. Response 1. They fault the government for not identifying any and all privileges applicable to each document contained in the July 2 *in camera* submission. *See id.* at 1, 3. But this gets matters backward: The court had not yet ordered a privilege log. It simply invited the government to submit privileged documents *in camera*, and it urged the government to do so quickly to speed compliance with the court's wide-ranging discovery orders. In doing so, the court repeatedly assured the government that the documents were for *the court's* eyes only and that the court would "honor" the government's privileges. Add.104, 402. As our petition notes (at 1), the district court has subsequently directed

3

the government to produce a privilege log—but it has prohibited the government from asserting any of the privileges the court deemed "waived." That is not how *in camera* review is supposed to work, and it wrongly penalizes the government for trying to accommodate the district court's request for swift compliance with discovery coupled with *in camera* review of documents withheld for privilege.

5. Plaintiffs are equally wrong in asserting that "the court has properly proceeded on a document-by-document basis" when assessing various privileges. Response 3. It has not. Apart from broad statements about the applicability of the law-enforcement privilege to certain documents—statements that are not at issue here—the record nowhere reveals that the court has approached the government's submissions with an eye toward resolving each of the different privilege assertions on the merits. Indeed, as the transcript from yesterday's trial session makes clear, Judge Young stated broadly that he had "overruled the assertions of privilege" without ever stating on the record how or why he had reached that conclusion. Add.613. The inevitable conclusion is that the court did *not* make individualized privilege assessments, but instead overruled the government's assertions of privilege based on its flawed conclusion that the government had waived privilege. As the government explained in its petition, that waiver determination was erroneous, and it continues to infect the court's handling of privileged documents throughout trial.

6. Finally, plaintiffs' suggestion that this Court should remand—rather than grant mandamus relief or a stay—is mistaken several times over. Response 5. First,

4

this is a mandamus petition, which is an original action in this Court; there is nothing on appeal and nothing to "remand." The district court committed unmistakable and grossly prejudicial legal error in its waiver ruling; the government has no other avenue for relief besides mandamus; and the government will suffer irreparable injury without this Court's intervention. The district court, moreover, would plainly benefit from this Court's guidance about the proper handling of privileged matters in the ongoing bench trial. Mandamus is warranted.

Second, plaintiffs' suggestion of a "remand" implicitly concedes the error in the district court's failure to adequately consider the government's asserted privileges as to the vast majority of documents in the June 11 and July 2 submissions. Response 5. That is a reason to grant mandamus.

Third, as our petition explains, the government is entitled to more than just an order to address our privileges on the merits. At the compulsion of court order and over the government's objection, the government has already been required to divulge privileged documents to plaintiffs. Indeed, the district court yesterday allowed plaintiffs to question a witness in open court using the government's privileged documents. This Court should grant mandamus and direct the district court to allow the government to claw back its privileged documents and prohibit their continued use in this case. The Court should reject plaintiffs' attempt (Response 5) to return this matter to the district court so that they can "cross-examine" government witnesses on the very documents that the district court wrongly failed to keep confidential. At a minimum, plaintiffs'

5

eagerness to move forward with the trial apace only underscores the need for a stay from this Court to prevent additional hasty disclosure orders from the district court.

## CONCLUSION

For the foregoing reasons, and those given in the government's petition, the Court should grant the petition for writ of mandamus and direct the district court to reverse its waiving ruling, vacate its disclosure orders, and permit the government to claw back its privileged documents. In addition, the Court should grant a stay pending resolution of this petition, and the Court should also grant an immediate administrative stay either pending consideration of the stay motion or at the very least for a reasonable period to permit the Solicitor General an opportunity to seek relief from the Supreme Court if necessary.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
*s/ Amanda L. Mundell*
AMANDA L. MUNDELL
SOPHIA SHAMS
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., NW*
  *Washington, DC 20530*
  *202-353-9018*

JULY 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that this filing complies with the limit of Federal Rule of Appellate Procedure 21(d) because it totals 1878 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). I further certify that this petition complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared using Microsoft Word 2016 in a proportionally spaced typeface, 14-point Garamond font.

*s/ Amanda L. Mundell*
AMANDA L. MUNDELL

# CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2025, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Service has been accomplished via email to the following counsel:

*Counsel for Real-Parties-in-Interest–Plaintiffs:*

Ahilan Arulanantham (arulanantham@law.ucla.edu)
Michael Tremonte (mtremonte@shertremonte.com)
Noam Biale (nbiale@shertremonte.com)
Alexander Abdo (alex.abdo@knightcolumbia.org)
Alexandra Conlon (aconlon@shertremonte.com)
Caroline DeCell (carrie.decell@knightcolumbia.org)
Courtney Gans (cgans@shertremonte.com)
David Jacob Zimmer (dzimmer@zimmercitronclarke.com)
Edwina Bullard Clarke (edwina@zimmercitronclarke.com)
Jackson Thomas Busch (jackson.busch@knightcolumbia.org)
Jameel Jaffer (jameel.jaffer@knightcolumbia.org)
Ramya Krishnan (ramya.krishnan@knightcolumbia.org)
Scott B. Wilkens (scott.wilkens@knightcolumbia.org)
Talya Nevins (talya.nevins@knightcolumbia.org)
Xiangnong Wang (george.wang@knightcolumbia.org)
Yaman Salahi (yaman@salahilaw.com)

The district court has been provided with a copy of this reply in support of the petition for writ of mandamus pursuant Federal Rule of Appellate Procedure 21(a).

                                           *s/ Amanda L. Mundell*
                                           AMANDA L. MUNDELL