No. 25–1658

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

*In re* MARCO RUBIO, et al.,

*Petitioners.*

MARCO RUBIO, in his official capacity as Secretary of State, et al.,

*Petitioners–Defendants,*

v.

U.S. DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS,

*Respondent,*

AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, et al.,

*Real-Parties-in-Interest–Plaintiffs.*

**PLAINTIFFS' SUPPLEMENTAL ANSWER TO PETITION FOR A WRIT OF MANDAMUS AND EMERGENCY MOTION FOR STAY AND IMMEDIATE ADMINISTRATIVE STAY**

Edwina Clarke (BBO 699702)
David Zimmer (BBO 692715)
Zimmer, Citron & Clarke, LLP
130 Bishop Allen Drive
Cambridge, MA 02139
(617) 676-9423
edwina@zimmercitronclarke.com

Noam Biale
Michael Tremonte
Alexandra Conlon
Courtney Gans
Sher Tremonte LLP

Alex Abdo
Ramya Krishnan
Carrie DeCell
Xiangnong Wang
Talya Nevins
Jackson Busch
Stephany Kim
Scott Wilkens
Jameel Jaffer
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115

90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603
nbiale@shertremonte.com
mtremonte@shertremonte.com

(646) 745-8500
alex.abdo@knightcolumbia.org

Ahilan T. Arulanantham (SBN 237841)
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

# Argument

Plaintiffs—the real parties in interest in this mandamus petition—respectfully submit this supplemental answer to the petition filed by Petitioners–Defendants ("the government"), which challenges disclosure orders of the district court. The district court entered those disclosure orders during trial, after reviewing *in camera* submissions by the government of material that was undisputedly responsive to Plaintiffs' targeted discovery requests and central to Plaintiffs' claims. As explained in Plaintiffs' Answer, the district court properly held that (1) the government had waived privileges that it had not actually named, let alone asserted with specificity, and (2) the government's assertion of the law enforcement privilege as to specific documents was overbroad.

Plaintiffs' Answer also explained that, even though the district court's orders were completely justified, Plaintiffs would have no objection if the district court allowed the government on an expedited basis to attempt to identify and assert any applicable privileges with specificity. Since Plaintiffs filed their Answer, the government has done just that—it filed a complete privilege log addressing the documents it submitted *in camera* and invoking apparently every privilege the government believes to be applicable. *Am. Ass'n of Univ. Professors v. Rubio*, No. 1:25-cv-10685-WGY (D. Mass. 2025), ECF No. 196. Accordingly, the district court has all the information it needs to permit the government to press those claims of

privilege, and to then continue its review of those claims on a document-by-document basis. If the Court adopts Plaintiffs' proposal of allowing the district court to do so, that will redress nearly all the government's complaints.

The only remaining relief the government seeks is a claw-back of documents, but that extraordinary relief is unnecessary. The district court has ordered the government to turn over fifteen documents. Even accepting the government's interpretation of the district court's waiver ruling, the mandamus petition concerns only three of those documents. The government withheld the other twelve solely under the law enforcement privilege, ECF No. 131 (Exs. B–K); ECF No. 189 at 3 (entries 2–3), but the district court made absolutely clear that it was not treating that privilege as waived. Instead, it rejected the government's invocation of the law enforcement privilege on the merits. Add. 613, 618–19.

The government does not challenge that determination here, and so its claw-back request concerns the supposedly improper disclosure of only three documents. (And on Plaintiffs' interpretation of the waiver ruling, as applying solely to unnamed privileges invoked over the July 2 submission, the claw-back request applies to only a single document.[1]) For a variety of reasons, the government's invocations of

---

[1] Three documents from the July 2 submission have been turned over to Plaintiffs. Two were withheld solely under the law enforcement privilege. *See* ECF No. 189 at 3 (entries 2–3). One was withheld under that privilege and two other privileges that Defendants only named six days later, after trial had started. *See id.* (entry 4).

2

privilege over these documents are improper. But, in any event, Plaintiffs' counsel are storing these documents securely and for "attorneys' eyes only," and will of course comply with the district court's ultimate resolution of the government's claims. The government's request for immediate claw-back relief is thus unjustified.

For these reasons, the Court should deny the petition and permit the government to press its individualized claims of privilege in the district court. This should suffice to dispose of the government's petition, but Plaintiffs feel obliged to correct the record in a few respects:

***First***, the government's claim that the district court has permitted Plaintiffs to reveal privileged documents in open court is false. *See* Gov't Reply 5. The only documents that Plaintiffs have used in open court are ones as to which the government invoked *only* the law enforcement privilege, but which the district court correctly determined had been improperly withheld under the government's "far too broad a position on what's entitled to the law enforcement privilege." Add. 541. The government does not challenge the district court's rejection of privilege on the merits in its mandamus petition, much less claim that it was "palpably erroneous." *United States v. Horn*, 29 F.3d 754, 769 (1st Cir. 1994). The government cannot be heard to complain, then, that Plaintiffs' reliance on these documents is improper.

***Second***, the government's discussion of the presidential communications privilege is misleading. *See* Gov't Reply 2–3. At one point during the trial, there

3

appeared to be a genuine misunderstanding about whether the only document withheld under that privilege had been ordered disclosed. But when the question was raised, the district court immediately made clear that it had *not* treated the presidential communications privilege as waived. As the court stated: "I am again reading these materials, working with them, and reflecting. And as to the document that you just made reference, it's under advisement. *I have not overruled the privilege.* Nor have I sustained it." Add. 615 (emphasis added). Again during trial on Friday, the court addressed that document: "In view now of the coordinate proceedings in the Court of Appeals, I state that document is not going to be used, disclosed, at all until the court, if ever, until the court has concluded its analysis of the government's assertion of that privilege." July 11 Trial Tr. 5:20–25 (attached as Exhibit A). That document therefore is not at issue in the government's petition; it has not been ordered disclosed. To the extent the government is concerned that the district court *might* order the disclosure of the document, that speculative possibility is not a basis for the extraordinary remedy of mandamus.[2]

---

[2] It would also be a mistake for this Court to take at face value the government's contention that the document is in fact protected by the presidential communications privilege. On Friday, in the context of Plaintiffs' examination of a State Department witness, the government asserted the presidential communications privilege to protect the names of government officials who are members of the Homeland Security Council. July 11 Trial Tr. 44:5–17. As the court was considering how to proceed, Plaintiffs' counsel located the allegedly privileged information on the White House's public website. *See* White House, *National Security Presidential*

4

***Finally***, it is important to understand the mandamus petition in context: the government's defense of its blanket assertion of privilege over the July 2 submission reflects a larger strategy of delay and misdirection in this case. Gov't Reply 3–4.

The government's reply brief suggests that it made the July 2 submission in response to "wide-ranging discovery orders" and that it would have been premature for the government to defend its withholding of these records with specificity. *Id.* This is wrong on both counts. The district court permitted targeted discovery, and Plaintiffs sought that, and only that. *See, e.g.*, Add. 374–77. After successfully stonewalling most of that discovery, the government turned over a grand total of just twenty-five documents. Add. 373.

To justify its withholdings of other relevant material, the government then submitted to the district court for *in camera* review two batches of documents that it claimed were privileged, including the July 2 submission. ECF Nos. 131, 181. With trial set to start only five days later, the government quite obviously should have promptly justified its withholdings with the specificity required of any invocation of privilege. This would have been an easy task, as the July 2 submission totaled only twenty-one documents. ECF No. 196 at 10–15. The government's contrary argument—that it should be permitted to withhold key evidence on the eve of trial

---

*Memorandum* (Jan. 20, 2025), https://perma.cc/AX23-BCRE; July 11 Trial Tr. 56:13–58:3.

based on a single sentence asserting two blanket privileges and gesturing at unspecified others—is meritless. The district court was correct to reject it.

## Conclusion

The Court should deny the petition.

July 13, 2025                                                    Respectfully submitted,

Edwina Clarke (BBO 699702)                  /s/ Alex Abdo
David Zimmer (BBO 692715)                  Alex Abdo
Zimmer, Citron & Clarke, LLP                 Ramya Krishnan
130 Bishop Allen Drive                             Carrie DeCell
Cambridge, MA 02139                             Xiangnong Wang
(617) 676-9423                                          Talya Nevins
edwina@zimmercitronclarke.com           Jackson Busch
                                                                     Stephany Kim
Noam Biale                                                Scott Wilkens
Michael Tremonte                                     Jameel Jaffer
Alexandra Conlon                                     Knight First Amendment Institute
Courtney Gans                                             at Columbia University
Sher Tremonte LLP                                    475 Riverside Drive, Suite 302
90 Broad Street, 23rd Floor                       New York, NY 10115
New York, New York 10004                     (646) 745-8500
(212) 202-2603                                          alex.abdo@knightcolumbia.org
nbiale@shertremonte.com
mtremonte@shertremonte.com              Ahilan T. Arulanantham (SBN
                                                                       237841)
                                                                    Professor from Practice
                                                                    UCLA School of Law
                                                                    385 Charles E. Young Dr. East
                                                                    Los Angeles, CA 90095
                                                                    (310) 825-1029
                                                                    arulanantham@law.ucla.edu

                                                                    *Counsel for Real-Parties-in-Interest–
                                                                       Plaintiffs*

## Certificate of Compliance

This brief complies with the type-volume limit of the Court of Appeals for the First Circuit Local Rules 21(d)(1) and 32(g) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 1,291 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in 14-point Times New Roman font, a proportionally spaced typeface.

/s/ Alex Abdo

Dated: July 13, 2025

## Certificate of Service

I hereby certify that on July 13, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Service has been accomplished via email on the following counsel:

Brett A. Shumate
Eric D. McArthur
Mark R. Freeman
Amanda L. Mundell (amanda.l.mundell@usdoj.gov)
Sophia Shams (sophia.shams@usdoj.gov)

Plaintiffs have provided a copy of this filing to the district court.

/s/ Alex Abdo

Dated: July 13, 2025