# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

USDC Docket Number: 25cv10685-WGY

USCA Docket Number: 25-1658

AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS ET AL

v.

MARCO RUBIO ET AL

## CLERK'S SUPPLEMENTAL CERTIFICATE OF THE RECORD ON APPEAL

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed _____ paper documents __X__ electronic documents:

**Main Documents:**

Document Numbers: ECF NO. 206 - TRANSMITTAL TO THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

**Other Documents:**

Sealed Records:

Document Numbers: _____

*Ex parte* Records:

Document Numbers: _____

are to be included with the record on appeal in the above entitled case.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on JULY 15, 2025_____.

ROBERT M. FARRELL
Clerk of Court

By: /s/MATTHEW A. PAINE _____
Deputy Clerk

Receipt of the documents in the above entitled case is hereby acknowledged this date: _____.

_____
Deputy Clerk, US Court of Appeals

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: <u>1:25−cv−10685−WGY</u>

American Association of University Professors et al v. Rubio et al

Assigned to: Judge William G. Young

 Case in other court:  USCA − First Circuit, 25−01658

Cause: 28:1331 Fed. Question

Date Filed: 03/25/2025
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

| | | |
|---|---|---|
| **American Association of University Professors** | represented by | **Ahilan Arulanantham** |

**American Association of University Professors**

represented by **Ahilan Arulanantham**
American Civil Liberties Union of
Southern California
1313 West 8th Street
Los Angeles, CA 90017
213−977−5211
Fax: 213−977−5297
Email: <u>arulanantham@law.ucla.edu</u>
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
Sher Tremonte LLP
90 Broad Street
23rd Floor
New York, NY 10004
212−202−2603
Fax: 212−202−4156
Email: <u>mtremonte@shertremonte.com</u>
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
Sher Tremonte LLP
90 Broad Street
Ste 23rd Floor
New York, NY 10004
212−202−2600
Email: <u>nbiale@shertremonte.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Ste 302

New York, NY 10115
646−745−8502
Email: alex.abdo@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
Sher Tremonte LLP
90 Broad Street
23rd Floor
New York, NY 10004
212−202−2600
Email: aconlon@shertremonte.com
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646−745−8500
Email: carrie.decell@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Courtney Gans**
Sher Tremonte LLP
90 Broad Street
23rd Floor
New York, NY 10004
212−540−0675
Email: cgans@shertremonte.com
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
Zimmer, Citron & Clarke LLP
130 Bishop Allen Dr.
Cambridge, MA 02139
617−676−9421
Email: dzimmer@zimmercitronclarke.com
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**
Zimmer, Citron & Clarke LLP
130 Bishop Allen Drive
Cambridge, MA 02139
518−637−1311
Email: edwina@zimmercitronclarke.com
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**
Knight First Amendment Institute at
Columbia University

475 Riverside Drive
Suite 302
New York, NY 10115
646−745−8500
Email: jackson.busch@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Jameel Jaffer**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646−745−8503
Email: jameel.jaffer@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Ramya Krishnan**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646−745−8500
Email: ramya.krishnan@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Scott B. Wilkens**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646−745−8500
Email: scott.wilkens@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Talya Nevins**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302
New York, NY 10115
646−745−8500
Email: talya.nevins@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Xiangnong Wang**
Knight First Amendment Institute at
Columbia University
475 Riverside Drive
Suite 302

New York, NY 10115
503−206−2936
Email: george.wang@knightcolumbia.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**American Association of University
Professors−Harvard Faculty Chapter**

represented by **Ahilan Arulanantham**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney Gans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jameel Jaffer**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Ramya Krishnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott B. Wilkens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Talya Nevins**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Xiangnong Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**American Association of University Professors at New York University**       represented by   **Ahilan Arulanantham**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney Gans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jameel Jaffer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ramya Krishnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott B. Wilkens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Talya Nevins**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Xiangnong Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rutgers American Association of University Professors−American Federation of Teachers**

represented by **Ahilan Arulanantham**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**

6

(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney Gans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jameel Jaffer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ramya Krishnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott B. Wilkens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Talya Nevins**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Xiangnong Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
Salahi PC
505 Montgomery St.
Ste 11th Floor
San Francisco, CA 94111

415−236−2352
Email: yaman@salahilaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Middle East Studies Association**          represented by   **Ahilan Arulanantham**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Tremonte**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Noam Biale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander Abdo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Conlon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caroline DeCell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney Gans**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Jacob Zimmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edwina Bullard Clarke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jackson Thomas Busch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jameel Jaffer**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Ramya Krishnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott B. Wilkens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Talya Nevins**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Xiangnong Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Marco Rubio**
*in his official capacity as Secretary of State*

represented by   **Ethan B. Kanter**
DOJ−Civ
P.O. 878
Ben Franklin Station
Washington, DC 20044
202−616−9123
Email: ethan.kanter@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Harry Graver**
DOJ−Civ
950 Pennsylvania Avenue NW
Washington, DC 20530
202−514−2000
Email: harry.graver@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
DOJ−Civ
P.O Box 878
Ben Franklin Station
Washington, DC 20044
202−616−8779
Email: jessica.d.strokus@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
P.O. Box 878, Ben Franklin Station
Washington, DC 20001
202−616−4018

Email: lindsay.m.murphy@usdoj.gov
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
DOJ−Civ
Poc Agostinho, Jean
1100 L St., N.W.
8142
Washington, DC 20530
202−307−0340
Email: nancy.safavi@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
U.S. Dept. of Justice, Civil Division,
Office of Immigration
Ben Franklin Station
P.O. Box 878
Washington, DC 20044
202−405−9647
Email: paul.f.stone@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA 02210
617−748−3100
Fax: 617−748−3971
Email: rayford.farquhar@usdoj.gov
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
DOJ−USAO
1 Courthouse Way
Ste 9200
Boston, MA 02210
617−748−7104
Email: shawna.yen@usdoj.gov
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
DOJ−Civ
Office of Immigration Litigation
PO Box 878
Ben Franklin Station
Washington, DC 20044
202−616−5573

Email: victoria.m.santora@usdoj.gov
*ATTORNEY TO BE NOTICED*

**William Kanellis**
DOJ−Civ
Commercial Litigation Branch
1100 L St NW
Ste 10140
Washington, DC 20530
202−251−4937
Email: dinthemovie@gmail.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Department of State**                    represented by    **Ethan B. Kanter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Kristi Noem**<br>*in her official capacity as Secretary of*<br>*Homeland Security* | represented by | **Ethan B. Kanter**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Department of Homeland Security**          represented by

**Ethan B. Kanter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Todd Lyons**
*in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*

represented by **Ethan B. Kanter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

13

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Donald J. Trump**
*in his official capacity as President of the*
*United States*

represented by **Ethan B. Kanter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

14

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States of America**                    represented by   **Ethan B. Kanter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Harry Graver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessica Danielle Strokus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay M Murphy**
(See above for address)
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Nancy Safavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul F. Stone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rayford A. Farquhar**
(See above for address)
*TERMINATED: 06/01/2025*
*ATTORNEY TO BE NOTICED*

**Shawna Yen**
(See above for address)
*TERMINATED: 07/07/2025*
*ATTORNEY TO BE NOTICED*

**Victoria M Santora**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Kanellis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Council of UC Faculty Associations**    represented by    **Joshua M. Daniels**
The Law Office of Joshua M. Daniels
P.O. Box 300765
Jamaica Plain, MA 02130
617−942−2190
Email: jdaniels@danielsappeals.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arthur Liou**
Leonard Carder, LLP
1999 Harrison Street
Ste 2700
Oakland, CA 94612
510−272−0169
Fax: 510−272−0174
Email: aliou@leonardcarder.com
*ATTORNEY TO BE NOTICED*

**Julia Lum**
Leonard Carder, LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612
510−272−0169
Email: jlum@leonardcarder.com
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
Leonard Carder, LLP
1999 Harrison Street
Suite 2700
Oakland, CA 94612

16

510−272−0169
Fax: 510−272−0174
Email: psaltzman@leonardcarder.com
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
Leonard Carder, LLP
1999 Harrison Street
Suite 2700
Oakland, CA 94612
510−272−0169
Fax: 510−272−0174
Email: pmonrad@leonardcarder.com
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Berkeley Faculty Association**          represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Davis Faculty Association**          represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Irvine Faculty Association**          represented by   **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**UC Merced Faculty Association**       represented by   **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

18

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Riverside Faculty Association**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**San Diego Faculty Association**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**UCSF Faculty Association**            represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**UC Santa Barbara Faculty Association**    represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**

20

(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

| **University of California Los Angeles Faculty Association** | represented by | **Arthur Liou** (See above for address) *ATTORNEY TO BE NOTICED* |

**Ethan B. Kanter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

| **Santa Cruz Faculty Association** | represented by | **Arthur Liou** (See above for address) *ATTORNEY TO BE NOTICED* |

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

| | | |
|---|---|---|
| **University CouncilAmerican Federation of Teachers Local 1474** | represented by | **Arthur Liou**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

| | | |
|---|---|---|
| **Boston University AAUP Chapter** | represented by | **Arthur Liou**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Brown University Chapter of the
AAUP**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Concerned Stanford Faculty**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

23

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Dartmouth College Chapter of the AAUP**          represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Del Mar College Chapter of the AAUP−AFT**          represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Massachusetts Institute of Technology Chapter of the AAUP**　represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**AAUP Princeton**　represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Rice University Advocacy Chapter of the AAUP**    represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Tufts University Chapter of the AAUP**    represented by    **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**University of Houston Chapter of the AAUP**    represented by  **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**John Hopkins University Chapter of the AAUP**    represented by  **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**University of Minnesota Twin Cities Chapter of the AAUP**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Northwestern University Chapter of the AAUP**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**University of Dallas Chapter of the AAUP**                 represented by     **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**AAUP Advocacy Chapter at the University of Texas at Austin**                 represented by     **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**AAUP Advocacy Chapter at the**            represented by **Arthur Liou**
**University of Texas at Dallas**                            (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                             **Joshua M. Daniels**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Julia Lum**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Peter W Saltzman**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Philip Monrad**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Yaman Salahi**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**Yale University Chapter of the AAUP**     represented by **Arthur Liou**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Joshua M. Daniels**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Julia Lum**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Peter W Saltzman**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Philip Monrad**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Wesleyan University Chapter of the**
**AAUP**

represented by **Arthur Liou**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Daniels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Lum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter W Saltzman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Monrad**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yaman Salahi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Commonwealth of Massachusetts**

represented by **David Rassoul Rangaviz**
Massachusetts Attorney General's Office
1 Ashburton Place
Boston, MA 02108
617−963−2816
Email: david.rangaviz@mass.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**The Presidents Alliance on Higher**
**Education and Immigration**

represented by **Joel Anderson Fleming**
Equity Litigation Group LLP
1 Washington Mall #1307
Boston, MA 02108
617−388−0622
Email: jfleming@equitylitigation.com
*ATTORNEY TO BE NOTICED*

**Lauren G. Milgroom**
Equity Litigation Group LLP

1 Washington Mall
#1307
Boston, MA 02108
617−475−0039
Email: lmilgroom@equitylitigation.com
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 03/25/2025 | 1 | COMPLAINT against All Defendants Filing fee: $ 405, receipt number AMADC−10910511 (Fee Status: Filing Fee paid), filed by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Civil Cover Sheet, # 2 Category Form)(Clarke, Edwina) (Entered: 03/25/2025) |
| 03/25/2025 | 2 | Proposed Document(s) submitted by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. Document received: Requests for Summonses. (Attachments: # 1 Request for Summons, # 2 Request for Summons, # 3 Request for Summons, # 4 Request for Summons, # 5 Request for Summons, # 6 Request for Summons, # 7 Request for Summons)(Clarke, Edwina) (Entered: 03/25/2025) |
| 03/25/2025 | 3 | ELECTRONIC NOTICE of Case Assignment. Judge William G. Young assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Jessica D. Hedges. (SEC) (Entered: 03/25/2025) |
| 03/25/2025 | 4 | Summons Issued as to All Defendants. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (JKK) (Entered: 03/25/2025) |
| 03/26/2025 | 5 | MOTION for Leave to Appear Pro Hac Vice for admission of Ramya Krishnan Filing fee: $ 125, receipt number AMADC−10913799 by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 6 | MOTION for Leave to Appear Pro Hac Vice for admission of Carrie DeCell Filing fee: $ 125, receipt number AMADC−10913838 by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 7 | MOTION for Leave to Appear Pro Hac Vice for admission of Alex Abdo Filing fee: $ 125, |

| | | |
|---|---|---|
| | | receipt number AMADC−10913861 by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 8 | MOTION for Leave to Appear Pro Hac Vice for admission of Jameel Jaffer Filing fee: $ 125, receipt number AMADC−10913880 by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 9 | MOTION for Leave to Appear Pro Hac Vice for admission of Xiangnong Wang Filing fee: $ 125, receipt number AMADC−10913909 by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 10 | MOTION for Leave to Appear Pro Hac Vice for admission of Jackson Busch Filing fee: $ 125, receipt number AMADC−10913924 by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration)(Clarke, Edwina) (Entered: 03/26/2025) |
| 03/26/2025 | 11 | Judge William G. Young: ELECTRONIC ORDER entered granting 5 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch. <br><br> **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** <br><br> Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. <br><br> A Notice of Appearance must be entered on the docket by the newly admitted attorney. <br><br> ; granting 6 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch. <br><br> **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** |

Pro Hac Vice Admission Request Instructions
https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

; granting 7 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch.

**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions
https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

; granting 8 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch.

**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions
https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

; granting 9 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch.

**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions
https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

; granting 10 Motion for Leave to Appear Pro Hac Vice Added Ramya Krishnan, Carrie DeCell, Alex Abdo, Jameel Jaffer, Xiangnong Wang, Jackson Busch.

| | | |
|---|---|---|
| | | **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a Pacer account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** <br><br> Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm. <br><br> A Notice of Appearance must be entered on the docket by the newly admitted attorney. <br><br> (MAP) (Entered: 03/26/2025) |
| 04/01/2025 | 12 | NOTICE of Appearance by Ramya Krishnan on behalf of American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association (Krishnan, Ramya) (Entered: 04/01/2025) |
| 04/01/2025 | 13 | MOTION for Preliminary Injunction , MOTION to Expedite *Briefing* ( Responses due by 4/15/2025) by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association.(Krishnan, Ramya) (Entered: 04/01/2025) |
| 04/01/2025 | 14 | MEMORANDUM in Support re 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing* filed by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration of Veena Dubal, # 2 Declaration of Asli U. Bali, # 3 Declaration of Ramya Krishnan, # 4 Exhibit A to Krishnan Declaration, # 5 Exhibit B to Krishnan Declaration, # 6 Exhibit C to Krishnan Declaration, # 7 Exhibit D to Krishnan Declaration, # 8 Exhibit E to Krishnan Declaration, # 9 Exhibit F to Krishnan Declaration, # 10 Exhibit G to Krishnan Declaration, # 11 Exhibit H to Krishnan Declaration, # 12 Exhibit I to Krishnan Declaration, # 13 Exhibit J to Krishnan Declaration, # 14 Exhibit K to Krishnan Declaration, # 15 Exhibit L to Krishnan Declaration, # 16 Exhibit M to Krishnan Declaration, # 17 Exhibit N to Krishnan Declaration, # 18 Exhibit O to Krishnan Declaration, # 19 Exhibit P to Krishnan Declaration, # 20 Exhibit Q to Krishnan Declaration, # 21 Exhibit R to Krishnan Declaration, # 22 Exhibit S to Krishnan Declaration, # 23 Exhibit T to Krishnan Declaration, # 24 Exhibit U to Krishnan Declaration, # 25 Exhibit V to Krishnan Declaration, # 26 Exhibit W to Krishnan Declaration, # 27 Exhibit X to Krishnan Declaration, # 28 Exhibit Y to Krishnan Declaration, # 29 Exhibit Z to Krishnan Declaration, # 30 Exhibit AA to Krishnan Declaration, # 31 Exhibit BB to Krishnan Declaration, # 32 Exhibit CC to Krishnan Declaration, # 33 Exhibit DD to Krishnan Declaration, # 34 Exhibit EE to Krishnan Declaration, # 35 Exhibit FF to Krishnan Declaration, # 36 Exhibit GG to Krishnan Declaration, # 37 Exhibit HH to Krishnan Declaration, # 38 Exhibit II to Krishnan Declaration)(Krishnan, Ramya) (Entered: 04/01/2025) |
| 04/02/2025 | 15 | ELECTRONIC NOTICE issued requesting PAPER courtesy copy for 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing*, 14 Memorandum in Support of |

| | | |
|---|---|---|
| | | Motion. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office by Attention Matthew Paine − Docket Clerk − Judge Young. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (MAP) (Entered: 04/02/2025) |
| 04/02/2025 | 16 | Judge William G. Young: ELECTRONIC ORDER entered re 13 MOTION for Preliminary Injunction, MOTION to Expedite Briefing. In view of the profound constitutional questions raised by this complaint, the public interest strongly favors prompt adjudication and expedited briefing is warranted. Accordingly, responsive briefs and affidavits shall be filed no later than noon April 21, 2025 (sooner is better) and the motion for preliminary injunction shall be heard at 10:00 a.m. in Courtroom 18 on Wednesday, April 23,2025.(KB) (Entered: 04/02/2025) |
| 04/02/2025 | 17 | ELECTRONIC NOTICE Setting Hearing on Motion 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing* : Motion Hearing set for 4/23/2025 10:00 AM in Courtroom 18 (In person only) before Judge William G. Young. Counsel for plaintiffs shall notify defense counsel of hearing date. (KB) (Entered: 04/02/2025) |
| 04/02/2025 | 18 | NOTICE of Appearance by Rayford A. Farquhar on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Farquhar, Rayford) (Entered: 04/02/2025) |
| 04/03/2025 | 19 | NOTICE of Appearance by Caroline DeCell on behalf of American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association (DeCell, Caroline) (Entered: 04/03/2025) |
| 04/03/2025 | 20 | NOTICE of Appearance by Jameel Jaffer on behalf of American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association (Jaffer, Jameel) (Entered: 04/03/2025) |
| 04/03/2025 | 21 | NOTICE of Appearance by Alexander Abdo on behalf of American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association (Abdo, Alexander) (Entered: 04/03/2025) |
| 04/03/2025 | 22 | NOTICE of Appearance by Xiangnong Wang on behalf of American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association (Wang, Xiangnong) (Entered: 04/03/2025) |
| 04/03/2025 | 23 | NOTICE of Appearance by Jackson Thomas Busch on behalf of American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association (Busch, Jackson) (Entered: 04/03/2025) |
| 04/04/2025 | 24 | NOTICE of Appearance by Ethan B. Kanter on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Kanter, Ethan) (Entered: 04/04/2025) |

| 04/07/2025 | 25 | SUMMONS Returned Executed Marco Rubio. (Krishnan, Ramya)<br><br>**Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).**<br><br>(Entered: 04/07/2025) |
|---|---|---|
| 04/07/2025 | 26 | SUMMONS Returned Executed Department of State.. (Krishnan, Ramya)<br><br>**Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).**<br><br>(Entered: 04/07/2025) |
| 04/07/2025 | 27 | SUMMONS Returned Executed Kristi Noem (Krishnan, Ramya)<br><br>**Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).**<br><br>(Entered: 04/07/2025) |
| 04/07/2025 | 28 | SUMMONS Returned Executed Department of Homeland Security. (Krishnan, Ramya)<br><br>**Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).**<br><br>(Entered: 04/07/2025) |
| 04/07/2025 | 29 | SUMMONS Returned Executed Todd Lyons (Krishnan, Ramya)<br><br>**Modified on 4/7/2025 to Correct Docket Text and Answer Deadlines as Counsel Filed the Returns of Service Under the Wrong Event in CM/ECF NexGen. (MAP).**<br><br>(Entered: 04/07/2025) |
| 04/07/2025 | 30 | SUMMONS Returned Executed by American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. (Krishnan, Ramya) (Entered: 04/07/2025) |
| 04/08/2025 | 31 | Joint MOTION for a Briefing Schedule re 16 Order on Motion to Expedite,, by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association.(Krishnan, Ramya) (Entered: 04/08/2025) |
| 04/08/2025 | 32 | MOTION for Leave to Appear Pro Hac Vice for admission of Ahilan Arulanantham Filing fee: $ 125, receipt number AMADC−10939863 by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration of A. Arulanantham)(Clarke, Edwina) (Entered: |

| | | |
|---|---|---|
| | | 04/08/2025) |
| 04/08/2025 | 33 | Judge William G. Young: ELECTRONIC ORDER entered granting 32 Motion for Leave to Appear Pro Hac Vice Added Ahilan Arulanantham. <br><br>**Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at https://www.mad.uscourts.gov/caseinfo/nextgen−current−pacer−accounts.htm#link−account. <br><br>(MAP) (Entered: 04/08/2025) |
| 04/08/2025 | 34 | Amicus Curiae APPEARANCE entered by Joshua M. Daniels on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP−AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Daniels, Joshua) <br><br>**Modified on 4/9/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Daniels Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen. (MAP).** <br><br>(Entered: 04/08/2025) |
| 04/08/2025 | 35 | MOTION for Leave to Appear Pro Hac Vice for admission of Yaman Salahi, Philip Monrad, Peter Saltzman, Arthur Liou, Julia Lum, Filing fee: $ 625, receipt number AMADC−10941087 by Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP−AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, |

| | | |
|---|---|---|
| | | Wesleyan University Chapter of the AAUP. (Attachments: # 1 Exhibit Exhibit A − PHV Attorney Declarations)(Daniels, Joshua) (Entered: 04/08/2025) |
| 04/08/2025 | 36 | MOTION for Leave to File *[Proposed] Amici Curiae Brief in Support of Plaintiffs' Motion for Preliminary Injunction* by Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University CouncilAmerican Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP−AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP. (Attachments: # 1 [Proposed] Amici Curiae Brief in Support of Plaintiffs' Motion for Preliminary Injunction)(Daniels, Joshua) (Entered: 04/08/2025) |
| 04/09/2025 | 37 | Judge William G. Young: ELECTRONIC ORDER entered granting 31 Joint MOTION for a Briefing Schedule re 16 Order on Motion to Expedite,, by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. (KB) (Entered: 04/09/2025) |
| 04/09/2025 | 38 | SUMMONS Returned Executed by American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. (Krishnan, Ramya) (Entered: 04/09/2025) |
| 04/09/2025 | 39 | Judge William G. Young: ELECTRONIC ORDER entered granting 36 MOTION for Leave to File Amicus Curiae Brief; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include − Leave to file granted on (date of order)− in the caption of the document. (MAP) (Entered: 04/09/2025) |
| 04/09/2025 | 40 | Amicus Curiae APPEARANCE entered by David Rassoul Rangaviz on behalf of Commonwealth of Massachusetts. (Rangaviz, David) **Modified on 4/9/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Rangaviz Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen. (MAP).** (Entered: 04/09/2025) |
| 04/09/2025 | 41 | MOTION for Leave to File *Brief of Amici Curiae States (Unopposed)* by COMMONWEALTH OF MASSACHUSETTS.(Rangaviz, David) (Entered: 04/09/2025) |
| 04/09/2025 | 42 | |

| | | |
|---|---|---|
| | | Judge William G. Young: ELECTRONIC ORDER entered granting <u>35</u> Motion for Leave to Appear Pro Hac Vice Added Yaman Salahi, Philip Monrad, Peter Saltzman, Arthur Liou, and Julia Lum.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at <u>https://pacer.uscourts.gov/register−account</u>. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions<br><u>https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm</u>.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 04/09/2025) |
| 04/09/2025 | <u>43</u> | AMICUS BRIEF filed by Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University CouncilAmerican Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP−AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP *Leave Granted 04/09/2025*. (Daniels, Joshua) (Entered: 04/09/2025) |
| 04/09/2025 | <u>44</u> | NOTICE of Appearance by Lindsay M Murphy on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Murphy, Lindsay) (Entered: 04/09/2025) |
| 04/09/2025 | <u>45</u> | Amicus Curiae APPEARANCE entered by Lauren G. Milgroom on behalf of The Presidents Alliance on Higher Education and Immigration (Milgroom, Lauren)<br><br>**Modified on 4/9/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Milgroom Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen. (MAP).**<br><br>(Entered: 04/09/2025) |
| 04/09/2025 | <u>46</u> | MOTION for Leave to File *[Proposed] Brief of Amicus Curiae* by The Presidents Alliance on Higher Education and Immigration. (Attachments: # <u>1</u> [Proposed] Brief of Amicus Curiae The Presidents' Alliance on Higher Education and Immigration in Support of Plaintiffs' Motion for a Preliminary Injunction)(Milgroom, Lauren) (Entered: 04/09/2025) |

| 04/09/2025 | 47 | Amicus Curiae APPEARANCE entered by Joel Anderson Fleming on behalf of The Presidents Alliance on Higher Education and Immigration. (Fleming, Joel) (Entered: 04/09/2025) |
| --- | --- | --- |
| 04/10/2025 | 48 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 41 MOTION for Leave to File Brief of Amici Curiae States (Unopposed) ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include − Leave to file granted on (date of order)− in the caption of the document. (MAP) (Entered: 04/10/2025) |
| 04/10/2025 | 49 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 46 MOTION for Leave to File of Amicus Curiae Brief; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include − Leave to file granted on (date of order)− in the caption of the document. (MAP) (Entered: 04/10/2025) |
| 04/10/2025 | 50 | AMICUS BRIEF filed by The Presidents Alliance on Higher Education and Immigration . (Milgrom, Lauren) (Entered: 04/10/2025) |
| 04/10/2025 | 51 | Amicus Curiae APPEARANCE entered by Yaman Salahi on behalf of Council of UC Faculty Associations, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP−AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP, Rutgers American Association of University Professors−American Federation of Teachers (Salahi, Yaman) <br><br>**Modified on 4/11/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Salahi Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen. (MAP). (Entered: 04/10/2025)** |
| 04/10/2025 | 52 | MOTION for Leave to Appear Pro Hac Vice for admission of Zachary Smith Filing fee: $ 125, receipt number AMADC−10945533 by The Presidents Alliance on Higher Education and Immigration. (Attachments: # 1 Affidavit)(Milgrom, Lauren) (Entered: 04/10/2025) |
| 04/10/2025 | 53 | MOTION for Leave to Appear Pro Hac Vice for admission of Kayla Chen Filing fee: $ 125, receipt number AMADC−10945552 by The Presidents Alliance on Higher Education and Immigration. (Attachments: # 1 Affidavit)(Milgrom, Lauren) (Entered: 04/10/2025) |
| 04/10/2025 | 54 | MOTION for Leave to Appear Pro Hac Vice for admission of Andrew Dunlap Filing fee: $ 125, receipt number AMADC−10945600 by The Presidents Alliance on Higher Education and Immigration. (Attachments: # 1 Affidavit Affidavit in Support of Motion to Admit Andrew Dunlap Pro Hac Vice)(Milgrom, Lauren) (Entered: 04/10/2025) |
| 04/11/2025 | 55 | Judge William G. Young: ELECTRONIC ORDER entered granting 52 Motion for Leave to Appear Pro Hac Vice Added Zachary Smith. |

| | | |
|---|---|---|
| | | **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions<br>https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm.<br><br>An Amicus Curiae APPEARANCE must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 04/11/2025) |
| 04/11/2025 | 56 | Judge William G. Young: ELECTRONIC ORDER entered granting 53 Motion for Leave to Appear Pro Hac Vice Added Kayla Chen.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions<br>https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm.<br><br>An Amicus Curiae APPEARANCE must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 04/11/2025) |
| 04/11/2025 | 57 | Judge William G. Young: ELECTRONIC ORDER entered granting 54 Motion for Leave to Appear Pro Hac Vice Added Andrew Dunlap.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions<br>https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm.<br><br>An Amicus Curiae APPEARANCE must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 04/11/2025) |
| 04/11/2025 | 58 | Amicus Curiae APPEARANCE entered by Julia Lum on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty |

|  |  |  |
|---|---|---|
|  |  | Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP−AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Lum, Julia) (MAP).<br><br>**Modified on 4/13/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Lum Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen.**<br><br>(Entered: 04/11/2025) |
| 04/11/2025 | 59 | Amicus Curiae APPEARANCE entered by Arthur Liou on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP−AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Liou, Arthur)<br><br>**Modified on 4/13/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Liou Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen.**<br><br>(Entered: 04/11/2025) |
| 04/11/2025 | 60 | AMICUS BRIEF filed by Commonwealth of Massachusetts *and 18 other states*. (Rangaviz, David) (Entered: 04/11/2025) |
| 04/11/2025 | 61 | Amicus Curiae APPEARANCE entered by Philip Monrad on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University CouncilAmerican Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the |

| | | |
|---|---|---|
| | | AAUP−AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Monrad, Philip)<br><br>**Modified on 4/13/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Monrad Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen.**<br><br>(Entered: 04/11/2025) |
| 04/11/2025 | 62 | Amicus Curiae APPEARANCE entered by Peter W Saltzman on behalf of Council of UC Faculty Associations, Berkeley Faculty Association, Davis Faculty Association, Irvine Faculty Association, UC Merced Faculty Association, Riverside Faculty Association, San Diego Faculty Association, UCSF Faculty Association, UC Santa Barbara Faculty Association, University of California Los Angeles Faculty Association, Santa Cruz Faculty Association, University Council American Federation of Teachers Local 1474, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Concerned Stanford Faculty, Dartmouth College Chapter of the AAUP, Del Mar College Chapter of the AAUP−AFT, Massachusetts Institute of Technology Chapter of the AAUP, AAUP Princeton, Rice University Advocacy Chapter of the AAUP, Tufts University Chapter of the AAUP, University of Houston Chapter of the AAUP, John Hopkins University Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Northwestern University Chapter of the AAUP, University of Dallas Chapter of the AAUP, AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, Yale University Chapter of the AAUP, Wesleyan University Chapter of the AAUP (Saltzman, Peter)<br><br>**Modified on 4/13/2025 to Correct Docket Text and CM/ECF Filing Event As Counsel Saltzman Filed the Notice of Appearance Under the Wrong Event in CM/ECF NextGen.**<br><br>(Entered: 04/11/2025) |
| 04/14/2025 | 63 | MOTION for Leave to Appear Pro Hac Vice for admission of Talya Nevins Filing fee: $ 125, receipt number AMADC−10949148 by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration of T. Nevins)(Clarke, Edwina) (Entered: 04/14/2025) |
| 04/14/2025 | 64 | Judge William G. Young: ELECTRONIC ORDER entered granting 63 Motion for Leave to Appear Pro Hac Vice Added Talya Nevins.<br><br><span style="color:red">Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be</span> |

| | | |
|---|---|---|
| | | **rejected.**<br><br>Pro Hac Vice Admission Request Instructions<br>https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 04/14/2025) |
| 04/14/2025 | 65 | MEMORANDUM in Opposition re 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing* filed by Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security. (Attachments: # 1 Exhibit Declaration, # 2 Exhibit Declaration)(Kanter, Ethan) (Entered: 04/14/2025) |
| 04/15/2025 | 66 | NOTICE of Appearance by David Jacob Zimmer on behalf of American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association (Zimmer, David) (Entered: 04/15/2025) |
| 04/15/2025 | 67 | NOTICE of Appearance by Talya Nevins on behalf of American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association (Nevins, Talya) (Entered: 04/15/2025) |
| 04/18/2025 | 68 | ~~REPLY to Response to 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing* filed by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Supplemental Declaration of R. Krishnan, # 2 Ex. A, # 3 Ex. B, # 4 Ex. C, # 5 Ex. D, # 6 Ex. E, # 7 Ex. F, # 8 Ex. G, # 9 Ex. H)(Krishnan, Ramya)~~ Modified on 4/21/2025 as Counsel filed a Corrected Version of the Reply − See ECF No. 69 (MAP). Modified on 4/21/2025 (MAP). (Entered: 04/18/2025) |
| 04/18/2025 | 69 | REPLY to Response to 13 MOTION for Preliminary Injunction MOTION to Expedite *Briefing (corrected pdf)* filed by American Association of University Professors, American Association of University Professors−Harvard Faculty Chapter, American Association of University Professors at New York University, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association. (Attachments: # 1 Declaration of Ramya Krishnan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H)(Krishnan, Ramya) (Entered: 04/18/2025) |
| 04/21/2025 | 70 | NOTICE of Appearance by Harry Graver on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Graver, Harry) (Entered: 04/21/2025) |
| 04/23/2025 | 71 | NOTICE of Appearance by Shawna Yen on behalf of Todd Lyons, Donald J. Trump, United States of America, Marco Rubio, Department of State, Kristi Noem, Department of Homeland Security (Yen, Shawna) (Entered: 04/23/2025) |
| 04/23/2025 | 72 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 4/23/2025 re 13 MOTION for Preliminary Injunction filed by American |

| | | |
|---|---|---|
| | | Association of University Professors−Harvard Faculty Chapter, Rutgers American Association of University Professors−American Federation of Teachers, Middle East Studies Association, American Association of University Professors, American Association of University Professors at New York University. The Court enters an order on # [13](#) Motion for Preliminary Injunction; the motion is collapsed with trial on the merits in accordance with Rule 65(a). The parties agree to treat defendants' opposition as a motion to dismiss and wish to proceed with argument today. Court hears argument on the opposition treated as a motion to dismiss. Court takes the matter under advisement. The Court will issue a written order on the motion to dismiss. If the case survives the motion, the Court will hold a prompt status conference to discuss the trial. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Ramya Krishnan, Jameel Jaffer, Talya Nevins, Caroline DeCell for plaintiffs and Harry Graver and Shawna Yen for defendants) (KB) (Entered: 04/23/2025) |
| 04/29/2025 | [73](#) | Judge William G. Young: ORDER entered.<br><br>MEMORANDUM AND ORDER<br><br>For the reasons stated above, the Motion to Dismiss is ALLOWED in part as to count three and DENIED in part as to counts one, two, and four.<br><br>A case management conference is set for Tuesday, May 6, 2025 at 10 a.m.<br><br>(Sonnenberg, Elizabeth) (Entered: 04/29/2025) |
| 04/29/2025 | 74 | ELECTRONIC NOTICE of Hearing. Case Management Conference set for 5/6/2025 10:00 AM in Courtroom 18 (In person only with remote access provided) before Judge William G. Young. (KB) (Entered: 04/29/2025) |
| 04/30/2025 | [75](#) | Transcript of Preliminary Injunction/Motion to Dismiss Hearing held on April 23, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 5/21/2025. Redacted Transcript Deadline set for 6/2/2025. Release of Transcript Restriction set for 7/29/2025. (DRK) (Entered: 04/30/2025) |
| 04/30/2025 | 76 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above−captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 04/30/2025) |
| 05/05/2025 | [77](#) | MOTION for Leave to Appear Pro Hac Vice for admission of Scott Wilkens Filing fee: $ 125, receipt number AMADC−10987709 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # [1](#) Declaration of S. Wilkens)(Clarke, Edwina) (Entered: 05/05/2025) |
| 05/05/2025 | 78 | Judge William G. Young: ELECTRONIC ORDER entered granting [77](#) Motion for Leave to Appear Pro Hac Vice Added Scott Wilkens.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register** |

| | | |
|---|---|---|
| | | **for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 05/05/2025) |
| 05/05/2025 | 79 | MOTION for Leave to Appear Pro Hac Vice for admission of Noam Biale Filing fee: $ 125, receipt number AMADC−10989695 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Delaration of N. Biale)(Clarke, Edwina) (Entered: 05/05/2025) |
| 05/05/2025 | 80 | MOTION for Leave to Appear Pro Hac Vice for admission of Michael Tremonte Filing fee: $ 125, receipt number AMADC−10989707 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Declaration of M. Tremonte)(Clarke, Edwina) (Entered: 05/05/2025) |
| 05/05/2025 | 81 | Judge William G. Young: ELECTRONIC ORDER entered granting 79 Motion for Leave to Appear Pro Hac Vice Added Noam Biale.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 05/05/2025) |
| 05/05/2025 | 82 | Judge William G. Young: ELECTRONIC ORDER entered granting 80 Motion for Leave to Appear Pro Hac Vice Added Michael Tremonte.<br><br>**Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at |

| | | |
|---|---|---|
| | | https://www.mad.uscourts.gov/caseinfo/nextgen−current−pacer−accounts.htm#link−account. (MAP) (Entered: 05/05/2025) |
| 05/06/2025 | 83 | NOTICE of Appearance by Scott B. Wilkens on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers (Wilkens, Scott) (Entered: 05/06/2025) |
| 05/06/2025 | 84 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Case Management Conference held on 5/6/2025. Court discusses case and expectations for the bench trial. After hearing from the parties, the Court sets the bench trial for July 7, 2025 at 9:00 AM. For trials the Court generally sits from 9am− 1pm. The Court will take witnesses out of order if necessary. Defendants do not need to file a formal answer. The Court will hold a status hearing Thursday May 22, 2025, at 2:00PM in Courtroom 18 (In person only with remote access provided). (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Ramya Krishnan, Jameel Jaffer, Scott B. Wilkens, Noam Biale, and Michael Tremonte for plaintiffs and Shawna Yen for the defendants) (KB) (Entered: 05/06/2025) |
| 05/06/2025 | 85 | NOTICE of Appearance by Noam Biale on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers (Biale, Noam) (Entered: 05/06/2025) |
| 05/06/2025 | 86 | NOTICE of Appearance by Michael Tremonte on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers (Tremonte, Michael) (Entered: 05/06/2025) |
| 05/08/2025 | 87 | Transcript of Case Management Conference held on May 6, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 5/29/2025. Redacted Transcript Deadline set for 6/9/2025. Release of Transcript Restriction set for 8/6/2025. (DRK) (Entered: 05/08/2025) |
| 05/08/2025 | 88 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above−captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 05/08/2025) |
| 05/14/2025 | 89 | ELECTRONIC NOTICE OF RESCHEDULING: Status Conference reset for 5/22/2025 02:45 PM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. **Note: change is to time only!** (KB) (Entered: 05/14/2025) |
| 05/21/2025 | 90 | NOTICE of Appearance by Lindsay M Murphy on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Murphy, Lindsay) (Entered: 05/21/2025) |
| 05/21/2025 | 91 | MOTION MOTION TO APPEAR REMOTELY AT HEARING, OR ALTERNATIVELY, STAY HEARING UNTIL COUNSEL IS AVAILABLE FOR IN−PERSON APPEARANCE |

| | | |
|---|---|---|
| | | by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Murphy, Lindsay) (Entered: 05/21/2025) |
| 05/21/2025 | 92 | Judge William G. Young: ELECTRONIC ORDER entered granting 91 MOTION TO APPEAR REMOTELY AT HEARING, OR ALTERNATIVELY, STAY HEARING UNTIL COUNSEL IS AVAILABLE FOR IN−PERSON APPEARANCE by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Counsel may appear remotely for the 5/22/2025 hearing. (KB) (Entered: 05/21/2025) |
| 05/21/2025 | 93 | NOTICE of Withdrawal of Appearance by Lindsay M Murphy (Murphy, Lindsay) (Entered: 05/21/2025) |
| 05/21/2025 | 94 | MOTION for Protective Order *and Motion to Dispense With Rule 65(a) Trial on the Merits* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 05/21/2025) |
| 05/21/2025 | 95 | Letter/request (non−motion) from Noam Biale *re: status of discovery.* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Biale, Noam) (Entered: 05/21/2025) |
| 05/22/2025 | 96 | NOTICE of Appearance by William Kanellis on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanellis, William) (Entered: 05/22/2025) |
| 05/22/2025 | 97 | Letter/request (non−motion) from Ramya Krishnan *re: Defendants' Motion for a Protective Order and Motion to Dispense with Rule 65(a) Trial on the Merits.* (Krishnan, Ramya) (Entered: 05/22/2025) |
| 05/22/2025 | 98 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Status Conference held on 5/22/2025. Court addresses how the case will proceed. Parties are not to file letters going forward. They may file the appropriate motion or opposition etc. The Court will consider all motions filed in this case as emergency motions and oppositions shall be filed within three business days. Defendants shall produce full administrative record as discussed by noon on Thursday, May 27th and the Court will review it. The Court sets a motion hearing on #94 MOTION for Protective Order and Motion to Dispense With Rule 65(a) Trial on the Merits for June 2, 2025 at 11am. Discovery will be produced related to five people named by plaintiffs in Court. Defendants will produce documents already produced in other cases by noon Thursday, May 29th. Parties discuss trial logistics. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Ramya Krishnan, Noam Biale, Michael Tremonte, Alexander Abdo, Jameel Jaffer, Scott B. Wilkens for plaintiffs and Ethan B. Kanter and William Kanellis for defendants) (KB) (Entered: 05/22/2025) |
| 05/22/2025 | 99 | ELECTRONIC NOTICE Setting Hearing on Motion 94 MOTION for Protective Order *and Motion to Dispense With Rule 65(a) Trial on the Merits*. Motion Hearing set for 6/2/2025 11:00 AM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html. <br><br> For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here. |

| | | |
|---|---|---|
| | | (KB) (Entered: 05/22/2025) |
| 05/22/2025 | 100 | MOTION for Leave to Appear Pro Hac Vice for admission of Courtney Gans Filing fee: $ 125, receipt number AMADC−11026223 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Declaration of C. Gans)(Clarke, Edwina) (Entered: 05/22/2025) |
| 05/23/2025 | 101 | Judge William G. Young: ELECTRONIC ORDER entered granting 100 Motion for Leave to Appear Pro Hac Vice Added Courtney Gans.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(MAP) (Entered: 05/23/2025) |
| 05/28/2025 | 102 | Transcript of Status Conference held on May 22, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 6/18/2025. Redacted Transcript Deadline set for 6/30/2025. Release of Transcript Restriction set for 8/26/2025. (DRK) (Entered: 05/28/2025) |
| 05/28/2025 | 103 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above−captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 05/28/2025) |
| 05/28/2025 | 104 | ELECTRONIC NOTICE Resetting Hearing on Motion 94 MOTION for Protective Order *and Motion to Dispense With Rule 65(a) Trial on the Merits* : At request of the parties the Motion Hearing is reset for 6/2/2025 12:00 PM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. **Note: change is to time only! Audio access to the hearing may be available to the media and public. Please check the Court schedule. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.**<br><br>For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact the session here.<br><br>**(KB) (Entered: 05/28/2025)** |
| 05/29/2025 | 105 | MOTION to Seal by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 |

| | | Text of Proposed Order)(Kanter, Ethan) (Entered: 05/29/2025) |
|---|---|---|
| 05/29/2025 | 106 | Certified Administrative Record by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanter, Ethan) Modified on 5/29/2025 (MAP). (Entered: 05/29/2025) |
| 05/29/2025 | 107 | Assented to MOTION Unopposed motion to file administrative record out of time re 106 Notice (Other) by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 05/29/2025) |
| 05/29/2025 | 108 | NOTICE of Appearance by Courtney Gans on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers (Gans, Courtney) (Entered: 05/29/2025) |
| 05/30/2025 | 109 | NOTICE of Appearance by Paul F. Stone on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Stone, Paul) (Entered: 05/30/2025) |
| 05/30/2025 | 110 | NOTICE of Withdrawal of Appearance by Rayford A. Farquhar (Farquhar, Rayford) (Entered: 05/30/2025) |
| 06/02/2025 | 111 | Judge William G. Young ELECTRONIC ORDER entered: **allowed** 107 Motion Assented to MOTION Unopposed motion to file administrative record out of time (MAP) (Entered: 06/02/2025) |
| 06/02/2025 | 112 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Motion Hearing held on 6/2/2025 re 94 MOTION for Protective Order *and Motion to Dispense With Rule 65(a) Trial on the Merits* filed by Kristi Noem, Department of Homeland Security, Department of State, Marco Rubio, Todd Lyons, United States of America, Donald J. Trump. Court hears from parties about whether they have agreed upon protective order. Plaintiffs agree to provisionally sealing admin record. Administrative record has been filed under seal. Court hears argument on the motion. Court denies the motion. The Court will proceed to trial on July 7th. Court to set final pretrial conference in late June. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexander Abdo, Caroline DeCell, Courtney Gains, for plaintiffs and Ethan Kanter, Shawna Yen, and William Kanellis for defendants) (KB) (Entered: 06/03/2025) |
| 06/03/2025 | 113 | ELECTRONIC NOTICE of Hearing. Final Pretrial Conference set for 6/26/2025 03:00 PM in Courtroom 18 (In person only with remote access provided) before Judge William G. Young. (KB) (Entered: 06/03/2025) |
| 06/04/2025 | 114 | MOTION for Protective Order *Barring Retaliation and Restricting Defendants' Use of Information Disclosed in the Course of Litigation* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Busch, Jackson) (Entered: 06/04/2025) |
| 06/05/2025 | 115 | Transcript of Motion Hearing held on June 2, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: |

| | | |
|---|---|---|
| | | Richard Romanow at rhr3tubas@aol.com. Redaction Request due 6/26/2025. Redacted Transcript Deadline set for 7/7/2025. Release of Transcript Restriction set for 9/3/2025. (DRK) (Entered: 06/05/2025) |
| 06/05/2025 | 116 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above−captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 06/05/2025) |
| 06/07/2025 | 117 | MOTION for Protective Order *To Preclude Discovery That Contradicts Limitations Set By The Court* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Kanellis, William) (Entered: 06/07/2025) |
| 06/09/2025 | 118 | Opposition re 117 MOTION for Protective Order *To Preclude Discovery That Contradicts Limitations Set By The Court* filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Declaration of S. Wilkens, # 2 Exhibit A to Declaration of S. Wilkens)(Wilkens, Scott) (Entered: 06/09/2025) |
| 06/09/2025 | 119 | RESPONSE to Motion re 114 MOTION for Protective Order *Barring Retaliation and Restricting Defendants' Use of Information Disclosed in the Course of Litigation* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Kanter, Ethan) (Entered: 06/09/2025) |
| 06/10/2025 | 120 | MOTION for Leave to File by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Additional attachment(s) added on 6/10/2025: # 1 Exhibit A) (MAP). (Main Document 120 replaced on 6/10/2025) (MAP). (Entered: 06/10/2025) |
| 06/10/2025 | 121 | MOTION for Leave to Appear Pro Hac Vice for admission of Alexandra Conlon Filing fee: $ 125, receipt number AMADC−11059277 by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Declaration of A. Conlon)(Clarke, Edwina) (Entered: 06/10/2025) |
| 06/10/2025 | 122 | Judge William G. Young: ELECTRONIC ORDER entered granting 121 Motion for Leave to Appear Pro Hac Vice Added Alexandra Conlon.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register−account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen−pro−hac−vice.htm<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney. |

| | | |
|---|---|---|
| | | (MAP) (Entered: 06/10/2025) |
| 06/10/2025 | 123 | MOTION for Leave to File *Reply* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 [Proposed] Reply)(Busch, Jackson) (Entered: 06/10/2025) |
| 06/10/2025 | 124 | Judge William G. Young ELECTRONIC ORDER entered: 114 MOTION for Protective Order Barring Retaliation and Restricting Defendants' Use of Information Disclosed in the Course of Litigation.<br><br>**No noncitizen providing evidence shall, by reason thereof, suffer any adjustment in their immigration status.**<br><br>(MAP) (Entered: 06/10/2025) |
| 06/10/2025 | 125 | Judge William G. YoungELECTRONIC ORDER entered: 117 MOTION for Protective Order To Preclude Discovery That Contradicts Limitations Set By The Court.<br><br>**The defendant's misquote the plaintiffs' discovery requests in seeking a protective order. The plaintiffs nowhere seek governmental deliberations. Nevertheless, the plaintiffs' requests are overbroad in that they seek data on 9 specific individuals. Request for production 1 is limited to the 5 individuals named in the recent hearing and the word "concerning" is substituted for the phrase "related to." In all other respects the motion for a protective order is DENIED.**<br><br>(MAP) (Entered: 06/10/2025) |
| 06/10/2025 | 126 | Joint MOTION Enter Stipulation and Proposed Order Regarding Statements of Government Officials by American Association of University Professors, Middle East Studies Association. (Attachments: # 1 Text of Proposed Order, # 2 Appendix Certificate of Service)(Biale, Noam) (Entered: 06/10/2025) |
| 06/10/2025 | 127 | NOTICE of Appearance by Victoria M Santora on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Santora, Victoria) (Entered: 06/10/2025) |
| 06/11/2025 | 128 | MOTION for Protective Order *for the Production of Documents and Exchange of Confidential Information* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Exhibit A)(Wilkens, Scott) (Entered: 06/11/2025) |
| 06/11/2025 | 129 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 123 MOTION for Leave to File Reply ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include − Leave to file granted on (date of order)− in the caption of the document. (MAP) (Entered: 06/11/2025) |
| 06/11/2025 | 130 | Judge William G. Young ORDER entered: STIPULATION AND ORDER.(MAP) (Entered: 06/11/2025) |
| 06/11/2025 | 131 | |

| | | |
|---|---|---|
| | | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanter, Ethan) (Entered: 06/11/2025) |
| 06/11/2025 | 132 | REPLY to Response to 114 MOTION for Protective Order *Barring Retaliation and Restricting Defendants' Use of Information Disclosed in the Course of Litigation* filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Busch, Jackson) (Entered: 06/11/2025) |
| 06/11/2025 | 133 | Joint MOTION for Order by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Text of Proposed Order)(Kanter, Ethan) (Entered: 06/11/2025) |
| 06/11/2025 | 134 | NOTICE of Appearance by Alexandra Conlon on behalf of American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers (Conlon, Alexandra) (Entered: 06/11/2025) |
| 06/11/2025 | 135 | RESPONSE to Motion re 128 MOTION for Protective Order *for the Production of Documents and Exchange of Confidential Information* filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Kanter, Ethan) (Additional attachment(s) added on 6/12/2025: # 1 Exhibit A, # 2 Exhibit B) (MAP). (Main Document 135 replaced on 6/12/2025) (MAP). (Entered: 06/11/2025) |
| 06/15/2025 | 136 | MOTION to Compel *Identity of Plaintiffs' Witnesses* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Kanellis, William) (Entered: 06/15/2025) |
| 06/16/2025 | 137 | Assented to MOTION for Protective Order by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 06/16/2025) |
| 06/16/2025 | 138 | Opposition re 136 MOTION to Compel *Identity of Plaintiffs' Witnesses* filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Declaration of N. Biale, # 2 Exhibit A to Declaration, # 3 Exhibit B to Declaration)(Abdo, Alexander) (Entered: 06/16/2025) |
| 06/17/2025 | 139 | Judge William G. Young: ELECTRONIC ORDER entered 136 MOTION to Compel Identity of Plaintiffs' Witnesses.<br><br>**Allowed. The Court has already entered a protective order to guard those giving testimony from retribution.**<br><br>(MAP) (Entered: 06/17/2025) |
| 06/17/2025 | 140 | |

| | | |
|---|---|---|
| | | Judge William G. Young: ELECTRONIC ORDER entered **allowed** <u>137</u> Assented to MOTION for Protective Order. (MAP) (Entered: 06/17/2025) |
| 06/18/2025 | <u>141</u> | Joint MOTION to Adjourn Deadline for Joint Pretrial Memorandum by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers.(Biale, Noam) (Entered: 06/18/2025) |
| 06/18/2025 | 142 | Judge William G. Young: ELECTRONIC ORDER entered granting <u>141</u> Joint MOTION to Adjourn Deadline for Joint Pretrial Memorandum by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers.Joint Pretrial Memorandum due June 25, 2025. (KB) (Entered: 06/18/2025) |
| 06/18/2025 | <u>143</u> | Assented to MOTION for Protective Order by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers.(Nevins, Talya) (Entered: 06/18/2025) |
| 06/18/2025 | <u>144</u> | Assented to MOTION to Seal Document *Motion to Compel Answers to Plaintiffs Interrogatories, the Production of Documents, and the Production of Information Improperly Withheld as Privileged* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # <u>1</u> Text of Proposed Order)(Wilkens, Scott) (Entered: 06/18/2025) |
| 06/19/2025 | <u>145</u> | Amended MOTION for Protective Order by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers.(Nevins, Talya) (Entered: 06/19/2025) |
| 06/23/2025 | 146 | ELECTRONIC NOTICE OF RESCHEDULING: Final Pretrial Conference reset for 6/26/2025 11:30 AM in Courtroom 18 (In person with remote access provided) before Judge William G. Young. **Note: change is to time only!** Audio access to the hearing may be available to the media and public. Please check the <u>Court schedule</u>. In order to gain access to the hearing, you must sign up at the following address: <u>https://forms.mad.uscourts.gov/courtlist.html</u>.<br><br>For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on <u>www.mad.uscourts.gov</u> or contact the session <u>here</u>.<br><br>(KB) (Entered: 06/23/2025) |
| 06/23/2025 | <u>147</u> | Judge William G. Young: ORDER entered. PROTECTIVE ORDER for the Production of Documents and Exchange of Confidential Information. (MAP) (Entered: 06/23/2025) |
| 06/23/2025 | 148 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** <u>145</u> Amended MOTION for Protective Order (MAP) (Entered: 06/23/2025) |

| 06/23/2025 | 149 | Judge William G. Young: ELECTRONIC ORDER entered **allowed** 144 Assented to MOTION to Seal Document Motion to Compel Answers to Plaintiffs Interrogatories, the Production of Documents, and the Production of Information Improperly Withheld as Privileged. (MAP) (Entered: 06/23/2025) |
|---|---|---|
| 06/23/2025 | 150 | NOTICE of Appearance by Jessica Danielle Strokus on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Strokus, Jessica) (Entered: 06/23/2025) |
| 06/23/2025 | 151 | Judge William G. Young: ORDER entered granting 133 Joint MOTION for Order by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (KB) (Entered: 06/23/2025) |
| 06/23/2025 | 152 | MOTION for Reconsideration by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America, University of California Los Angeles Faculty Association.(Kanter, Ethan) (Entered: 06/23/2025) |
| 06/24/2025 | 153 | MOTION to Compel (FILED UNDER SEAL) by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Exhibit A, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit B)(MAP) (Entered: 06/24/2025) |
| 06/24/2025 | 154 | MOTION in Limine to Preclude Introduction of Evidence Involving Factual Disputes that Should Be Resolved in the Identified Noncitizens' Litigation ( Responses due by 7/8/2025) by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A−F)(Kanter, Ethan) **Modified on 6/25/2025 to Correct Docket Text and CM/ECF Filing Event** (MAP). (Entered: 06/24/2025) |
| 06/24/2025 | 155 | MOTION to Compel *Complete Answers to Plaintiffs Interrogatories, Production of Documents, and Disclosure of Information Improperly Withheld as Privileged* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Exhibit A (Decl. of Scott Wilkens), # 2 Exhibit 1 (to Decl. of Scott Wilkens), # 3 Exhibit 2 (to Decl. of Scott Wilkens), # 4 Exhibit 3 (to Decl. of Scott Wilkens), # 5 Exhibit 4 (to Decl. of Scott Wilkens), # 6 Exhibit 5 (to Decl. of Scott Wilkens), # 7 Exhibit 6 (to Decl. of Scott Wilkens), # 8 Exhibit 7 (to Decl. of Scott Wilkens), # 9 Exhibit 8 (to Decl. of Scott Wilkens), # 10 Exhibit 9 (to Decl. of Scott Wilkens), # 11 Exhibit 10 (to Decl. of Scott Wilkens), # 12 Exhibit B)(Wilkens, Scott) (Entered: 06/24/2025) |
| 06/25/2025 | 156 | RESPONSE to Motion re 152 MOTION for Reconsideration filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Exhibit A)(Wilkens, Scott) (Entered: 06/25/2025) |
| 06/25/2025 | 157 | MOTION to Permit Remote Testimony by American Association of University Professors, American Association of University Professors at New York University, American |

| | | |
|---|---|---|
| | | Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Declaration of N. Biale, # 2 Exhibit A to Declaration, # 3 Exhibit B to Declaration, # 4 Exhibit C to Declaration)(Biale, Noam) (Entered: 06/25/2025) |
| 06/25/2025 | 158 | NOTICE of Appearance by Nancy Safavi on behalf of Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Safavi, Nancy) (Entered: 06/25/2025) |
| 06/25/2025 | 159 | RESPONSE to Motion re 154 MOTION in Limine to Preclude Introduction of Evidence Involving Factual Disputes that Should Be Resolved in the Identified Noncitizens' Litigation filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Abdo, Alexander) (Entered: 06/25/2025) |
| 06/25/2025 | 160 | PRETRIAL MEMORANDUM by AAUP Advocacy Chapter at the University of Texas at Austin, AAUP Advocacy Chapter at the University of Texas at Dallas, AAUP Princeton, Berkeley Faculty Association, Boston University AAUP Chapter, Brown University Chapter of the AAUP, Commonwealth of Massachusetts, Concerned Stanford Faculty, Council of UC Faculty Associations, Dartmouth College Chapter of the AAUP, Davis Faculty Association, Del Mar College Chapter of the AAUP−AFT, Department of Homeland Security, Department of State, Irvine Faculty Association, John Hopkins University Chapter of the AAUP, Todd Lyons, Massachusetts Institute of Technology Chapter of the AAUP, Kristi Noem, Northwestern University Chapter of the AAUP, Rice University Advocacy Chapter of the AAUP, Riverside Faculty Association, San Diego Faculty Association, Santa Cruz Faculty Association, The Presidents Alliance on Higher Education and Immigration, Donald J. Trump, Tufts University Chapter of the AAUP, UC Merced Faculty Association, UC Santa Barbara Faculty Association, UCSF Faculty Association, United States of America, University CouncilAmerican Federation of Teachers Local 1474, University of California Los Angeles Faculty Association, University of Dallas Chapter of the AAUP, University of Houston Chapter of the AAUP, University of Minnesota Twin Cities Chapter of the AAUP, Wesleyan University Chapter of the AAUP, Yale University Chapter of the AAUP. (Kanter, Ethan) (Entered: 06/25/2025) |
| 06/25/2025 | 161 | MOTION to Correct 160 Pretrial Memorandum,,,,, by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 06/25/2025) |
| 06/25/2025 | 162 | Plaintiffs' ADDENDUM (FILED UNDER SEAL) to 153 MOTION to Compel by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Exhibit A)(MAP) (Entered: 06/25/2025) |
| 06/26/2025 | 163 | ADDENDUM re 155 MOTION to Compel *Complete Answers to Plaintiffs Interrogatories, Production of Documents, and Disclosure of Information Improperly Withheld as Privileged* filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Exhibit A)(Wilkens, Scott) (Entered: 06/26/2025) |

| | | |
|---|---|---|
| 06/26/2025 | 164 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Final Pretrial Conference held on 6/26/2025. Bench trial to commence Monday, July 7, 2025 and is expected to last nine days (The Court will not sit July 16th). The Court will sit 9:00am−1:00pm. The Court reviews joint pretrial memo with counsel and goes over trial procedures. 15 minutes per side for openings and 30 minutes per side for closings. A joint exhibit list to be prepared marking any agreed to exhibits with numbers (one joint list, not a plaintiff's exhibit list and defendant's exhibit list) and any objected to exhibits to be marked with letters (A−Z, AA, AB, AC, etc.). Court addresses parties regarding video exhibits and depositions. Parties shall submit proposed findings and rulings before the close of trial. The Court makes rulings on motions as stated on the record. The Court allows # 157 Motion to Permit Remote Testimony in part as to the one witness for plaintiffs and one witness for defendants as stated in Court. Parties to confer about anonymization. If the case were to settle counsel shall notify the Clerk. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Noam Biale, Ramya Krishnan, Scott Wilkens, Michael Tremonte, Alexander Abdo, Courtney Gans for the plaintiffs and William Kanellis, Victoria Santora and Jessica Danielle Strokus for defendants) (KB) (Entered: 06/26/2025) |
| 06/27/2025 | 165 | Transcript of Final Pretrial held on June 26, 2025, before Judge William G. Young. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Richard Romanow at rhr3tubas@aol.com. Redaction Request due 7/18/2025. Redacted Transcript Deadline set for 7/28/2025. Release of Transcript Restriction set for 9/25/2025. (DRK) (Entered: 06/27/2025) |
| 06/27/2025 | 166 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above−captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 06/27/2025) |
| 06/27/2025 | 167 | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America (Kanter, Ethan) (Entered: 06/27/2025) |
| 06/27/2025 | 168 | Assented to MOTION to Seal by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 06/27/2025) |
| 06/27/2025 | 169 | MOTION to Seal Document by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Text of Proposed Order)(Krishnan, Ramya) (Entered: 06/27/2025) |
| 06/27/2025 | 170 | Opposition re 155 MOTION to Compel *Complete Answers to Plaintiffs Interrogatories, Production of Documents, and Disclosure of Information Improperly Withheld as Privileged*, 153 MOTION to Compel filed by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Kanter, Ethan) (Entered: 06/27/2025) |
| 06/27/2025 | 171 | MOTION for Leave to File *Defendant's Response to (153) Plaintiffs′ motion to compel* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 06/27/2025) |

| 06/30/2025 | 172 | Second MOTION to Compel by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Additional attachment(s) added on 6/30/2025: # 1 Exhibit A) (MAP). (Main Document 172 replaced on 6/30/2025) (MAP). (Entered: 06/30/2025) |
|---|---|---|
| 06/30/2025 | 173 | Joint MOTION for Order to To Enter Revised Protective Order Covering Exchange of Confidential Information by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Additional attachment(s) added on 6/30/2025: # 1 Proposed Protective Order, # 2 Exhibit A) (MAP). (Main Document 173 replaced on 6/30/2025) (MAP). (Entered: 06/30/2025) |
| 06/30/2025 | 174 | Judge William G. Young: ORDER entered (KB) (Entered: 06/30/2025) |
| 06/30/2025 | 175 | RESPONSE to Motion re 172 Second MOTION to Compel filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Biale, Noam) (Entered: 06/30/2025) |
| 07/01/2025 | 176 | Judge William G. Young: ELECTRONIC ORDER entered re 172 Second MOTION to Compel by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. Motion denied in light of plaintiffs' representations re providing discovery. Any inadequacy may be addressed and remedied at trial. (KB) (Entered: 07/01/2025) |
| 07/01/2025 | 177 | Judge William G. Young: ORDER entered. ADDENDUM to the PRETRIAL ORDER. (KB) (Entered: 07/01/2025) |
| 07/01/2025 | 178 | Judge William G. Young: AMENDED PROTECTIVE ORDER entered granting 173 Joint MOTION for Order to To Enter Revised Protective Order Covering Exchange of Confidential Information by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (KB) (Entered: 07/01/2025) |
| 07/01/2025 | 179 | TRIAL BRIEF of Plaintiffs by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Exhibits)(Krishnan, Ramya) (Entered: 07/01/2025) |
| 07/02/2025 | 180 | MOTION to Compel Deposition of Nadje Al−Ali by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A)(Kanellis, William) (Entered: 07/02/2025) |
| 07/02/2025 | 181 | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America Submission for In Camera Ex Parte Review (Kanter, Ethan) (Entered: 07/02/2025) |
| 07/02/2025 | 182 | RESPONSE to Motion re 180 MOTION to Compel Deposition of Nadje Al−Ali filed by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Exhibit A)(Biale, Noam) (Entered: 07/02/2025) |

| | | |
|---|---|---|
| 07/03/2025 | 183 | Judge William G. Young: ELECTRONIC ORDER entered 180 MOTION to Compel Deposition of Nadje Al−Ali.<br><br>**Denied. The defendants have waived their right to depose this witness.**<br><br>(MAP) (Entered: 07/03/2025) |
| 07/07/2025 | 184 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day 1 held on 7/7/2025. Parties make opening statements. Court issues sequestration order regarding witnesses. Plaintiffs call Megan Hyska. Witness sworn. Direct by plaintiffs. Cross by defendants. Re−direct. Witness steps down. Plaintiffs call Nadje Al−Ali. Witness sworn. Direct by plaintiffs. Exhibits moved into evidence: 65, 66, 67, 68, 69. Exhibit I marked for identification only. Trial to resume 7/8/2025 at 9:00 AM. Court resumes in afternoon. Government submitted documents for in camera review. Court discusses limits of law enforcement privilege and its view on what documents it would consider to be privileged. By Friday, July 11th at noon the defendants shall submit a detailed privilege log. The amended protective order is allowed. After discussing with the parties, the Court finds as moot # 169 Plaintiff's Motion to Seal the Pretrial Brief. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Noem Biale, Alexander Abdo, Alexandra Conlon, Ramya Krishnan, Michal Tremonte, Courtney Gans, Scott Wilkens for plaintiffs and Jessica Strokus, William Kanellis, Victoria Santora, Ethan Kanter for defendants ) (KB) (Entered: 07/07/2025) |
| 07/07/2025 | 185 | NOTICE of Withdrawal of Appearance by Shawna Yen (Yen, Shawna) (Entered: 07/07/2025) |
| 07/07/2025 | 186 | TRIAL BRIEF *of Plaintiffs* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Exhibits 1−7, # 2 Exhibits 8−20)(Krishnan, Ramya) (Entered: 07/07/2025) |
| 07/07/2025 | 187 | ELECTRONIC NOTICE issued requesting PAPER courtesy copy for 186 Trial Brief,. Counsel who filed this document are requested to submit a courtesy copy of this document (or documents) to the Clerk's Office Attention Matthew Paine − Docket Clerk − Judge Young. **These documents must be clearly marked as a Courtesy Copy and reflect the document number assigned by CM/ECF.** (MAP) (Entered: 07/07/2025) |
| 07/08/2025 | 188 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Two held on 7/8/2025. Parties have submitted joint exhibit list (Exhibits 1−222). Court has all numbered exhibits. Plaintiffs recall Nadje Al−Ali. Court reminds witness she remains under oath. Direct testimony continues. Cross by defendants. Witness steps down. Plaintiffs call Michael Mathis. Witness sworn. Direct by plaintiffs. Cross by defendants. Witness steps down. Plaintiffs call Bernhard Nickel. Witness sworn. Direct by plaintiffs. Cross by defendants. Re−direct. Witness steps down. Plaintiffs call Sara Johnson. Witness sworn. Direct by plaintiffs. Witness steps down. Plaintiffs call Nadia Abu El−Haj. Witness sworn. Direct by plaintiffs. Trial to resume 7/9/2025 at 9:00AM. Exhibits admitted into evidence: 223, 224, 225, 226, 227. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Noem Biale, Alexander Abdo, Alexandra Conlon, Ramya Krishnan, Michal Tremonte, Courtney Gans, Scott Wilkens, Xiangnong Wang for plaintiffs and William Kanellis, Victoria Santora, Ethan Kanter for defendants)(KB) Modified on 7/9/2025 (KB). (Entered: 07/08/2025) |
| 07/08/2025 | 189 | |

| | | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America *DEFENDANTS OBJECTIONS TO DISCLOSURE OF, AND ASSERTIONS OF PRIVILEGE OVER, SUBSET OF IN CAMERA DOCUMENTS IDENTIFIED BY THE COURT ON JULY 8, 2025* (Kanter, Ethan) (Entered: 07/08/2025) |
|---|---|---|
| 07/08/2025 | 190 | Second MOTION for Reconsideration re 184 Bench Trial − Begun,,,,, *order that privilege is waived* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit Notice of Sealed Submission, # 2 Exhibit Armstrong Delib Proc Declaration, # 3 Exhibit Armstrong Law Enf Priv Declaration, # 4 Exhibit Lowkowski Presidential Priv Declaration, # 5 Exhibit Privilege log)(Kanter, Ethan) (Entered: 07/08/2025) |
| 07/08/2025 | 191 | MOTION to Compel *Deposition of DSAC McCormack* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers. (Attachments: # 1 Declaration of N. Biale, # 2 Exhibit A to Declaration, # 3 Exhibit B to Declaration, # 4 Exhibit C to Declaration, # 5 Exhibit D to Declaration)(Biale, Noam) (Entered: 07/08/2025) |
| 07/09/2025 | 192 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Three held on 7/9/2025. Plaintiffs recall Nadia Abu El−Haj. Witness is reminded she remains under oath. Continued direct testimony. Cross by defendants. Witness steps down. Plaintiffs call Peter Hatch. Witness sworn. Direct by plaintiffs. Court hears argument on # 190 Defendants' Motion to Partially Reconsider the Court's Order. The Court reconsiders its order as to email addresses and phone numbers. The Court orders defendants to produce the subset of documents to plaintiffs by 5pm 7/9/2025 with redactions to cell phone numbers and email addresses. The documents are subject to claw back, are for Attorney's eyes only and are for use in this litigation only. Defendants make an oral motion to stay the order. The Court allows the oral motion to stay until 9:00AM on 7/10/2025. Parties address # 191 Motion to Compel Deposition. Court denies motion. Parties to work out issues relating to the deposition. Direct examination of Peter Hatch continues. Trial to resume 9:00 AM 7/10/2025. Exhibits admitted in evidence: 228, 229, 230, 231 (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Noem Biale, Alexandra Conlon, Ramya Krishnan, Courtney Gans, Xiangnong Wang, Scott B. Wilkens for plaintiffs and Jessica Strokus, William Kanellis, Victoria Santora, Ethan Kanter for defendants ) (KB) (Entered: 07/09/2025) |
| 07/09/2025 | 193 | First MOTION for Clarification re 192 Order on Motion for Reconsideration,,,,,, Order on Motion to Compel,,,,, Bench Trial − Held,,,,, *of Court's order concerning Defendants' motion to reconsider* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Donald J. Trump, United States of America. (Attachments: # 1 Exhibit A)(Kanter, Ethan) (Entered: 07/09/2025) |
| 07/10/2025 | 194 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Four held on 7/10/2025. Court addresses 193 Motion to Clarify July 9 Bench Ruling. Defendants will submit privilege log by Friday 7/11/25 at noon for the Court's review. Defendants confirm all documents in the subset have been turned over to plaintiffs per the Court order. Court will provide copies of ROA's to plaintiffs. Plaintiffs recall Peter Hatch. Court reminds the defendant he remains under oath. Continued direct by plaintiffs. Cross by defendants. Re−direct. Witness steps down. Plaintiffs call Amy Greer. Witness sworn. Direct by plaintiffs. Cross by defendants. Witness steps down. Plaintiffs will call witnesses next |

| | | |
|---|---|---|
| | | week and informs the Court of the schedule for witness testimony. Plaintiffs rest. Court has sidebar with counsel. Trial to resume 9:00 AM 7/11/2025. Exhibits admitted into evidence: 232, 233, 234, 235, 236, 237 (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)Attorneys present: Noem Biale, Alexandra Conlon, Ramya Krishnan, Scott B. Wilkens, Michael Tremonte, for plaintiffs and William Kanellis, Victoria Santora, Ethan Kanter for defendants ) (KB) (Entered: 07/10/2025) |
| 07/11/2025 | 195 | MOTION to Compel *and to Direct Defendants to Accept Service of Process* by American Association of University Professors, Middle East Studies Association.(Biale, Noam) (Entered: 07/11/2025) |
| 07/11/2025 | 196 | NOTICE by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America *NOTICE OF PRIVILEGE LOG FILING IN RESPONSE TO JULY 7, 2025 BENCH ORDER* (Kanter, Ethan) (Entered: 07/11/2025) |
| 07/11/2025 | 197 | Assented to MOTION for Leave to File *Unredacted Privilege Log Under Seal* by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America.(Kanter, Ethan) (Entered: 07/11/2025) |
| 07/11/2025 | 198 | NOTICE OF MANUAL FILING by Department of Homeland Security, Department of State, Todd Lyons, Kristi Noem, Marco Rubio, Donald J. Trump, United States of America In camera submission of documents with proposed privilege redactions re 196 Notice (Other) (Kanter, Ethan) (Entered: 07/11/2025) |
| 07/11/2025 | 199 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Five held on 7/11/2025. Court addresses privileged documents. Defendants call Maureen Smith. Witness sworn. Direct by defendants. Cross by plaintiffs. Witness steps down. Defendants call John Armstrong. Witness sworn. Direct by defendants. Cross by plaintiffs. Trial to resume 7/14/2025 at 9:00am. Exhibits admitted in evidence: 238, 239. Court permits exhibits HM and HN to be received as chalks. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)Attorneys present: Noem Biale, Alexandra Conlon, Ramya Krishnan, Scott B. Wilkens, Michael Tremonte, for plaintiffs and William Kanellis, Victoria Santora, Ethan Kanter and Jessica Strokus for defendants (KB) (Entered: 07/11/2025) |
| 07/11/2025 | 200 | Judge William G. Young: ELECTRONIC ORDER entered. In view of the stay entered by the Court of Appeals, we cannot continue the cross examination of Mr. Armstrong. Accordingly, the parties shall promptly inform the Clerk whether, 1) they will fill Monday with other evidence, or 2) they'd rather skip Monday (no trial time charged) and resume on Tuesday, coming back to Mr. Armstrong at some future date once the Court of Appeals has acted. (KB) (Entered: 07/11/2025) |
| 07/12/2025 | 201 | NOTICE : Bench Trial to continue Monday, July 14, 2025 at 9:00 AM. (KB) (Entered: 07/12/2025) |
| 07/13/2025 | 202 | MOTION Additional Trial Time by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers.(Biale, Noam) (Entered: 07/13/2025) |
| 07/14/2025 | 203 | Electronic Clerk's Notes for proceedings held before Judge William G. Young: Bench Trial Day Six held on 7/14/2025. Plaintiffs withdraw request to call Jeff Reger. Parties and the Court discuss post−trial briefs. The Court is amenable to extend the 7/18/25 deadline for |

| | | |
|---|---|---|
| | | filings. Parties inform the Court of the schedule for the remaining witnesses. Defendants plan to introduce deposition testimony of a witness. Plaintiffs may submit on the deposition what they think is inadmissible for the Courts review. Court addresses privileged documents and rulings. Court is in receipt of defendants detailed privilege log for review. The Court denies # 202 Motion for additional trial time. Court takes the invitation of the Court of Appeals to address the Writ of Mandamus on the record. The transcript of this hearing and a copy of the chalk H−N will be transmitted to the Court of Appeals. Trial to resume 7/15/2025 at 9:00am. (Court Reporter: Richard Romanow at rhr3tubas@aol.com.)(Attorneys present: Alexander Abdo, Alexandra Conlon, Ramya Krishnan, Scott B. Wilkens, Michael Tremonte, for plaintiffs and William Kanellis, Ethan Kanter and Jessica Strokus for defendants (KB) (Entered: 07/14/2025) |
| 07/14/2025 | 204 | MOTION to Seal Document *Proposal for How to Proceed in Light of the First Circuits Order* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers.(Krishnan, Ramya) (Entered: 07/14/2025) |
| 07/14/2025 | 205 | MOTION in Limine *to Exclude Defendants' Proposed Summary Exhibits Under Federal Rule of Evidence 1006* by American Association of University Professors, American Association of University Professors at New York University, American Association of University Professors−Harvard Faculty Chapter, Middle East Studies Association, Rutgers American Association of University Professors−American Federation of Teachers.(Wilkens, Scott) (Entered: 07/14/2025) |
| 07/14/2025 | 206 | Judge William G. Young:<br><br>TRANSMITTAL TO THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT<br><br>(Attachments: (1) Excerpt, (2) Transcript, (3) Exhibit HN)<br><br>(Sonnenberg, Elizabeth)<br><br>(Entered: 07/15/2025) |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, ) | |
| ) | |
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS -- HARVARD FACULTY CHAPTER, ) | |
| ) | |
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS AT NEW YORK UNIVERSITY, ) | |
| ) | CIVIL ACTION NO. |
| RUTGERS AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS-AMERICAN FEDERATION OF TEACHERS, and ) | 25-10685-WGY |
| ) | |
| MIDDLE EAST STUDIES ASSOCIATION, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| MARCO RUBIO, in his official capacity as Secretary of State, and the DEPARTMENT OF STATE, ) | |
| ) | |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security, and the DEPARTMENT OF HOMELAND SECURITY, ) | |
| ) | |
| TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, ) | |
| ) | |
| Defendants. ) | |

YOUNG, D.J.                                                July 14, 2025

**TRANSMITTAL TO THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

Attached hereto is this Court's response to the kind invitation of the First Circuit to comment on the present proceedings for Writ of Mandamus.

Respectfully submitted,

WILLIAM G. YOUNG
DISTRICT JUDGE

[2]

65

```
 1                    UNITED STATES DISTRICT COURT

 2                    DISTRICT OF MASSACHUSETTS (Boston)

 3                            No. 1:25-cv-10685-WGY

 4

 5    AMERICAN ASSOCIATION of UNIVERSITY PROFESSORS, et al,
                 Plaintiffs

 6

 7    vs.

 8

 9    MARCO RUBIO, in his official capacity as
      Secretary of State, et al,
10                 Defendants

11
                              * * * * * * * * *
12

13
                         For Bench Trial Before:
14                       Judge William G. Young

15
                              ***EXCERPT***
16

17                       United States District Court
                         District of Massachusetts (Boston.)
18                       One Courthouse Way
                         Boston, Massachusetts 02210
19                       Monday, July 14, 2025

20
                              * * * * * * * *
21

22
                    REPORTER: RICHARD H. ROMANOW, RPR
23                       Official Court Reporter
                      United States District Court
24       One Courthouse Way, Room 5510, Boston, MA 02210
                         rhr3tubas@aol.com
25
```

```
 1                    A P P E A R A N C E S

 2

 3   RAMYA KRISHNAN, ESQ.
     CAROLINE DeCELL, ESQ.
 4   ALEXANDER ABDO, ESQ.
     SCOTT B. WILKENS, ESQ.
 5   ALEXANDRA CONLON, ESQ.
        Knight First Amendment Institute at Columbia
 6      University
        475 Riverside Drive, Suite 302
 7      New York, NY 10115
        (646) 745-8500
 8      E-mail: Ramya.krishnan@knightcolumbia.org
     and
 9   COURTNEY GANS, ESQ.
     NOAM BIALE, ESQ.
10      Sher Tremonte LLP
        90 Broad Street, 23rd Floor
11      New York, NY 10004
        (212) 540-0675
12      Email: Cgans@shertremonte.com
        For Plaintiffs
13

14   ETHAN B. KANTER, ESQ.
     WILLIAM KANELLIS, ESQ.
15   VICTORIA M. SANTORA, ESQ.
     JESSICA STROKUS, ESQ.
16      DOJ-Civ
        P.O. 878
17      Ben Franklin Station
        Washington, DC 20044
18      (202) 616-9123
        Email: Ethan.kanter@usdoj.gov
19   and
     SHAWNA YEN, ESQ.
20      United States Attorney's Office
        1 Courthouse Way, Suite 9200
21      Boston, MA 02210
        Email: Shawna.yen@usdoj.gov
22      For Defendants

23

24

25
```

```
 1            P R O C E E D I N G S

 2         EXCERPT BEGINS

 3         (Resumed, 10:55 a.m.)

 4         THE COURT:  The Court takes this opportunity, on

 5    the record, in the presence -- in open court, in the

 6    presence of counsel, to accept gratefully the invitation

 7    of the Court of Appeals to address the, um, mandamus

 8    petition both generally and expressly to address the

 9    issue of waiver with respect to that petition.

10         I'm going to start by, um, making a request to the

11    Court of Appeals.  I'm not going to argue in any way the

12    substance of the petition.  That's for the parties.  The

13    Court's conduct is all a matter of record.  And the

14    transcript governs and is more, um, important than

15    anything I say now.  But I'm going to start with the

16    request, simply as a matter of case management, that I

17    would make of the Court of Appeals.  And it is this.

18         I request the Court of Appeals to lift the stay,

19    though I express no opinion on the disposition of the

20    petition for mandamus, and it might well, um -- it's

21    entirely up to the Court of Appeals, it might well make

22    sense to let the petition survive so that it may have

23    the benefit of further proceedings in this court.

24         But I would ask the Court of Appeals to lift the

25    stay so that the evidentiary portion of this first phase
```

 1    of this jury-waived trial might complete.

 2         We are in the, um, second week of a two-week --

 3    9-day trial, and once that trial is over, or the

 4    evidentiary portion is over, it's appropriate for this

 5    Court to sketch what I anticipate will be the necessary

 6    further proceedings.

 7         This is a case -- and I know the Court of Appeals

 8    appreciates this, but this is a case where intent and

 9    motive play a significant role, and once the evidence is

10    fully before the Court, it's the Court's intention to

11    take the matter under advisement.  This is not a case

12    where even as to a portion of the case the Court expects

13    that, because of the evidence, to be in a position to

14    make any ruling from the bench, rather the Court expects

15    to take the case under advisement, seek, um, requested

16    findings and rulings from all parties, carefully review

17    the record, and then issue a full written opinion.

18         The actual likelihood of that opinion emerging

19    before September is unlikely.  So the urgency to fully

20    decide the, um, petition is, um, not grave.  Given the

21    fact that what's done is done, the plaintiffs have

22    access to the material which the Court deemed

23    appropriate to subject to cross-examination during the

24    trial, and I adhere to that decision and expect to

25    adhere to it, subject to a proper, um, a claim of

1    privilege during the course of the remaining

2    proceedings.  And I'll speak to that in a moment.

3           And one can anticipate, of course, that as this is

4    only the first phase of this case, if the case were to

5    resolve in favor of the defendant public officials, then

6    of course the plaintiffs would have the right to a

7    plenary appeal.  Contrary-wise, if the case were, at

8    least on what I'll call the "liability phase," resolved

9    against one or more, and I treat them separately, of the

10   defendant public officials, um, that would afford an

11   opinion -- that would afford a place for an

12   interlocutory appeal, should the Court of Appeals wish

13   to evaluate the propriety of that decision while this

14   Court wrestled with the very real problem, even if

15   that's how it were to play out, of redressability,

16   something this Court has not addressed in the -- its

17   hearings thus far.  So that's the Court's approach to

18   the management of this case.

19          Let me then, without arguing the point, um,

20   explain the Court's position with respect to matters to

21   be considered on the petition for mandamus.  And I think

22   it's important to understand that the Court, and I

23   believe the parties, place the documents in question,

24   because at bottom, this is an issue over evidentiary

25   rulings mid trial as to certain documents produced.

```
 1          I separate the documents into three buckets.  What
 2     I've called the "core documents," these documents are
 3     documents that evidence the transmission of materials
 4     about certain target subjects, which I've required the
 5     plaintiffs to designate, which they are arguing are
 6     exemplars of their so-called "ideological deportation
 7     policy."  The Court of Appeals will understand that the
 8     defense asserts there is no such policy and that the
 9     proceedings of the government agencies were lawful in
10     every relevant part.
11          So the core documents are the "ROAs," so-called,
12     and transmittal letters, um, e-mails commenting thereon,
13     that were transmitted from the Department of Homeland
14     Security to the Department of State, specifically to the
15     Bureau of Consular Affairs, and certain of those, the
16     transmittal letters that so transmitted them, and, um,
17     thereafter the "decision memos," so-called by this
18     Court, that the Director of the Bureau of Consular
19     Affairs transmitted most, but not all, of the packet to
20     the Secretary of State for decision, as required under
21     the law.
22          The actual interplay is -- and the standard
23     procedure is best illustrated in a chalk that the Court
24     has marked HN, and will attach to the cover letter sent
25     to the Court of Appeals, which, um, so far as this Court
```

```
1    can see, accurately describes the standing procedure of

2    both executive departments in handling matters.  It of

3    course does not answer the key question which concerns

4    the content of the materials so transmitted.  So those

5    core materials are the materials that I understand the

6    petition to center upon, and I'll come back to them.

7         There are two other packets of materials that I

8    transmitted in bulk to the Court all together, but I've

9    broken them out for this discussion.  As to one

10   document, which I'll call Exhibit A, the government has

11   properly, and the Court recognizes the proper --

12   "proper" in the sense that I recognize that it's been

13   properly asserted and not waived, the government has

14   asserted an Executive Privilege.  That's a, in this

15   Court's eyes, a difficult issue and one the Court has

16   not resolved and which the Court understands it is free

17   to resolve as the case goes on.  So it's appropriate to

18   indicate to the Court of Appeals what I've told the

19   parties about how it will be resolved.

20        It seems to this Court that there are three

21   possible resolutions.  First, that the Court resolves

22   that the specific document in question is subject to an

23   Executive Privilege.  If it is, whenever the Court makes

24   that determination, it physically forthwith will return

25   the document to defense counsel and make a notation on
```

```
 1    the record.
 2          The second possibility is that, without deciding
 3    whether the document is, um, subject to an Executive
 4    Privilege, the Court, as it comes to analyze the case --
 5    I've read the document and I largely understand it, um,
 6    it makes no difference to the decision and the Court
 7    needs not cite it.  If that is, um, decided, the Court
 8    will immediately return it to the defense counsel and
 9    again make a notation on the record.
10          The third possibility is that the Court, um,
11    rejects, overrules the assertion of an Executive
12    Privilege and also decides that the document, which the
13    Court has thus far characterized as "peripherally
14    relevant," is in fact relevant to some conclusion the
15    Court determines to make.  In that case, if the -- if
16    this present petition were, um, still pending, a dispute
17    over this document might be beholden to that petition.
18    And I've told counsel, if I make that decision, I will
19    stay it for 7 days so that they may take action with
20    respect to that document.
21          The third packet of documents are documents as to
22    which I have now allowed privileges to be asserted, and
23    they have been, but which will not figure in the, um,
24    oral testimony as no further documents are going to be
25    produced to the plaintiff -- the plaintiffs by the
```

```
 1    Court, but which all parties agree the Court may look

 2    at, determine privileges, as it goes forward, and I

 3    shall do so.

 4         Again, if I decide to rely upon and cite a

 5    document, implicitly or explicitly, it will be clear

 6    that I have overruled the privilege.  If I don't cite

 7    the document, it, um -- no ruling is necessary and those

 8    documents no longer figure in the case.

 9         The written -- were a decision on the petition of

10    mandamus -- for mandamus to await either appeal or allow

11    an interlocutory appeal, again that could all be

12    reviewed in the ordinary course, and evidentiary error

13    will be reviewed, and of course it is, as to whether it

14    makes a substantial difference in the outcome.  And I

15    would have the liberty of, on a full record, to make the

16    findings and rulings that, um, I believe either have or

17    have not been proved by a fair preponderance of the

18    evidence.

19         So let me conclude simply by focusing on the core

20    documents and reiterate -- which do seem central to the

21    issues raised by the petition for mandamus, and, um,

22    respond directly to the Court's use of the word

23    "waiver," which the invitation expressly sought the

24    Court's further explanation.

25         The use of the word "waiver," upon reflection, was
```

Case: 25-1653    Case 1:25-cv-10685-WGY    Document 206-1    Filed 07/14/25    Page 10 of 15    Document: 130.1    Date Filed: 07/25/2025    Entry ID: 6735771

10

1    infelicitous, so, um, it caused no prejudice to anyone,

2    because the Court followed it up with an explanation.

3    Here is the Court's view of what has happened.

4         The -- during a discussion on the plaintiffs'

5    motion to compel certain documents for, um, which the

6    plaintiffs claim were part of the record of decision of

7    its so-called "ideological deportation policy," the

8    Court declined to, um -- the Court denied the

9    plaintiffs' motion.  But did say -- and again the

10   transcript of what I actually said at the time governs,

11   but I'll characterize it, said, "But I would receive

12   documents as to which the law-enforcement privilege was

13   asserted and I would honor it."

14        Now again the transcript governs.  What happened

15   happened, was that ultimately over 300 documents were

16   submitted to the Court where the defense asserted not

17   only the law-enforcement privilege, but various

18   privileges, and, um, took, with respect to -- when you

19   look at these documents, a very aggressive, um,

20   position.  The Court's -- the Court's review of the

21   documents became more, um, thorough as trial approached

22   and as the acting trial became to the front burner and

23   trial commenced, and the Court, as to these core

24   documents, um, came to the conclusion that the

25   law-enforcement privilege was inapplicable and was

1   asserted extraordinarily overbroadly.  The Court

2   therefore was in a quandary.

3        Should, having overruled the -- that privilege,

4   should the documents be disclosed to the defense?  And

5   the Court determined, to have the fairest possible

6   trial, that such disclosure was in the interests of

7   justice, and I did disclose it.  Disclose them.

8        Various minor issues with respect to the -- I

9   shouldn't call them "minor," but with respect to

10   those -- to that disclosure have been worked out, I

11   believe, to the satisfaction of the parties.  The

12   documents in their raw form I anticipated and expected

13   redaction of e-mails and telephone numbers.  The defense

14   wants more.  The, um -- there was indeed one reference

15   to something that, in all fairness, in fact bore on the

16   law-enforcement privilege, despite the Court's ruling.

17   That was corrected by full cooperation between all

18   parties, and the proper redaction made.

19        I say the use of the word "waiver" was

20   infelicitous because the Court did ask the defense to

21   submit the documents with respect to which it claimed a

22   law-enforcement privilege.  The government now says that

23   they were -- they don't say this expressly, but their

24   position is they were snookered, and I got the documents

25   just to disclose them.  Well that's not so.  I certainly

```
1   never conceived that anything I said could be thought to
2   estop the Court from making proper rulings with respect
3   to the documents.  And again, the transcript will
4   govern.  But it's the Court's position that proper
5   rulings have been made.
6         One last point which, um, I state again simply to
7   be of assistance to the Court of Appeals.  Today the
8   parties and the Court have had a very productive
9   discussion, the full transcript is of course available
10  to the Court of Appeals, and I recite only
11  determinations that I believe I am still authorized to
12  make with respect to these core documents.  And I have
13  made the following.
14        Actually I've made the following with respect to
15  the assertion of the attorney-client privilege.  Having
16  reviewed the documents and the arguments, I do rule that
17  the attorney-client privilege has been waived.  It
18  simply is inapplicable in a situation where counsel has
19  provided documents to the factfinder, um, on the theory
20  that these documents are relative -- are relevant to the
21  decision, as certainly the core documents are.  That
22  constitutes a waiver of the attorney-client privilege,
23  and the Court, less there be any doubt about it, so
24  rules.
25        In one respect the Court sustains the, um, claim
```

```
 1     of deliberative process privilege and I have sustained
 2     it as to, um, certain provision of legal advice by
 3     attorneys in certain e-mails that form a portion of the
 4     core documents.  Beyond that sustaining, after
 5     discussion with counsel, I make no further rulings as to
 6     the deliberative process privilege, or any other
 7     privilege, as to the core documents.  And, um, I won't
 8     say it's by agreement, but we've worked out that if
 9     permitted to continue the trial, I will make what the
10     Court considers appropriate rulings on a
11     question-by-question basis.
12          Essentially the issues relate to the Director of
13     the Bureau of Consular Affairs, Mr. Armstrong, whose
14     testimony had just commenced cross-examination when the
15     stay, um, was transmitted, and a Mr. Watson, who wrote,
16     um, the transmittal letters from the Department of
17     Homeland Security to the State Department.
18          One other thing is significant and I will state
19     it.  I understand that whatever ruling the Court makes
20     as to cross-examination in the course of the trial, the
21     Court is empowered, without objection by the government,
22     to review all the records in its possession, make proper
23     privilege rulings, and rely upon those which it rules
24     the privilege or qualified privilege does not apply.
25          With those explanations, which I truly hope are
```

Case: 25-1658 Case 1:25-cv-10685-WGY Document 300-1 Date Filed: 07/14/2025 Filed 07/11/25 Page 14 of 15 Entry ID: 6735771

14

1    helpful, the Court will respectfully submit this

2    transcript, just as soon as I get my hands on it, to the

3    Court of Appeals, respectfully and with appreciation for

4    being given the opportunity to comment on these

5    proceedings.

6        ***EXCERPT ENDS***

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    C E R T I F I C A T E

 2

 3

 4        I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER, do

 5    hereby certify that the forgoing transcript of the

 6    record is a true and accurate transcription of my

 7    stenographic notes, before Judge William G. Young, on

 8    Monday, July 14, 2025, to the best of my skill and

 9    ability.

10

11

12

13

14   /s/ Richard H. Romanow 07-14-25
     _____
15   RICHARD H. ROMANOW  Date

16

17

18

19

20

21

22

23

24

25
```

```
1                    UNITED STATES DISTRICT COURT

2                    DISTRICT OF MASSACHUSETTS (Boston)

3                           No. 1:25-cv-10685-WGY

4

5      AMERICAN ASSOCIATION of UNIVERSITY PROFESSORS, et al,
                    Plaintiffs

6

7      vs.

8

9      MARCO RUBIO, in his official capacity as
       Secretary of State, et al,

10                  Defendants

11
                              * * * * * * * * *

12

13
                        For Bench Trial Before:

14                      Judge William G. Young

15

16
                        United States District Court

17                      District of Massachusetts (Boston.)
                        One Courthouse Way

18                      Boston, Massachusetts 02210
                        Monday, July 14, 2025

19

20                           * * * * * * * *

21

22           REPORTER: RICHARD H. ROMANOW, RPR
                     Official Court Reporter

23              United States District Court
          One Courthouse Way, Room 5510, Boston, MA 02210

24                    rhr3tubas@aol.com

25
```

```
 1                    A P P E A R A N C E S

 2

 3   RAMYA KRISHNAN, ESQ.
     CAROLINE DeCELL, ESQ.
 4   ALEXANDER ABDO, ESQ.
     SCOTT B. WILKENS, ESQ.
 5   ALEXANDRA CONLON, ESQ.
        Knight First Amendment Institute at Columbia
 6        University
          475 Riverside Drive, Suite 302
 7        New York, NY 10115
          (646) 745-8500
 8        E-mail: Ramya.krishnan@knightcolumbia.org
     and
 9   COURTNEY GANS, ESQ.
     NOAM BIALE, ESQ.
10        Sher Tremonte LLP
          90 Broad Street, 23rd Floor
11        New York, NY 10004
          (212) 540-0675
12        Email: Cgans@shertremonte.com
          For Plaintiffs
13

14   ETHAN B. KANTER, ESQ.
     WILLIAM KANELLIS, ESQ.
15   VICTORIA M. SANTORA, ESQ.
     JESSICA STROKUS, ESQ.
16        DOJ-Civ
          P.O. 878
17        Ben Franklin Station
          Washington, DC 20044
18        (202) 616-9123
          Email: Ethan.kanter@usdoj.gov
19   and
     SHAWNA YEN, ESQ.
20        United States Attorney's Office
          1 Courthouse Way, Suite 9200
21        Boston, MA 02210
          Email: Shawna.yen@usdoj.gov
22        For Defendants

23

24

25
```

```
 1            P R O C E E D I N G S

 2            (Begins, 9:05 a.m.)

 3        THE COURT:  Good morning.

 4        As I've authorized internet access to these

 5    proceedings, let me say, as I've said each morning, if

 6    you are observing these proceedings via the internet,

 7    the rules of court remain in full force and effect, that

 8    is to say there is no taping, streaming, rebroadcast,

 9    screen shots, or other transcription of these

10    proceedings.

11        It's very important also that you keep your

12    microphone muted.  If you do not, you'll be cut off.

13        With that said, we have one witness this morning,

14    which is the only trial time, and then we have matters

15    to discuss.  But let's start with the witness and call

16    the witness.

17        MS. CONLON:  Your Honor, um, as we previewed in

18    our e-mail to the Court, we would be and now have filed

19    a motion for additional time, because of course we

20    didn't expect a ruling by today, we made a very

21    difficult decision to not call -- and understanding that

22    we won't have the opportunity at a later time to call

23    Mr. Reger, whose testimony we frankly think is

24    important, but we need to be able to cross-examine the

25    government's witnesses with these documents with the
```

```
 1    time that it takes.  So we have -- we have withdrawn our
 2    request to present testimony out of order and call
 3    Mr. Reger.
 4         THE COURT:  I follow that.  So the witness, Reger,
 5    is not going to be called?
 6         MS. CONLON:  That's right.
 7         THE COURT:  Then we'll start then with the
 8    discussion without -- trial time is not being recorded
 9    now and I need your help really, and I have some
10    observations to make about further proceedings in light
11    of the stay, but before we do that, um, two --
12         Yes, Ms. Strokus, I simply want to offer an
13    apology for not getting your name right.
14         MS. STROKUS:  No problem, your Honor.
15         THE COURT:  No, in my mind it's a problem.  By now
16    in the trial I should recognize your name and I have
17    mispronounced it and I apologize.
18         Thank you.
19         MS. STROKUS:  Thank you, your Honor.
20         THE COURT:  And, Mr. Kanellis, I was brusk at 1:00
21    only to -- it had nothing to do with the trial or the
22    mandamus proceedings, I had someplace to go.  And as you
23    have said, and now I say, I'm apologizing for being
24    brusk.
25         But let's start with whatever it was you wanted to
```

Case: 25-1663    Document: 10-2    Page: 5    Date Filed: 07/14/2025    Entry ID: 6735771
Case 1:25-cv-00685-WGY    Document 206-2    Filed 07/07/25    Page 5 of 62

5

```
 1    say at 1:00 on Friday, and we'll go from there.

 2         MR. KANELLIS:  Thank you, your Honor.

 3         I note that the Court has scheduled the post-trial

 4    briefs to be due this Friday.  Is my understanding

 5    shared with your Honor?

 6         THE COURT:  I think that's correct.

 7         MR. KANELLIS:  Your Honor, I believe, and I

 8    don't -- we've talked about it with the plaintiffs and

 9    I'm not sure what their position is, I believe that all

10    parties would be benefitted if we were given a few extra

11    days to capture the final testimony that's going to be

12    presented on --

13         THE COURT:  Actually I've had a chance to reflect

14    on these things as well.  I'm not disposed to give --

15    let's start there.  I'm not disposed to give the

16    plaintiffs any extra trial time.  Of course I'm going to

17    devote all the time that we agreed to concluding the

18    trial, which until the stay, and this is not whining,

19    was going swimmingly.

20         So let's be clear.  This is a case that involves,

21    among other things, motive and intent, and, um, since

22    I've had another of these cases that involve the

23    administration, um, and I thought it appropriate -- and

24    I absolutely thought it appropriate, that right after

25    final arguments I had various important things to say,
```

1   um, and then following it up with a written opinion.

2   The    *d* case involving the National Institutes of

3   Health.  But this case is not like that.  Here's what I

4   expect to happen in this case.

5        In one part it's a, um, what I hope will happen

6   with respect to the trial.  I hope that, with respect to

7   the trial, the stay will be lifted, and either I'll --

8   either lifted and I'll be allowed to muddle through to

9   the end of the trial or will be lifted with

10  instructions, which of course I will scrupulously

11  follow.  But action will be taken promptly by the Court

12  of Appeals and I will get through the trial this month.

13       Now, um, this is a case in which I'm going to need

14  requests for findings and rulings and I've appreciated

15  the fact that you've ordered daily copy so that I have a

16  full transcript.  So, um, there's going to be a period

17  of time, um, once the matter has been taken under

18  advisement and these post-trial filings have been

19  submitted to the Court before the Court -- and we

20  understand we're only in the first phase.  The first

21  phase may be the last phase, the case may come to an end

22  after the Court's findings and rulings on the first

23  phase.  And, um, contrary-wise the opposite result is

24  possible, that that may result in what we might call a

25  "finding of liability," and then the Court would have to

```
 1    wrestle with the second phase, which is the issue of
 2    redressability, the issue of a correction, if any is
 3    possible.
 4         So, um, what Mr. Kanellis -- if we start there, I
 5    am, um, perfectly amenable to extending the time for
 6    such filings because I have a lot of under-advisement
 7    work to do.  And, Mr. Kanellis, thank you.
 8         So here I guess is -- what would be helpful to me,
 9    now that I have the detailed privilege log -- I will say
10    in a font so small that I need a magnifying glass to
11    read it.
12         (Laughs.)
13         I want to talk with you, um -- well let's start
14    the talk like this, because it's a matter of interest to
15    me.
16         What, um -- on the plaintiffs' -- the plaintiffs
17    have rested but for certain witnesses, and that makes
18    perfect sense, and these witnesses include the cross-
19    examination of Armstrong, Watson, and who else?
20         MS. CONLON:  As far as we know, that's it.
21         THE COURT:  Well --
22         MS. CONLON:  Oh, I'm sorry, I thought you were
23    asking me about whose cross-examinations were affected,
24    in our view, by the documents.  Is that not the
25    question?
```

```
1            THE COURT:  I agree that those two are affected by

2    the documents which have been disclosed to the

3    plaintiffs, those two.

4            MS. CONLON:  Yes.

5            THE COURT:  So if any event, the stay, however

6    construed, applies until the Court of Appeals permits me

7    to go forward, and that's perfectly fine.  But now I'll

8    ask the broader question.

9            What else did you observe?

10           MS. CONLON:  Yeah, I see.  We reserved testimony

11   from our two witnesses who are traveling into the U.S.

12   to testify in this case who will both testify, time-

13   permitting on the 18th.  And that's Veena Dubal, who is

14   the General Counsel to the AAUP, and Cinzia Arruzza, who

15   is a noncitizen member of the AAUP.  And the person we

16   are not able to present, take testimony for, is Jeffrey

17   Reger, who is the Executive Director of MESA.

18           THE COURT:  Yeah, understood.

19           MS. CONLON:  Oh, I'm sorry, your Honor, my

20   colleague corrected me.  We also anticipate -- we had

21   told your Honor that we -- rather than asking the

22   law-enforcement witnesses who are set to come tomorrow,

23   these four, um, ICE agents who are of a supervisory

24   level who the government intends to present, we also

25   want the chance to question them potentially more
```

```
 1    broadly than the soap of their directs, which the
 2    government I think has agreed to rather than asking that
 3    we bring them back a second time.  And so to the extent
 4    that we need to go outside of their direct, I suppose
 5    that's off the part of our case that remains.
 6         THE COURT:  Thank you, that's a helpful answer.
 7    And again, just to move things along, as to those
 8    witnesses, my custom is to allow you to go beyond the
 9    direct.  Of course the rule requires you to take them as
10    though -- on direct as though it is cross.  But I've
11    allowed you to treat those witnesses as adverse because
12    they are employees of, um, one of the agencies where the
13    defendant public official is the top of that agency.  So
14    there's the answer of what the plaintiffs are going to
15    do with the remainder of their time.
16         What else are we going to hear -- what witnesses,
17    beyond what has been mentioned, do the defendant public
18    officials want to present?
19         MS. CONLON:  Your Honor, if I may correct myself
20    one more time, my smarter colleagues reminded me of
21    another point, which is that at least -- there's sort of
22    two components to this.
23         As I understand, we have now questioned one of the
24    agents who will be testifying tomorrow in a deposition
25    and there were many fights about privilege yet again,
```

```
 1    um, relating to the scope of the law enforcement
 2    privilege, as well as, I think, the deliberative process
 3    privilege.  So to the extent that the Court's guidance
 4    to the parts on how those privileges apply or don't,
 5    with the documents in front of the Court, I think that
 6    will potentially affect -- in other words I anticipate
 7    --
 8         THE COURT:  To make use of that.
 9         MS. CONLON:  Yes, exactly.
10         Unlike Mr.(s) Armstrong and Watson, these agents
11    are not, um, senders or receivers of the documents, the
12    affected documents, but we very well may have questions
13    for them based on those documents in terms of the
14    content.  And so I don't -- I'm correcting my having
15    misspoken and saying, "Oh, the documents are totally
16    separate and apart from these agents," I should not have
17    made that representation.  Just to complicate things a
18    little further to the Court.
19         THE COURT:  No, no, that's very helpful.  Very
20    helpful, and I thank you.
21         Mr. Kanellis, what are the defendants' public
22    officials going to present?
23         MR. KANELLIS:  Your Honor, as indicated, tomorrow
24    we will present the four agents, as your Honor has
25    requested, who were at the sites of the arrest.  On
```

```
 1    Thursday, we have put aside time for, um, AD Armstrong

 2    -- sorry, AD Watson with HSI to describe the HSI's role

 3    in these, um -- in these, um, facts at issue.

 4         THE COURT:  Thank you.

 5         MR. KANELLIS:  We have -- we intend to present a

 6    summary witness.  It's not extensive, but some summary

 7    exhibits through a summary witness.  And then there's a

 8    witness, you Honor, that falls outside the purview of

 9    the Court's jurisdiction, that we will have briefly.

10    That witness is Brian Shuvea's deposition testimony

11    entered pursuant to 804(a) and (b) as an unavailable

12    witness.  That is the extent of what we anticipate our

13    case to be.

14         THE COURT:  The deposition testimony -- in other

15    words, he's not going to be a live witness, but you're

16    going to present his deposition?

17         MR. KANELLIS:  Yes, your Honor, it will be very

18    brief, I just think it's significant, so it's important.

19         THE COURT:  I'm sure you do.

20         So, um, that shouldn't take any time, because the,

21    um, plaintiffs, if you have portions that you think are

22    inadmissible, they can be indicated on the deposition

23    and I will read the transcript and make rulings, and my

24    rulings will decide what's part of the record or not.

25         All right, let's -- and I appreciate what you've
```

1  said, all of this makes sense.  Let's talk then about,

2  um, what I call the core documents that the Court -- and

3  I don't -- well that's an appropriate phraseology.

4      I see the issues about the submission of documents

5  by the government to fall into three parts.  The core

6  documents, by which I mean the documents which evidence

7  the procedures of the Department of Homeland Security

8  transmitting ROAs to the Department of State and the,

9  um, procedures that the Department of State followed in

10 acting on those documents.  They started out as B

11 through K, which have been subject now to cross-

12 examination.  And, um, they involve, um, without

13 characterizing them in -- or I think it's permissible at

14 least to identify them in light of the stay, Watson

15 letters and, um, also these decision procedures, the

16 "agree," "disagree," um, "discuss," forms that were used

17 to present matters to the Secretary of State, those have

18 been mentioned.  And, um, in reviewing them -- and I

19 want to talk about them as a group.  I consider them

20 core documents here.  I note that certain of them have

21 attorney-written, um, data on the documents.

22     So not having reviewed the privilege log in

23 detail, um, but I think it's a good place to start, and

24 I think it will be helpful to the Court of Appeals to --

25 for the Court -- I can address this issue of waiver, and

```
 1    I intend to, but -- which the Court specifically --
 2    which the Court of Appeals specifically invited me to
 3    speak, but I think it would be helpful for us to discuss
 4    now where I have agreed to entertain the privilege log
 5    and the claims of privilege with respect to the core
 6    documents, and that's what I'd like to discuss.  And
 7    hopefully rule on.  I'm familiar with these documents.
 8    The ones that have been disclosed to the plaintiffs, the
 9    plaintiffs are surely familiar with them.  And defense
10    counsel is familiar with them.
11         So let me, um, identify first, as a place --
12    because it affects various aspects of what the Court's
13    duties are here, let's identify in the core documents
14    those written statements by attorneys.
15         Now as to those, I understand that the defense
16    raises the attorney-client privilege.
17         Is that correct?
18         MR. KANTER:  Your Honor, I understand you to be
19    referring to the action memo with the -- you refer to
20    "agree," "disagree," "discuss."  So I think we're
21    talking about the same sort of thing, there are some
22    handwritten notations --
23         THE COURT:  Right.
24         MR. KANTER:  -- which presumably Mr. Armstrong,
25    who -- this is his action memo.
```

```
 1            THE COURT:  No, I understand that.
 2            MR. KANTER:  They'll be able to clear that up, or
 3       the meaning or significance of it.  And what I
 4       understand you to be asking is what is the nature of the
 5       privilege --
 6            THE COURT:  But not as to Armstrong, he's not an
 7       attorney.  There is an attorney --
 8            MR. KANTER:  Yeah, there was attorney-client
 9       privilege with regard to other e-mails in that core
10       subset.
11            THE COURT:  That's what I'm talking about.
12            MR. KANTER:  Yes, discussions of ICE officials
13       with their counsel.
14            THE COURT:  Right.
15            MR. KANTER:  And as your Honor knows, redactions
16       -- proposed redactions have been made with respect to
17       that attorney-client privilege.  Obviously, um, CK
18       counsel is to be encouraged in the government.  And, um,
19       this is a matter of some importance, um, I would say --
20       I would put it this way, on principle.  Because as your
21       Honor also knows, the content -- I remember when you
22       were telling me, "Why" -- "This shows the government in
23       a good light, why would you not want to, in effect, just
24       voluntarily?"  And our response was "That's of
25       course" --
```

```
 1            THE COURT:  So you were listening, and it does

 2      show that.

 3            MR. KANTER:  That's for the client and the

 4      attorney-client relationship to, you know, at a minimum

 5      say, "I want to keep it privileged," right?  And as a

 6      result, we, um -- we are pursuing that privilege on

 7      their behalf.  And --

 8            THE COURT:  That's fair.  That's fair.  And I

 9      understand it.  I overrule it.

10            Now what other privilege applies?  And I'll work

11      out from this with the implication.  And I overrule it

12      on the ground that, um, you cannot give such data to

13      the -- the factfinder and then say, "Here it is, but

14      it's privileged, and therefore you can't consider it."

15      That -- and the basis is that is a knowing and

16      intelligent waiver of the privilege as to that data.

17      That's the ground that the Court's ruling.

18            Now are there other grounds to seek, um, a

19      privilege?

20            MR. KANTER:  Over those e-mails?

21            THE COURT:  Yes.

22            MR. KANTER:  The proposed redactions reflect the

23      identities of the participants to those exchanges.  Your

24      Honor's initial ruling was only e-mails and phone

25      numbers --
```

```
 1          (Interruption.)

 2          THE COURT:  Okay.

 3          MR. KANTER:  Not identities, um, where the

 4     government had proposed to redact, including the

 5     identities, as law enforcement privileged.  But

 6     otherwise putting --

 7          THE COURT:  I guess I don't -- no, no, I hear you.

 8     Why should the names of the people be redacted, they're

 9     public officers of the United States?

10          MR. KANTER:  The, um -- your Honor, it has to do

11     with the, um, the individuals and their responsibilities

12     and the nature of their responsibilities.  There are

13     sometimes law enforcement interests that pertain to

14     identity that the government, um, seeks to maintain the

15     integrity -- for example, an analogy would be

16     maintaining the integrity of an investigation.

17          THE COURT:  Well, of course.  You see that I

18     understand.  But, um, these are in-house people doing

19     their in-house work, um, I don't understand why their

20     names -- we ought not know who they are?

21          MR. KANTER:  The contents of the communication,

22     um, absent an attorney-client privilege, reflect the

23     nature of the discussion.  The agency, um -- and there

24     are limitations to what I would say in open court.  Your

25     Honor has --
```

```
 1          THE COURT:  Well that's fine.
 2          MR. KANTER:  Okay.
 3          THE COURT:  And I -- I hear you, Mr. Kanter.
 4          So again, I'm not disposed to redact the names,
 5     absent some showing, um, which may -- an affidavit,
 6     which may show the ongoing, um, concern that the
 7     identity of a particular person, um, his or her name be
 8     redacted.  That may be filed under seal and I will
 9     consider it.
10          Is there anything else?
11          MR. KANTER:  Yes, there is one other matter that
12     your Honor enumerated, um, related to the action memos,
13     which, um -- the issue here is --
14          MR. ABDO:  Your Honor, before you move on from
15     this --
16          MR. KANTER:  May I finish my remark?
17          THE COURT:  Yes, I will hear Mr. Kanter.
18          Mr. Abdo, I'll hear you in time.
19          Go ahead, Mr. Kanter.
20          MR. KANTER:  I'll get right to the point.
21          THE COURT:  Please.
22          MR. KANTER:  The lead contention of my friend is
23     if you find that the action memos are not privileged
24     under the deliberative process privilege, then the
25     cross-examination of Mr. Armstrong and Mr. Watson may go
```

```
 1     forward, that's their contention, and I would like to
 2     address it.
 3          THE COURT:  Yes, and I agree.  I agree that that
 4     is a central issue here.  And, um, let's -- but I want
 5     to start out with the attorney's, the attorney advice
 6     that's here in the e-mail.
 7          I've overruled the -- I've overruled the assertion
 8     of the attorney-client privilege because these were
 9     voluntarily submitted to the adjudicator, on the basis
10     that that is a knowing and intelligent waiver.  Now the
11     deliberative process privilege, in this Court's mind, is
12     something else again.  And the analogy -- I think in
13     analogies too, and I was talking with the law clerk,
14     that if -- it isn't the same thing as the deliberative
15     process privilege, but courts hold certain things
16     absolutely privileged, and it's roughly the same, how
17     the Court comes to a decision.
18          So if, for instance, a civil case, like this is a
19     civil case, a motion for summary judgment, before it are
20     briefs and affidavits.  None of those are in a
21     deliberative process privilege, though they are what the
22     parties have served up that will form the basis of the
23     Court's decision.
24          Then an attorney on the Court's staff takes an
25     affidavit, this happened more often in the covid days
```

```
 1    when we were working remotely, and underlines, writes in
 2    the margin, advice.  We're not deliberating, we're not
 3    in a meeting.  There was that meeting, for instance,
 4    that Hatch attended and I have sustained the
 5    deliberative process privilege and allowed him to be
 6    asked only what came out of the meeting, which was the
 7    classic situation in my mind and easy to follow.
 8          Here when an attorney does that, I think these
 9    things fall within the deliberative process privilege.
10    I'm talking about the attorney.  And indeed you've --
11    you've, um, anticipated it.
12          So it's conceptually, it's easy for me to think
13    about it with these attorney interlineations on e-mail.
14    That's my concern.
15          So let's say I sustain that because I think that
16    that is within the deliberative process privilege, that
17    is, that's the attorney advising, albeit remotely, the
18    decision-maker to make the decision, the actual policy,
19    what the Secretary of State decided, that's public, and
20    no one -- there's no objection as to that.  So it falls
21    within the deliberative process privilege, it seems to
22    me.
23          We're in the middle of trial.  And then we get to
24    the next problem.  If I say, "No, that's within the
25    deliberative process privilege," candidly I've dealt --
```

```
 1    in jury-waived cases, criminal cases, the stakes are
 2    higher where matters were suppressed and I felt
 3    perfectly comfortable in putting aside matters which
 4    legally had to be suppressed.  Perhaps not in every
 5    case, but certainly in most cases.  And making my
 6    rulings on matters properly before me.  But this is
 7    different because we're in the middle of trial and these
 8    have been disclosed to the plaintiffs.
 9         So the truth is, as I always try to speak the
10    truth and be transparent, that as to the lawyer
11    interlineations, I could put those aside.  I could
12    characterize them -- well I don't know that I have, and
13    I'll say no more.  I can put those aside.  But I'll say
14    this, well certainly some of the things that they said
15    are things that occurred to me before I read these
16    documents, that is, "Is this unprecedented?"  "Are we
17    concerned about blow-back?"  I need not go on.  But
18    things which, um, you could readily argue are informed
19    by reading what lawyers, in their lawyer-like way were
20    saying, that both occur to the Court and I'm sure have
21    occurred to, um, plaintiffs.
22         So suppose, because I'm -- I think I'm prepared to
23    say, we can put those to one side, what the lawyers had
24    to say.
25         Now when -- because attorneys can fashion
```

```
 1    questions that don't depend on it, you can't cross-
 2    examine -- "Oh, but do you see here your own lawyer said
 3    this and that?"  We can exclude that.  But are you
 4    saying that I should curb their cross-examination to
 5    questions that don't depend directly on, um, what the
 6    lawyers had to say?
 7           MR. KANTER:  I --
 8           THE COURT:  You're following my --
 9           MR. KANTER:  I am following it, and I have -- I've
10    seen your Honor make these distinctions throughout this
11    trial frankly about many matters, admitting evidence,
12    for example, as limited, not for the content but for the
13    reaction, distinctions are made.  This is a bench trial.
14    Your Honor is the judge and the jury, as it were.  And,
15    um, those decisions and distinctions are yours to make.
16           I think the key, um -- the key aspect of this
17    process for the government, um, was the -- in handing
18    over the core documents to the plaintiffs, your Honor,
19    um, made a very important stipulation, the stipulation
20    was they were attorneys' eyes only, which I understood,
21    and your Honor can correct me if I am mistaken.
22           (Pause.)
23           THE COURT:  Go ahead.
24           MR. KANTER:  However I think your Honor was trying
25    to strike a balance, which is acknowledging either the
```

```
 1    asserted privileges of the government or if the matter
 2    of waiver is, um, pending before the First Circuit, or
 3    there were other considerations related to attorney-
 4    client or deliberative or law enforcement, your Honor
 5    was striking a balance to enable the trial to proceed
 6    and the examinations to proceed, attorneys'-eyes only.
 7    And I think in asking me, "Can there be a robust cross-
 8    examination based on these core documents?"  I think the
 9    government's answer is "Yes."
10         There may be matters which, for example, I had to
11    talk around in open court and matters for which a
12    sidebar was required, um, but what I'd like to
13    underscore is the plaintiffs have the documents, they
14    have all the documents.  In fact, they have them
15    unredacted.
16         With respect to the, um, "agree," "disagree,"
17    "discuss" memos that your Honor, um, they not only have
18    those unredacted, they have the Secretary of State's
19    decisional memos unredacted.  Why?  Because we gave it
20    to them when we agreed to file it under seal with the
21    Court.  The decision memos are, um, not, um, under seal
22    in full, there's a companion set that is public.
23         The plaintiffs have the information.  They have
24    the ability to fashion questions.  And if any of those
25    questions were to touch on areas of sensitivity, whether
```

Case: 25-1662   Case 1:25-cv-10685-WGY   Document 200-2   Filed 07/14/25   Page 23 of 62   Date Filed: 07/15/2025   Entry ID: 6735771

23

 1    the Court has ruled directly with respect to the

 2    privilege or the government maintains their -- for

 3    example, the other day when there was an exhibit, most

 4    of which we had no objection to the questions based on

 5    that exhibit, we never stood up and objected, but there

 6    was one part of that one exhibit, and we brought it to

 7    the Court's attention, and you acted immediately, and my

 8    friends complied immediately.  I think we were all on

 9    the same page there.  But the --

10         THE COURT:  All right, that's very helpful,

11    Mr. Kantor, and I'm listening to you.

12         One last question before I hear Mr. Abdo, because

13    I -- you've -- I hear no suggestion in our discussion

14    that, um, while I said I could set aside the attorney

15    interlineations as, um, part of the deliberative

16    privilege, and I want to hear him on that, um -- and if

17    I decide to do that, I can do that, it does not affect

18    the integrity of my factfinding.  No one suggests, when

19    I come to decide this case, because, as you have

20    characterized and I think accurately, these documents

21    cut both ways.  I can't be more transparent.  They do

22    cut both ways.

23         No one says -- on the government's side, no one

24    says I can't look at the documents, even if I excluded

25    the attorney data, the core documents, isn't that

```
 1   correct?
 2         MR. KANTER:  Yes, that's absolutely correct.
 3         THE COURT:  Thank you.
 4         MR. KANTER:  And if I may?  One last point or not.
 5   I can sit down.
 6         THE COURT:  No, no, go ahead.
 7         MR. KANTER:  If the issue is -- what I'm saying is
 8   the issue of whether it's deliberative or not is a
 9   nonissue in terms of being able to question the witness
10   about it, work around it --
11         THE COURT:  That's what I heard you say.
12         MR. KANTER:  That's my main point.
13         As to whether it's deliberative?  I do have an
14   argument that it is deliberative, even putting aside the
15   delineation, because this action memo is a proposed
16   decision.
17         THE COURT:  Oh, you're talking about the
18   interlineations of Mr. Armstrong?
19         MR. KANTER:  Mr. Armstrong's memo -- the whole
20   memo is a proposal to the Secretary of State.  It's not
21   a decision, it's an offer recommending approval.
22         So "approve," right, can, like your Honor said,
23   things can be -- have two meanings at once.
24         THE COURT:  Well that intrigues me.  So we're
25   talking about these action memos now.
```

```
1          MR. KANTER:  Yes.

2          THE COURT:  In which there are interlineations by

3    Mr. Armstrong, the witness here at trial.  We've all

4    seen them in their unredacted form.  But you now make an

5    argument that the memo, because it has the

6    interlineations, is, um, part of the deliberative

7    privilege.

8          MR. KANTER:  Yes, I do.

9          THE COURT:  Yes, I understand.

10          MR. KANTER:  And I think my friend helped me with

11    my argument for the following reason.

12          THE COURT:  Well we'll let them make their own

13    arguments.

14          MR. KANTER:  Okay, then I won't say that.

15          THE COURT:  All right.

16          MR. KANTER:  They made an argument that it's not

17    deliberative when it becomes final.  Those are two

18    different things actually, but they make the critical

19    point that they're virtually identical in content,

20    right?

21          THE COURT:  Yeah, let me.  Let me hear their

22    argument from them.

23          MR. KANTER:  Thank you, your Honor.

24          THE COURT:  Mr. Abdo, we've talked about the

25    attorney -- the attorney statements and e-mails, we've
```

 1    talked about these memos of -- we're pretty clear what

 2    they are, that Mr. Armstrong gives to the Secretary of

 3    State.  Please address both.

 4         MR. ABDO:  Thank you, your Honor.  And before I

 5    address those, if I could just say one thing.

 6         Last night, as you may know, we e-mailed

 7    Ms. Belmont with a filing that we had hoped to file

 8    under seal later today.  We provided a copy to opposing

 9    counsel.  And if your Honor would like to have a copy of

10    it, I'd be happy to approach and provide it.

11         THE COURT:  I have it, don't I?

12         MR. ABDO:  Well I don't know if you have the

13    printout.  But if you don't, I'm happy to provide you

14    one.

15         THE COURT:  Oh, I have a printout.

16         MR. ABDO:  Oh, okay.  So let me just -- a few

17    points your Honor.

18         First, with respect to the attorney-client

19    privilege, we understand your Honor's ruling.  We would

20    just encourage you to overrule the assertion of

21    privilege for the additional reason that, with the

22    exception of maybe one or two sentences in the e-mail

23    thread that we're talking about, nothing in that e-mail

24    thread is plausibly protected by that privilege.  Most

25    of it concerns, um, decisions already made, not sought

```
 1    -- you know not offered in the context of seeking legal
 2    advice or received in that context.
 3         The fact that attorneys happened to have been
 4    copied on the e-mail is relevant, but it certainly isn't
 5    dispositive to the assertions of privilege, and we'd ask
 6    you to base your ruling on that additional basis, which
 7    we think would, you know, clear up the record.
 8         A second point with respect to, um, the
 9    interlineations.  I think I now understand where things,
10    um, have landed, but just to be clear.  The
11    interlineations we're talking about, and I believe
12    Mr. Kanter was talking about, were ones made apparently
13    by Mr. Armstrong on the action memo, not by a lawyer.
14         THE COURT:  I -- I never was under a
15    misapprehension as to that.  The problem is we're being
16    cautious about documents, and he started off talking
17    about interlineations by Mr. Armstrong, I said, no, no,
18    no, and he moved to e-mails.  We talked about e-mails, I
19    allowed him to expand now to interlineations, undisputed
20    apparently by Mr. Armstrong on this decision memo.  And,
21    um, I've heard his argument.  I'll hear yours.
22         MR. ABDO:  Thank you.
23         And then a third point, your Honor, has to do with
24    the deliberative process privilege and connects to the
25    action memo that we were just talking about.  As you'll
```

```
 1    have seen from our filing, we don't think the
 2    deliberative process privilege covers any of the
 3    documents that have been turned over to plaintiffs for a
 4    variety of reasons.  We explained four in the memo.  I
 5    won't repeat them here.  But let me just highlight two
 6    of them.
 7         One is that all of the documents we're talking
 8    about have been adopted, including especially the action
 9    memo that we were just talking about.  Mr. Armstrong --
10    well I don't want to go into any details, but I think a
11    review of the document on its face makes clear that it
12    was adopted, and once a document is adopted as a
13    decision of the government, whatever predecisional and
14    deliberative character it had before that might have
15    justified invocation of the privilege falls away.
16         So, you know, we think it would be proper to
17    overrule all the government invocations for that reason.
18         THE COURT:  There have been opinions of this Court
19    which, if you looked at the draft, which otherwise was
20    privileged, I -- I don't know as I'll use the word
21    "confess," the only changes I made were to avoid split
22    infinitives, which is an issue of mine, and to move a
23    few, um, commas.  So that reveals that the draft, by the
24    law clerk, was 95 percent acceptable to the responsible
25    judicial officer when I signed my, um, my -- put my
```

```
1   signature on it.

2        I do not conceal from the bar that in the main,

3   um, I delegate to clerks and interns initial drafts.

4   Frequently I do rewrite or add sections and subtract,

5   and all of that business.  But, um, it does add a little

6   more information if you were to know the last draft

7   before the judge put, in my case, his signature on it.

8   And I always thought that was privileged.

9        I think that's correct, your Honor, but two points

10  about that.  One is that once you put your signature on

11  the document, then it is expressly adopted.

12       THE COURT:  Exactly.

13       MR. ABDO:  I don't think there's any debate in the

14  doctrine about that proposition.

15       And the second point is that, even with respect to

16  documents that were once predecisional and deliberative,

17  if they were incorporated by reference into the

18  decision, or relied upon, as many of these documents

19  were expressly in the decisional document, that

20  incorporation waives whatever deliberative process

21  privilege there would be.

22       So just to be very concrete.  In the decisional

23  memos we have, in the certified administrative record,

24  you know the ones from the Secretary, those memos

25  expressly base their decision on underlying memoranda
```

```
 1     setting out the factual understanding of the Department
 2     of State or the Department of Homeland Security.  They
 3     quote them.  They site them.  They list them as
 4     attachments.  That incorporation also waives whatever
 5     predecisional and deliberative character the underlying
 6     memos might otherwise have had prior to the final
 7     decision.
 8          And we think that applies to the bulk of -- and
 9     between those two arguments, we think it covers all of
10     the documents over which the government has asserted the
11     privilege.
12          THE COURT:  And I'm saying it back to you now.  At
13     some stage I will write an opinion here, and in legal
14     writing they'll be citations, and the citations will be
15     to the record, or to opinions and the like, all of which
16     -- and your point is, "If you do that, Judge, all of
17     those necessarily are public, because, in legal writing,
18     that is explication of what you relied on, it shows your
19     reasoning."
20          MR. ABDO:  Precisely, that is the basis for your
21     decision.  And the bases cannot be withheld under the
22     deliberative process privilege.
23          THE COURT:  Okay.
24          MR. ABDO:  One final point, your Honor, has to do
25     with our ability to cross-examine on the basis of these
```

1    documents.  And to that I'd like to turn it over to

2    Ms. Conlon.  If that's okay?

3         THE COURT:  Of course it is.

4         MS. CONLON:  I have a very extra-vested interest

5    because I am, as you know, have begun the cross-

6    examination of Mr. Armstrong.

7         So our friends on the other side make the point

8    that even if the documents couldn't be used by us in

9    terms of entered into evidence or shown to a witness,

10   that we wouldn't be hampered because we could ask

11   important, you know well-crafted questions.

12        THE COURT:  He didn't say you wouldn't be

13   hampered, he says you can think of ways around it.

14        MS. CONLON:  And I want to let the Court know some

15   important context that there's no reason the Court would

16   have known, which is this.

17        I sat in a room with Mr. Armstrong for a whole

18   day.  He did not recall and could not answer a single

19   question about the basis for any of these decisions,

20   even the manner of these decisions, and he repeatedly

21   said, "Please show me the documents."  I cannot tell you

22   how many times he asked me to show him the action memo

23   and the Watson letter, and of course I didn't have them

24   because, until the Court shared them with us, we had

25   never seen them.  We could not effectively get at the

1   truth without them.

2          THE COURT:  Wait.  Now, um -- I'm going to cut you

3   off, Ms. Conlon, but only for this witness.  My ask to

4   the Court of Appeals is that they lift their stay, um,

5   not really that they, um, dismiss -- and I don't know

6   that it properly is before me, that they dismiss the

7   petition, that's up to counsel arguing the several

8   positions.

9          But at their invitation, I am going to ask that

10  they lift the stay, and as I put it, "allow me to muddle

11  through to the end of the evidentiary process."

12  Mr. Kanter referred to it, and respectful to plaintiffs'

13  counsel, deservedly so.  And I -- the counsel I have

14  here in the courtroom before me, I have genuine respect

15  for you all.  We have worked cooperatively and I have

16  been able to make rulings that I have thought

17  prudential.

18          I'm talking to the -- I can't decide -- I'm having

19  this discussion.  We have daily copy.  You can transmit

20  it all to the Court of Appeals.  But I can't -- I put on

21  the record that I'm ruling that the assertions of

22  attorney-client privilege are, um, overruled on the

23  basis of waiver, because they were put before the

24  factfinder.

25          I am ruling that the, um, claim of deliberative

```
 1    privilege as to -- I want to reflect on what Mr. Abdo
 2    said, but as to so much of the e-mails that actually
 3    reflect attorney advice is sustained, so long as we are
 4    clear, as Mr. Kanter has made it clear, that the Court
 5    may look at those things, draw inferences and the like.
 6    But I'm going to treat those as having sustained, um,
 7    that on the deliberative process privilege.
 8         Beyond that, I'm not making any rulings as to the
 9    reach of the deliberative process privilege because the
10    process Mr. Kanter has described is, um, both acceptable
11    to the Court and workable.  And if the Court of Appeals
12    will allow me to proceed with Mr. Armstrong and
13    Mr. Watson, um, I don't think there's any more I can
14    say.  I've tried to be transparent to counsel and to the
15    Court of Appeals.
16         Yes?
17         MS. STROKUS:  Your Honor, I just wanted to put on
18    the record before you that Ms. Conlon has
19    mischaracterized what occurred at Mr. Armstrong's
20    deposition.  I was also there the entire day.  And
21    plaintiffs repeatedly asked him to speculate on
22    documents that they could not produce to him.  So he's
23    under oath --
24         THE COURT:  Well because they --
25         MS. STROKUS:  So he's under oath.  It's important
```

```
 1    that he tell them, "I'm not going to speculate on the
 2    contents of these documents."
 3         THE COURT:  I'm not drawing any conclusions.  If
 4    the Court of Appeals will allow him to resume the stand,
 5    I can handle the examination.
 6         Now that --
 7         Yes?
 8         MS. CONLON:  Your Honor, may I ask you a question?
 9         THE COURT:  Oh, of course you may.  We're talking
10    now.  And I'm fine with talking, but I can't -- I've
11    made the rulings I've made to try to be helpful, because
12    I have enough of a basis to make those rulings.  Beyond
13    that, I'm asking that they let the trial go on, and a
14    trial is a trial.
15         MS. CONLON:  And when your Honor said, "If the
16    trial is permitted to continue with examinations of
17    Mr. Armstrong and Mr. Watson, that we can use the
18    process we have used so far," which I understand --
19    that's the part I wanted to get clarification on.  I
20    take that to mean to deal with things as they come up.
21         THE COURT:  Yes.
22         MS. CONLON:  Okay.  We have discussed the action
23    memos today and we've discussed the e-mails, but we have
24    not discussed, unless I missed it, the letters from
25    Mr. Watson to the State Department.  I wanted to make
```

Case: 25-1662  Case D:25-cv-10685-WGY304 Document 206-2  Filed 07/14/25  Page 35 of 62  Date Filed 07/15/2025  Entry ID: 6735771

35

```
 1    sure that that's also something we're addressing today
 2    to the extent that the Court is willing.
 3         THE COURT:  I am willing, because I consider them
 4    core documents.  And, um, maybe I should go back to
 5    Mr. Kanter to be -- to see if, um, there's any ruling I
 6    can make.
 7         Mr. Kanter, as to the Watson letters?
 8         MR. KANTER:  Yes.
 9         The Watson letters are referrals from one agency
10    to another, and, um, the government stands on the, um,
11    log entries as to those documents we submitted to the
12    Court.
13         THE COURT:  Yeah, but they really are very fine
14    points.
15         MR. KANTER:  (Laughs.)  Fine?
16         THE COURT:  What are your objections?
17         MR. KANTER:  You're right, and I apologize for
18    that.
19         THE COURT:  No, no, that's all right.
20         MR. KANTER:  I strained to read them myself.
21         THE COURT:  I have a magnifying glass.
22         MR. KANTER:  Um -- okay.
23         In my recollection, the referral letters are
24    law-enforcement sensitive, they were the subject of a
25    motion to compel by the plaintiffs, which your Honor
```

 1    denied.  They were among the documents that your Honor
 2    held the privilege had been waived.

 3          We have not changed the assertions as to those
 4    documents.  They remain law-enforcement sensitive.  Your
 5    Honor handed them to plaintiffs with the AEO
 6    stipulation.  We, um, believe that is a compromise that
 7    enables the trial to proceed.

 8          THE COURT:  Thank you.  Yeah, I think that's
 9    well-said.

10          MR. ABDO:  Your Honor, if I may just add one note
11    with respect to those?

12          THE COURT:  Yes, please.

13          MR. ABDO:  You know those documents appear on the
14    chart that we provided to the Court last night.  Among
15    the first, I think 9 or 10, all withheld only under the
16    law-enforcement privilege.  And we understand your court
17    to have overruled that assertion of privilege with
18    respect to these documents based on your Court's
19    conclusion, which we fully agree with, that the
20    government had interpreted that privilege far too
21    broadly to cover not just information that was disclosed
22    with compromise and investigation, but the sort of
23    information we've seen from these memos, which is
24    largely factual information.  And using techniques that
25    have already been disclosed to the public and described

1    in open court, mainly the collection of social media

2    information and the like.

3        So we think the Court has already ruled with

4    respect to those documents on the merits, not on the

5    basis of waiver, such that the First Circuit's order

6    doesn't even implicate our use of these documents at

7    trial.

8        THE COURT:  Actually you've stated it better than

9    I.  But the use of the word "waiver" there, by the

10   Court, was infelicitous, because while I went on to

11   explain my focus on the law-enforcement privilege and

12   explain what I believed was the scope of the

13   law-enforcement privilege and functionally overrule that

14   privilege as to these documents, as you have properly

15   said and more effectively described, the use of the word

16   "waiver" was infelicitous.  And now that I've gone back

17   and looked at the transcript, I said, "You may submit

18   law-enforcement privileged data and I used words much

19   like "and I will honor it."  And that's their basis for

20   saying, in effect, that they were snookered.  They were

21   not snookered.  That didn't estop the Court from making

22   a ruling on the privilege.  I made the ruling on the

23   privilege.  But they did not waive it by asserting it

24   and giving me the documents.

25       What they did was give me the documents, allow me

38

```
 1    to rule on the privilege, I overruled it, and as a
 2    matter of trial management, have decided, and persist in
 3    that decision, that they may be used to get in the
 4    trial.  Everyone agrees I may look at them.  But I think
 5    that, um, I may look at them more effectively if I
 6    permit cross-examination, which has been the Court's
 7    reason and process for turning things over under the
 8    stipulation of attorneys'-eyes only.  Thank you.
 9         MS. CONLON:  Your Honor, I'm so sorry, may I ask
10    you a question?
11         THE COURT:  Don't apologize.  You know we're
12    talking.
13         Go ahead, Ms. Conlon.
14         MS. CONLON:  Okay.
15         So understanding the Court's point that if we can
16    continue, we will use the process that we have used,
17    which is collaborative with the Court and the
18    government, the concern that I hope was clear in our
19    application for time is that that process takes time,
20    meaningful time, and I am deeply concerned that with
21    only several hours we will not be able to even finish
22    this process.
23         THE COURT:  I'm sure you're concerned, but that
24    was clearly to be anticipated in a trial of this sort.
25    No additional time.
```

```
 1          Now, um, there's one other document and we haven't
 2     talked about it and I actually talked about it in trial,
 3     but we haven't talked about it here.  And I think my, um
 4     -- I think, one, the document, as I understand it, is
 5     not implicated in this application for a writ of
 6     mandamus, and that is the single document marked A as to
 7     which the government has asserted the Executive
 8     Privilege.  They call it the "Presidential Privilege,"
 9     which has thrown me a little bit, but it's the same
10     thing as the "Executive Privilege," which I am somewhat
11     familiar.
12          As to that document, I have characterized it in
13     open court saying, "It appears to be peripherally
14     relevant."  Here's how I'm going to handle that
15     document, if it hasn't been clear.  And again all of
16     this I fact expect you to transmit to the Court of
17     Appeals should you take a position with respect to it or
18     have issue with it.
19          The Executive Privilege has not in any way been
20     waived, and has been asserted, and timely asserted.  The
21     matter was and is under advisement by the Court without
22     respect to the, um -- without respect to the mandamus
23     proceedings.
24          It seems to me there are three possible outcomes.
25     The Court determines that the privilege applies.  If
```

1     that happens, the document itself will be returned to

2     the government forthwith. But notification will be put

3     either by my saying so during the trial or if it's in

4     the under-advisement period, um, by notification on the

5     docket.

6         Second, that, um, the ruling, whether it applies,

7     um, is deferred by the Court until the, um, time I am

8     writing up the opinion and I decide that while relevant,

9     it's so peripheral that no mention of the document need

10     be made in the opinion, nor reference to it. If that

11     happens, the document at that point will be returned to

12     the government forthwith, physically, no copies retained

13     in the file of the Court at all. It's treated in our

14     procedures as a highly-sensitive document. I have

15     custody of it.

16         The third possibility is that the Court finds that

17     the privilege -- rules that the privilege does not

18     apply, and further, um, wants to cite. The second

19     option, I don't have to decide whether the privilege

20     applies, if I'm not going to cite it, I'll give it back,

21     because I'm not relying on it in any way. If I find

22     that the rule -- that the privilege does not apply, and

23     the -- and I'm going to cite it or use it, in that case

24     I will give notice, and then I would think that would be

25     ripe, um, and indeed -- why don't I say it right now, I

```
 1    will not do anything for -- I will automatically, I'm
 2    putting it on the record now, stay any further action as
 3    to the document for 7 days so that the government may,
 4    um, seek to protect the document.
 5          I have said one thing that, on reflection, I want
 6    to retract, and I'm looking for you, Mr. Kanter, who's
 7    arguing these privileges.  I suggested the possibility
 8    that assertion of the privilege could be a basis, even
 9    if it wasn't national security, for an adverse
10    inference.  That's error.  And I would not do that.  And
11    the reason, on the record, is there is an institutional,
12    um, reason, wholly apart from this case, for the Office
13    of the President of the United States to assert the
14    Executive Privilege and vigorously to patrol its
15    parameters to preserve the Office of the President of
16    the United States, both as to Congress and the courts
17    and the public.  That's established in the case law.  I
18    fully respect it.  And, um, the privilege asserted here,
19    I can readily conceive of reasons why the government, as
20    an institutional matter, would assert it, utterly
21    regardless of any issue laid before the Court.
22          So any adverse inference from asserting it is --
23    will be improper, and I assure you I would draw no such
24    inference.  That's how I'm going to handle that.  So
25    we're clear on that.
```

```
 1        Now with that I think I -- let me tell you what I
 2   plan to do.  I plan to go back and talk to the law
 3   clerk, um, we'll say a 20-minute recess.  Then I'm going
 4   to come back and I propose, really briefly, to --
 5   subject to Mr. Abdo being heard here, to briefly, um,
 6   accept the Court of Appeals invitation and to explain
 7   myself on the record.  Again, this is not a brief.  I
 8   will just explain how I -- if permitted, I will ask to
 9   have the stay lifted, but the writ I take no position
10   on, the proceedings for the writ could depend, um, and
11   that will constitute my response.  And I will, because
12   we've got daily copy, I will transmit a copy of my
13   remarks, soon to be made, to the Court of Appeals.
14        I do want to add, with thanks, the Chalk HN, it
15   really sort of walks through the -- what I've described
16   as the "Core" documents.  And, um, I should append it to
17   my remarks and I'll see that that's done.  So I'll ask
18   you to wait for that because I think it will be helpful
19   for you to, um -- my whole reason for doing it this way
20   is for you to hear it.
21        And, Mr. Abdo.
22        MR. ABDO:  Thank you, your Honor, just one brief
23   point.
24        We obviously don't have Exhibit A, the document
25   for which the government has asserted the Executive
```

1    Privilege or the Presidential Communications Privilege.

2    Just one note about that document, if the Court

3    determines it is relevant and is weighing the question

4    of whether it is properly privileged.

5         One of the key elements of the Presidential

6    Communications Privilege is that the information in the

7    document at issue not have been distributed beyond the

8    President's close advisors involved in the

9    decision-making at issue.  Mr. Lapowski's declaration

10   which asserted the privilege does not address the

11   distribution of this document.  And so it is our

12   position that the government has not yet met its burden

13   of invoking that privilege.  We obviously have no basis

14   to know the distribution of the document, but it's our

15   position that they have yet to satisfy that element of

16   the burden.  And so we'd ask them, at the very least, to

17   supplement their filing in that regard.

18        THE COURT:  Thank you.

19        I thank you all.  We'll take a recess for 20

20   minutes and, um, the Clerk will advise you as to what

21   will next happen.  But I'm hopeful to come back and

22   briefly accept the invitation of the Court of Appeals

23   and, um, so that you may all support or take issue with

24   it and the like.

25        And with that done, I think that would, um,

1    conclude the proceedings for today.  Because when I'm

2    done, I'm going to recess.  So let me go around.

3         Is there anything else that you think we ought be

4    discussing today?  I've told you what I'm going to ask

5    for.

6         (Silence.)

7         MS. CONLON:  Um, to make sure we understand we're

8    proceeding tomorrow.  If there is no ruling from the

9    First Circuit with respect to the, um --

10         THE COURT:  If there is no ruling, then, um, I

11    understand the boundaries of the stay and I will

12    scrupulously adhere to them.

13         MS. CONLON:  And to make sure that I understand

14    that same understanding, when we are questioning the ICE

15    agent tomorrow, so that we don't run afoul of anything

16    here, um, if there is no ruling from the Court of

17    Appeals, are we permitted to ask questions that rely

18    upon information that we know from those documents?

19         THE COURT:  It depends upon how you ask them.

20         MS. CONLON:  Okay.

21         THE COURT:  I don't, in any way, mean to be coy.

22    We can't unring the bell.  For good and sufficient

23    reason, I have turned the documents over to you because

24    candidly I wanted them, um, to subject them to cross-

25    examination so that I could better understand the full

```
 1    context.  That's where we are in this case.
 2          MS. CONLON:  A related question, your Honor.
 3          These documents, in particular the Watson letters
 4    and the action memos, does the Court understand and
 5    review them as part of the record that's in evidence
 6    that the Court may consider in reaching its findings or
 7    are these from the Court's perspective outside of the --
 8          THE COURT:  No, the Court -- that I think I made
 9    clear, and I don't think the government has an objection
10    to that.
11          I take these documents, with the exception of
12    attorney, um, volunteering of, um, or giving -- I
13    shouldn't say "volunteering," giving legal advice, as to
14    which I am prepared to exclude as part of the
15    deliberative process, I'm not saying the whole e-mails,
16    um, and I'm going to put that to one side.
17          MS. CONLON:  Okay.
18          THE COURT:  Having said that, everything else --
19    and I don't hear defense counsel objecting to it,
20    unredacted, is part of the record on which -- except
21    perhaps for this Executive document as to which
22    Executive Privileges -- well let me start again.
23          As to the core documents -- I'm speaking to the
24    core documents.  As to the core documents, I can look
25    and rely upon them all, with the one exception that I've
```

```
 1    just now stated in open court.  As to the document as to

 2    which Executive Privilege is asserted, I've told you how

 3    I'll handle that.

 4         As to the other documents, if there are more, um,

 5    I take the position -- we haven't discussed it here

 6    today, but I take the position that the privileges that

 7    I have allowed now to be asserted are asserted with

 8    respect to those documents, and I will rule upon them.

 9    Rather broadly I have, um, overruled the assertion of

10    the attorney-client privilege.  I intend to sort through

11    them, in the deliberative process, post-trial and, um --

12    it's a benal phrase, "Let the chips fall where they

13    may."  If I accept the privilege, I won't rely on it.

14    If I don't, I will.  And it should be clear.

15         Has that answered your question?  That is a good

16    question.  And that's what I intend to do.

17         MS. CONLON:  Nearly.  Nearly.  I think I nearly

18    have an understanding.

19         A concern, your Honor, or a related question, is,

20    um, if we spend time of our remaining time questioning

21    witnesses about the content of certain documents -- and

22    I'll call them the "core documents," forgetting the

23    e-mails, putting aside the e-mails, the "core

24    documents," being the Watson letters and the action

25    memos.  If we spend time questioning witnesses on them
```

 1    and the Court later concludes those materials are under

 2    some sort of a privilege and therefore the Court can't

 3    rely on them or use them, you can see how it puts us --

 4    all of us, I think, in a difficult position if we've

 5    elicited all of this testimony --

 6        THE COURT:  We're all in a difficult position.

 7        MS. CONLON:  You too, of course.  And in

 8    particular, because the Court knows I'm quite focused on

 9    this time issue, it puts us in the hard position of

10    potentially having used all our time on stuff that I

11    think the Court can't even consider.  And so --

12        THE COURT:  No, what I've heard from them, I can

13    consider them.  I'm going to consider them, the core

14    documents.  I'm going to consider them all.  Whatever

15    your cross-examination, I'm going to consider them.

16    With the exception of what attorneys may have advised --

17    may have advised, but as we've said in open court, those

18    were logical questions which I was asking before I'd

19    even looked at the documents.  But I am permitted, they

20    are part of the record on which the Court will make its

21    decision.  Part of the record.  If I cite them, implicit

22    in that is I've overruled any privilege of any sort.

23        MS. CONLON:  And the Court will likewise consider

24    testimony from witnesses about those documents?

25        THE COURT:  Of course.

```
 1              MS. CONLON:  Okay.

 2              THE COURT:  Well I don't understand -- well the

 3      Court of Appeals can instruct me as it wishes.  I would

 4      be -- look, I'd be very surprised.  The Court of

 5      Appeals, because I've made clear to the government I'm

 6      going to -- with one exception, I am going to look at

 7      the core documents.  If the Court of Appeals were to

 8      instruct me otherwise, I would have seriously to -- to

 9      strike some or most or, um, but a significant part of

10      the core documents, if I have made such a mistake, I

11      would seriously have to consider recusal.  Because if

12      this -- then if this case comes out and plaintiffs lose,

13      the integrity of the Court's factfinding will always be

14      suspect, truly suspect, that if only I had considered

15      those things, you would win.

16              Contrary-wise, if I were to find these high,

17      significant, the President of the United States, among

18      others, liable for infringing core constitutional rights

19      on such a truncated record, it will always be believed

20      that this Court didn't put it aside, as I've asserted,

21      all the attorney stuff I could put aside.  I was asking

22      those questions.  And I'm not going to be put in that

23      position.  I should recuse and we'll start over in

24      accordance with the, um, decisions of the Court of

25      Appeals, which of course I will follow scrupulously.
```

```
 1              So if I've made that mistake, um, I'd seriously
 2      considering recusal.  But I don't hear anyone saying
 3      that.  Now maybe I'm mistaken.
 4              MS. CONLON:  No, your Honor.
 5              THE COURT:  Yes?  Mr. Kanellis, before I take the
 6      recess.
 7              MR. KANELLIS:  Just briefly, your Honor.  That
 8      instruction we will plan on presenting four witnesses
 9      tomorrow, one of them testifying from London.
10              THE COURT:  Oh, he was the one from London.  And
11      that's fine, that's worked well.
12              MR. KANELLIS:  Thank you, sir.
13              THE COURT:  All right.  20 minutes, we'll recess.
14      Thank you.
15              THE CLERK:  All rise.
16              (Recess, 10:25 a.m.)
17              (Resumed, 10:55 a.m.)
18              THE COURT:  The Court takes this opportunity, on
19      the record, in the presence -- in open court, in the
20      presence of counsel, to accept gratefully the invitation
21      of the Court of Appeals to address the, um, mandamus
22      petition both generally and expressly to address the
23      issue of waiver with respect to that petition.
24              I'm going to start by, um, making a request to the
25      Court of Appeals.  I'm not going to argue in any way the
```

 1    substance of the petition.  That's for the parties.  The

 2    Court's conduct is all a matter of record.  And the

 3    transcript governs and is more, um, important than

 4    anything I say now.  But I'm going to start with the

 5    request, simply as a matter of case management, that I

 6    would make of the Court of Appeals.  And it is this.

 7         I request the Court of Appeals to lift the stay,

 8    though I express no opinion on the disposition of the

 9    petition for mandamus, and it might well, um -- it's

10    entirely up to the Court of Appeals, it might well make

11    sense to let the petition survive so that it may have

12    the benefit of further proceedings in this court.

13         But I would ask the Court of Appeals to lift the

14    stay so that the evidentiary portion of this first phase

15    of this jury-waived trial might complete.

16         We are in the, um, second week of a two-week --

17    9-day trial, and once that trial is over, or the

18    evidentiary portion is over, it's appropriate for this

19    Court to sketch what I anticipate will be the necessary

20    further proceedings.

21         This is a case -- and I know the Court of Appeals

22    appreciates this, but this is a case where intent and

23    motive play a significant role, and once the evidence is

24    fully before the Court, it's the Court's intention to

25    take the matter under advisement.  This is not a case

Case: 25-1663 Document: 10685-2 Filed: 07/15/2025 Page: 51 of 62
Case: 25-1663 Document: 100835-W331304 Page: 202-2 Date Filed: 07/14/2025 Page: 51 of 62 ID: 6735771

51

```
 1    where even as to a portion of the case the Court expects

 2    that, because of the evidence, to be in a position to

 3    make any ruling from the bench, rather the Court expects

 4    to take the case under advisement, seek, um, requested

 5    findings and rulings from all parties, carefully review

 6    the record, and then issue a full written opinion.

 7         The actual likelihood of that opinion emerging

 8    before September is unlikely.  So the urgency to fully

 9    decide the, um, petition is, um, not grave.  Given the

10    fact that what's done is done, the plaintiffs have

11    access to the material which the Court deemed

12    appropriate to subject to cross-examination during the

13    trial, and I adhere to that decision and expect to

14    adhere to it, subject to a proper, um, a claim of

15    privilege during the course of the remaining

16    proceedings.  And I'll speak to that in a moment.

17         And one can anticipate, of course, that as this is

18    only the first phase of this case, if the case were to

19    resolve in favor of the defendant public officials, then

20    of course the plaintiffs would have the right to a

21    plenary appeal.  Contrary-wise, if the case were, at

22    least on what I'll call the "liability phase," resolved

23    against one or more, and I treat them separately, of the

24    defendant public officials, um, that would afford an

25    opinion -- that would afford a place for an
```

 1     interlocutory appeal, should the Court of Appeals wish

 2     to evaluate the propriety of that decision while this

 3     Court wrestled with the very real problem, even if

 4     that's how it were to play out, of redressability,

 5     something this Court has not addressed in the -- its

 6     hearings thus far.  So that's the Court's approach to

 7     the management of this case.

 8          Let me then, without arguing the point, um,

 9     explain the Court's position with respect to matters to

10     be considered on the petition for mandamus.  And I think

11     it's important to understand that the Court, and I

12     believe the parties, place the documents in question,

13     because at bottom, this is an issue over evidentiary

14     rulings mid trial as to certain documents produced.

15          I separate the documents into three buckets.  What

16     I've called the "core documents," these documents are

17     documents that evidence the transmission of materials

18     about certain target subjects, which I've required the

19     plaintiffs to designate, which they are arguing are

20     exemplars of their so-called "ideological deportation

21     policy."  The Court of Appeals will understand that the

22     defense asserts there is no such policy and that the

23     proceedings of the government agencies were lawful in

24     every relevant part.

25          So the core documents are the "ROAs," so-called,

```
 1    and transmittal letters, um, e-mails commenting thereon,

 2    that were transmitted from the Department of Homeland

 3    Security to the Department of State, specifically to the

 4    Bureau of Consular Affairs, and certain of those, the

 5    transmittal letters that so transmitted them, and, um,

 6    thereafter the "decision memos," so-called by this

 7    Court, that the Director of the Bureau of Consular

 8    Affairs transmitted most, but not all, of the packet to

 9    the Secretary of State for decision, as required under

10    the law.

11         The actual interplay is -- and the standard

12    procedure is best illustrated in a chalk that the Court

13    has marked HN, and will attach to the cover letter sent

14    to the Court of Appeals, which, um, so far as this Court

15    can see, accurately describes the standing procedure of

16    both executive departments in handling matters.  It of

17    course does not answer the key question which concerns

18    the content of the materials so transmitted.  So those

19    core materials are the materials that I understand the

20    petition to center upon, and I'll come back to them.

21         There are two other packets of materials that I

22    transmitted in bulk to the Court all together, but I've

23    broken them out for this discussion.  As to one

24    document, which I'll call Exhibit A, the government has

25    properly, and the Court recognizes the proper --
```

Case: 25-1662   Case: 25-1662   Document: 205-2   Date Filed: 07/15/2025   Page: 54 of 62   Date Filed: 07/15/2025   Page ID: 6735771

54

 1    "proper" in the sense that I recognize that it's been

 2    properly asserted and not waived, the government has

 3    asserted an Executive Privilege.  That's a, in this

 4    Court's eyes, a difficult issue and one the Court has

 5    not resolved and which the Court understands it is free

 6    to resolve as the case goes on.  So it's appropriate to

 7    indicate to the Court of Appeals what I've told the

 8    parties about how it will be resolved.

 9        It seems to this Court that there are three

10    possible resolutions.  First, that the Court resolves

11    that the specific document in question is subject to an

12    Executive Privilege.  If it is, whenever the Court makes

13    that determination, it physically forthwith will return

14    the document to defense counsel and make a notation on

15    the record.

16        The second possibility is that, without deciding

17    whether the document is, um, subject to an Executive

18    Privilege, the Court, as it comes to analyze the case --

19    I've read the document and I largely understand it, um,

20    it makes no difference to the decision and the Court

21    needs not cite it.  If that is, um, decided, the Court

22    will immediately return it to the defense counsel and

23    again make a notation on the record.

24        The third possibility is that the Court, um,

25    rejects, overrules the assertion of an Executive

1    Privilege and also decides that the document, which the

2    Court has thus far characterized as "peripherally

3    relevant," is in fact relevant to some conclusion the

4    Court determines to make.  In that case, if the -- if

5    this present petition were, um, still pending, a dispute

6    over this document might be beholden to that petition.

7    And I've told counsel, if I make that decision, I will

8    stay it for 7 days so that they may take action with

9    respect to that document.

10          The third packet of documents are documents as to

11   which I have now allowed privileges to be asserted, and

12   they have been, but which will not figure in the, um,

13   oral testimony as no further documents are going to be

14   produced to the plaintiff -- the plaintiffs by the

15   Court, but which all parties agree the Court may look

16   at, determine privileges, as it goes forward, and I

17   shall do so.

18          Again, if I decide to rely upon and cite a

19   document, implicitly or explicitly, it will be clear

20   that I have overruled the privilege.  If I don't cite

21   the document, it, um -- no ruling is necessary and those

22   documents no longer figure in the case.

23          The written -- were a decision on the petition of

24   mandamus -- for mandamus to await either appeal or allow

25   an interlocutory appeal, again that could all be

```
 1    reviewed in the ordinary course, and evidentiary error

 2    will be reviewed, and of course it is, as to whether it

 3    makes a substantial difference in the outcome.  And I

 4    would have the liberty of, on a full record, to make the

 5    findings and rulings that, um, I believe either have or

 6    have not been proved by a fair preponderance of the

 7    evidence.

 8         So let me conclude simply by focusing on the core

 9    documents and reiterate -- which do seem central to the

10    issues raised by the petition for mandamus, and, um,

11    respond directly to the Court's use of the word

12    "waiver," which the invitation expressly sought the

13    Court's further explanation.

14         The use of the word "waiver," upon reflection, was

15    infelicitous, so, um, it caused no prejudice to anyone,

16    because the Court followed it up with an explanation.

17    Here is the Court's view of what has happened.

18         The -- during a discussion on the plaintiffs'

19    motion to compel certain documents for, um, which the

20    plaintiffs claim were part of the record of decision of

21    its so-called "ideological deportation policy," the

22    Court declined to, um -- the Court denied the

23    plaintiffs' motion.  But did say -- and again the

24    transcript of what I actually said at the time governs,

25    but I'll characterize it, said, "But I would receive
```

```
 1   documents as to which the law-enforcement privilege was
 2   asserted and I would honor it."
 3        Now again the transcript governs.  What happened
 4   happened, was that ultimately over 300 documents were
 5   submitted to the Court where the defense asserted not
 6   only the law-enforcement privilege, but various
 7   privileges, and, um, took, with respect to -- when you
 8   look at these documents, a very aggressive, um,
 9   position.  The Court's -- the Court's review of the
10   documents became more, um, thorough as trial approached
11   and as the acting trial became to the front burner and
12   trial commenced, and the Court, as to these core
13   documents, um, came to the conclusion that the
14   law-enforcement privilege was inapplicable and was
15   asserted extraordinarily overbroadly.  The Court
16   therefore was in a quandary.
17        Should, having overruled the -- that privilege,
18   should the documents be disclosed to the defense?  And
19   the Court determined, to have the fairest possible
20   trial, that such disclosure was in the interests of
21   justice, and I did disclose it.  Disclose them.
22        Various minor issues with respect to the -- I
23   shouldn't call them "minor," but with respect to
24   those -- to that disclosure have been worked out, I
25   believe, to the satisfaction of the parties.  The
```

```
 1   documents in their raw form I anticipated and expected

 2   redaction of e-mails and telephone numbers.  The defense

 3   wants more.  The, um -- there was indeed one reference

 4   to something that, in all fairness, in fact bore on the

 5   law-enforcement privilege, despite the Court's ruling.

 6   That was corrected by full cooperation between all

 7   parties, and the proper redaction made.

 8         I say the use of the word "waiver" was

 9   infelicitous because the Court did ask the defense to

10   submit the documents with respect to which it claimed a

11   law-enforcement privilege.  The government now says that

12   they were -- they don't say this expressly, but their

13   position is they were snookered, and I got the documents

14   just to disclose them.  Well that's not so.  I certainly

15   never conceived that anything I said could be thought to

16   estop the Court from making proper rulings with respect

17   to the documents.  And again, the transcript will

18   govern.  But it's the Court's position that proper

19   rulings have been made.

20         One last point which, um, I state again simply to

21   be of assistance to the Court of Appeals.  Today the

22   parties and the Court have had a very productive

23   discussion, the full transcript is of course available

24   to the Court of Appeals, and I recite only

25   determinations that I believe I am still authorized to
```

```
 1    make with respect to these core documents.  And I have
 2    made the following.
 3         Actually I've made the following with respect to
 4    the assertion of the attorney-client privilege.  Having
 5    reviewed the documents and the arguments, I do rule that
 6    the attorney-client privilege has been waived.  It
 7    simply is inapplicable in a situation where counsel has
 8    provided documents to the factfinder, um, on the theory
 9    that these documents are relative -- are relevant to the
10    decision, as certainly the core documents are.  That
11    constitutes a waiver of the attorney-client privilege,
12    and the Court, less there be any doubt about it, so
13    rules.
14         In one respect the Court sustains the, um, claim
15    of deliberative process privilege and I have sustained
16    it as to, um, certain provision of legal advice by
17    attorneys in certain e-mails that form a portion of the
18    core documents.  Beyond that sustaining, after
19    discussion with counsel, I make no further rulings as to
20    the deliberative process privilege, or any other
21    privilege, as to the core documents.  And, um, I won't
22    say it's by agreement, but we've worked out that if
23    permitted to continue the trial, I will make what the
24    Court considers appropriate rulings on a
25    question-by-question basis.
```

```
 1          Essentially the issues relate to the Director of

 2     the Bureau of Consular Affairs, Mr. Armstrong, whose

 3     testimony had just commenced cross-examination when the

 4     stay, um, was transmitted, and a Mr. Watson, who wrote,

 5     um, the transmittal letters from the Department of

 6     Homeland Security to the State Department.

 7          One other thing is significant and I will state

 8     it.  I understand that whatever ruling the Court makes

 9     as to cross-examination in the course of the trial, the

10     Court is empowered, without objection by the government,

11     to review all the records in its possession, make proper

12     privilege rulings, and rely upon those which it rules

13     the privilege or qualified privilege does not apply.

14          With those explanations, which I truly hope are

15     helpful, the Court will respectfully submit this

16     transcript, just as soon as I get my hands on it, to the

17     Court of Appeals, respectfully and with appreciation for

18     being given the opportunity to comment on these

19     proceedings.

20          All right.  So much for reporting to the Court of

21     Appeals.

22          Is there anything else we should discuss before

23     tomorrow at 9:00?

24          MR. ABDO:  No, your Honor.

25          THE COURT:  The defense?
```

```
 1        MR. KANELLIS:  No, your Honor.

 2        THE COURT:  Thank you.

 3        All right, 9:00 tomorrow morning.  It's good to

 4   see you all.

 5        We'll recess.

 6        (Adjourned, 11:20 a.m.)

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              C E R T I F I C A T E

 2

 3

 4        I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER, do

 5     hereby certify that the forgoing transcript of the

 6     record is a true and accurate transcription of my

 7     stenographic notes, before Judge William G. Young, on

 8     Monday, July 14, 2025, to the best of my skill and

 9     ability.

10

11

12

13
       /s/ Richard H. Romanow 07-14-25
14     _____
       RICHARD H. ROMANOW  Date
15

16

17

18

19

20

21

22

23

24

25
```

## State Department Process and Protocol for Information Sharing, Visa Revocations, and Foreign Policy Determinations



