No. 25-1658

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

*In re* MARCO RUBIO, *et al.*,

*Petitioners.*

MARCO RUBIO, in his official capacity as Secretary of State; U.S. DEPARTMENT OF STATE; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; DONALD J. TRUMP, in his official capacity as President of the United States; UNITED STATES OF AMERICA,

*Petitioners–Defendants*,

v.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS,

*Respondent*,

AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS; AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS-HARVARD FACULTY CHAPTER; AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS AT NEW YORK UNIVERSITY; RUTGERS AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS-AMERICAN FEDERATION OF TEACHERS; MIDDLE EAST STUDIES ASSOCIATION,

*Real-Parties-in-Interest–Plaintiffs.*

**REPLY IN SUPPORT OF PETITION FOR A WRIT OF MANDAMUS**

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
AMANDA L. MUNDELL
SOPHIA SHAMS
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., NW*
  *Washington, DC 20530*
  *202-353-9018*

## INTRODUCTION AND SUMMARY

Yesterday, in response to this Court's stay order and its invitation to the district court to respond to the government's mandamus petition, the district court addressed its waiver ruling on the record. The district court's response appears at points to recognize the error of the court's original theory of waiver-by-*in-camera*-review, *see* Court Submission 138 (acknowledging that its "use of the word 'waiver' was infelicitous"), but then promptly doubles down again on the same rationale, *see id.* at 139 (declaring attorney-client privilege claims waived by *in camera* submissions). Even more problematically, the district court now explains its bench rulings by asserting that, in presiding over a trial, the district court is free to deem privileges overcome *implicitly*, *id.* at 135, or to allow cross-examination of the government's witnesses based on the government's own privileged records "in the interests of justice," *id.* at 91, without any need to explain its privilege rulings or to create an appellate record. In sum, in the district court's view, "what's done is done." *Id.* at 131.

These explanations remove any doubt that mandamus is warranted. The United States, like any litigant before a federal court, is entitled to assert and protect its privileges. The district court must apply the law governing those privileges. It cannot declare privileges waived just because the government accepted in good faith the court's invitation to submit documents for *in camera* inspection. *See United States v. Zolin*, 491 U.S. 554, 568 (1989). And if the court rejects the government's privilege claims, the court must state on the record its basis for rejecting those claims so as to permit a

meaningful basis for appellate review. There is no "interests of justice" or "efficient trial" exception to the government's asserted privileges. Nor is there an "attorney's eyes only" exception to those privileges.

The government understands the district court's frustration with the fact that the parties are already in trial and basic privilege issues have not yet been worked out. But that is merely a function of the expedited discovery and trial schedule in this case. The court indicated a desire to review responsive disclosures from the government and then expressly invited the government to submit its privileged documents for *in camera* review. *See* Add.193-94 (explaining that the court "expect[ed]" the government to produce "every contemporaneous document that exists up and down the chain of command within the government bureaucracy that bears on" the plaintiffs' discovery requests); Add.346 (stating that the court "would like to see" certain privileged materials, such as "the protocol that has been issued to … consular officers"); Add.204 (stating that the court "will allow ex-parte filing, and … will review the material … in camera"). We respectfully urge that the government should not be punished for having tried in good faith to cooperate with the district court's evolving and ad hoc processes for privilege review.

## ARGUMENT

1. To begin, the district court's renewed pronouncement that the government waived attorney-client privilege by providing the privileged documents *in camera* at the court's invitation is deeply flawed. *See id.* at 139. As the Supreme Court has recognized,

2

and as the government's petition explained, "disclosure of allegedly privileged materials to the district court for purposes of determining the merits of a claim of privilege does not have the legal effect of terminating the privilege." *United States v. Zolin*, 491 U.S. 554, 568 (1989). The district court has failed to grapple with this precedent entirely.

None of the district court's apparent reasons for continuing to apply its waiver ruling to these documents has merit. First, the court's conclusion (Court Submission 139) that the government waived privilege because the government believed that the documents are "relevant to the decision" finds no support in decisions of this Court or the Supreme Court. It also lacks support from the record. The government has repeatedly disclaimed any intent to rely on the *in camera* documents, *see, e.g.*, Add.528, including yesterday, where government counsel again maintained an intent to keep the documents privileged regardless of their relevance. Court Submission 94-95.

The court's suggestion that the government "knowing[ly] and intelligent[ly] waived the [attorney-client] privilege" over these documents because the court never requested to see them—and only ever invited the government to submit documents subject to the law-enforcement privilege—is equally mistaken. Court Submission 95. On May 6, the court informed the government that it "expect[ed]" the government to produce "every contemporaneous document that exists up and down the chain of command within the government bureaucracy" in response to the plaintiffs' discovery requests, Add.193-94, and stated that the court would "allow ex-parte filing and ... will review [] material ... in camera," Add.204. That express invitation for *in camera* review

3

was not clearly limited to materials reserved on the basis of any specific privilege. On June 2, the court asked "to see" documents regarding "what instructions are today being given ... in order to enforce the law." Add.346-47. That request too called for the submission of privileged material. When the government made that concern clear, the court repeatedly reassured the government that its asserted privileges would be honored. Add.402; *see also* Add.195 ("The government has a deliberative privilege. I must honor it and I must honor it without any cost to the defendants, that is drawing any adverse conclusions.").

At no point did the court clearly limit its request to only those documents that may be subject *solely* to the law enforcement privilege. And at no point following the government's *in camera* submissions did the court suggest that the government's submissions were improper or that the government had provided the court with more than it had asked for. Indeed, until the district court announced its waiver ruling, the government believed it had submitted exactly what the court expected to see.

Whether the district court intended to request all the privileged documents the government provided and that the court would later disclose is beside the point. *See* Court Submission 138. If anything, the government's decision to provide the court with *all* privileged documents that bore on the plaintiffs' discovery requests, rather than just those responsive to specific privileges, was a reasonable misunderstanding of the court's prior rulings. Such a reasonable misunderstanding is plainly not the same as a knowing and intelligent waiver of privilege. Indeed, as far as the government

4

understood at the time, if we had submitted only *some* privileged documents for the district court's *in camera* review, the court might have held that we thereby forfeited any privileges in the withheld documents or failed to comply with the district court's order to produce them in the first place.

2. To be sure, as the district court observed, *in camera* inspection does not "estop [the court] from making proper rulings with respect to the [privileged] documents." Court Submission 138. But the court has failed to provide much—if any—meaningful analysis for most of its privilege determinations, including its ruling yesterday rejecting various invocations of the law enforcement privilege. For example, the court declared in its response to the mandamus petition that "the law-enforcement privilege was inapplicable and was asserted extraordinarily overbroadly," *Id.* at 137, without any further explanation or document-by-document consideration. Such a categorical ruling without any reasoning, followed by immediate disclosure and distribution of those documents to opposing counsel, is erroneous and warrants mandamus relief. *See Karnoski v. Trump*, 926 F.3d 1180, 1203-07 (9th Cir. 2019) (granting mandamus to vacate discovery orders that failed adequately to analyze executive privilege and deliberative process privilege assertions); *In re Sealed Case*, 121 F.3d 729, 740 (D.C. Cir. 1997) (declining to defer to the district court's privileges rulings when it "took the form of a blanket ruling, with no individualized discussion of the documents").

The Court's guidance is needed not only to correct the lack of reasoning provided for the district court's denial of the law enforcement privilege, but also to

ensure that the district court provides reasons for its privilege rulings on the record going forward. The district court has suggested that it may provide plaintiffs privileged documents *before* the court rules on the privilege, stating that "if [the court] decide[s] to rely upon and cite a document [in its decision], implicitly or explicitly, it will be clear that [the court] has overruled the privilege." Court Submission 135. That approach is entirely backwards: A court cannot disclose privileged information first and ask questions later. The district court must provide reasoned explanations for its privilege determinations before it discloses or relies on the documents.

That sequence is necessary to safeguard privileges protected by law and to ensure a proper record for appellate review after the fact. It is also important as a matter of judicial efficiency: If the district court were to erroneously order the disclosure of privileged information and then rely on that information in material ways in a decision adverse to the government, the government could be entitled to vacatur of the decision on that ground alone—requiring the entire trial to be redone. *See Mohawk Industries v. Carpenter*, 558 U.S. 100, 109 (2009) (explaining that "[a]ppellate courts can remedy the improper disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence"). Speed is not the only value at stake here.

3. Mandamus is additionally warranted to ensure that the government may claw back privileged documents that have already been erroneously provided to plaintiffs

6

under the court's waiver theory as well as to ensure that the district court does not use any such documents *for any purpose*—including cross-examination or the court's eventual written decision. The district court has repeatedly indicated its intent to use any and all privileged documents to inform its decision in this case and to permit plaintiffs to cross-examine witnesses about these documents in open court. *E.g.*, Court Submission 131-38. The court has now also made plain its unwillingness to permit claw-back of its own accord, stating that "what's done is done, the plaintiffs have access to the material which the Court deemed appropriate to subject to cross examination during the trial." *Id.* at 131. But claw-back exists precisely to ensure that unwarranted privilege disclosures are not irremediable, and this Court can appropriately use mandamus to review such disclosures and order relief. *E.g.*, *Mohawk Industries*, 558 U.S. at 109.

That the Court has so far permitted many of these documents to be shared with plaintiffs under an "Attorney's Eyes Only" designation only underscores the need for mandamus relief. With respect to the law enforcement privilege, the Second Circuit has explained that such a designation "provides insufficient protection for the confidential law enforcement information at issue" and warrants mandamus on its own. *In re The City of New York*, 607 F.3d 923, 936 (2d Cir. 2010). Moreover, limiting the privileged materials to plaintiffs' attorneys' eyes does not negate the harm from disclosure. *See Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 461 (3d Cir. 1996) ("When a district court orders production of information over a litigant's claim of a privilege not to disclose, appeal after a final decision is an inadequate remedy ... for compliance

7

with the production orders complained of destroys the right sought to be protected." (citation omitted)); *In re Lott*, 424 F.3d 446, 452 (6th Cir. 2005) (similar); *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 175 (4th Cir. 2019) ("[A]n adverse party's review of privileged materials seriously injures the privilege holder."). None of the materials should have been shared with plaintiffs' counsel at all. At a minimum, the court was required first to review and address the government's privilege claims on the merits and do so on the record.

4. Finally, a word in response to plaintiffs' supplemental answer. Plaintiffs' new filing has largely been overtaken by the district court's recent shift in rationale. Plaintiffs' supplemental response rests in large part on the mistaken belief that the district court had already "rejected the government's invocation of the law enforcement privilege on the merits" and properly provided those documents to plaintiffs. Supplemental Answer 2-3. But the district court had stated that its initial waiver ruling "applie[d] to all the documents that were furnished." Add.610. At a minimum, the record (before yesterday) was unclear regarding whether the district court had rejected the government's invocation of the law enforcement privilege on the merits or on the basis of waiver. Now that the court has stated plainly that it has explicitly overruled the law-enforcement privilege, the court's failure to provide any accompanying analysis or explanation for this merits determination was palpably erroneous.

## CONCLUSION

For the foregoing reasons, and those given in the government's petition, the Court should grant the petition for writ of mandamus and direct the district court to reverse its waiver ruling, vacate its disclosure orders, and permit the government to claw back its privileged documents.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
*s/ Amanda L. Mundell*
AMANDA L. MUNDELL
SOPHIA SHAMS
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., NW*
  *Washington, DC 20530*
  *202-353-9018*

JULY 2025

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this filing complies with the limit of Federal Rules of Appellate Procedure 21(d), 27(d)(2), and 32(a)(7) because it totals 2157 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). I further certify that this petition complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared using Microsoft Word 2016 in a proportionally spaced typeface, 14-point Garamond font.

                                            *s/ Amanda L. Mundell*
                                            AMANDA L. MUNDELL

# CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2025, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Service has been accomplished via email to the following counsel:

*Counsel for Real-Parties-in-Interest–Plaintiffs:*

Ahilan Arulanantham (arulanantham@law.ucla.edu)
Michael Tremonte (mtremonte@shertremonte.com)
Noam Biale (nbiale@shertremonte.com)
Alexander Abdo (alex.abdo@knightcolumbia.org)
Alexandra Conlon (aconlon@shertremonte.com)
Caroline DeCell (carrie.decell@knightcolumbia.org)
Courtney Gans (cgans@shertremonte.com)
David Jacob Zimmer (dzimmer@zimmercitronclarke.com)
Edwina Bullard Clarke (edwina@zimmercitronclarke.com)
Jackson Thomas Busch (jackson.busch@knightcolumbia.org)
Jameel Jaffer (jameel.jaffer@knightcolumbia.org)
Ramya Krishnan (ramya.krishnan@knightcolumbia.org)
Scott B. Wilkens (scott.wilkens@knightcolumbia.org)
Talya Nevins (talya.nevins@knightcolumbia.org)
Xiangnong Wang (george.wang@knightcolumbia.org)
Yaman Salahi (yaman@salahilaw.com)

The district court has been provided with a copy of this reply in support of the petition for writ of mandamus pursuant Federal Rule of Appellate Procedure 21(a).

*s/ Amanda L. Mundell*
AMANDA L. MUNDELL
