No. 25–1658

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

*In re* MARCO RUBIO, et al.,

*Petitioners.*

MARCO RUBIO, in his official capacity as Secretary of State, et al.,

*Petitioners–Defendants,*

v.

U.S. DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS,

*Respondent,*

AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, et al.,

*Real-Parties-in-Interest–Plaintiffs.*

## SUR-REPLY IN SUPPORT OF
## ANSWER TO PETITION FOR WRIT OF MANDAMUS

Edwina Clarke (BBO 699702)
David Zimmer (BBO 692715)
Zimmer, Citron & Clarke, LLP
130 Bishop Allen Drive
Cambridge, MA 02139
(617) 676-9423
edwina@zimmercitronclarke.com

Noam Biale
Michael Tremonte
Alexandra Conlon
Courtney Gans
Sher Tremonte LLP
90 Broad Street, 23rd Floor

Alex Abdo
Ramya Krishnan
Carrie DeCell
Xiangnong Wang
Talya Nevins
Jackson Busch
Stephany Kim
Scott Wilkens
Jameel Jaffer
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500

New York, New York 10004
(212) 202-2603
nbiale@shertremonte.com
mtremonte@shertremonte.com

alex.abdo@knightcolumbia.org

Ahilan T. Arulanantham (SBN 237841)
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

**Argument**

Plaintiffs—the real parties in interest in this mandamus petition—respectfully submit this sur-reply in support of their answer to the petition filed by Petitioners–Defendants ("the government"), challenging the district court's disclosure orders. Plaintiffs write to make two points:

*First*, it is now clear that the government's mandamus petition concerns only a single document. The petition (at least in its original form, but more on that below) challenges only the district court's "waiver ruling"— that is, the court's holding that the government had waived certain privileges by submitting documents for *in camera* review. Yesterday, the district court held a hearing at which it addressed its rulings with respect to the government's claims of privilege. And at that hearing, the court made clear that its waiver ruling applied to only a single document—specifically, an email thread on which government lawyers were copied. *See* July 14, 2025 Trial Tr. 32:18–24, 59:3–19, ECF No. 206-2 (submitted by district court). At the same hearing, it made clear that it was not treating as waived the presidential communications privilege, *id.* 39:19–23, the deliberative process privilege, *id.* 18:10–12, or the law enforcement privilege, *id.* 37:8 to 38:8. Those are the only other

1

privileges that the government invoked with respect to the documents at issue, and so, again, the government's petition at this point concerns only a single document.[1]

***Second***, the Court should reject the government's attempt to modify its mandamus petition to somehow challenge the district court's rulings on the merits of the law enforcement privilege. The district court has been clear since the very beginning that it was not treating the law enforcement privilege as waived, *see* Pls.' Answer 4–5, and yet the government's petition challenged only the waiver ruling. In any event, the government's claim that the district court's rulings with respect to the law enforcement privilege were unreasoned or "palpably erroneous," *see* Gov't Reply 7, is simply wrong. On multiple occasions, the Court has addressed and properly rejected the government's extraordinarily overbroad invocation of the law enforcement privilege.

On the very first day of trial, the district court explained at great length its concern about the government's overbroad invocation of the law enforcement privilege:

> As to the law enforcement privilege, in one respect, and I have received such materials, as it's played out, they may well be peripheral, but maybe not. I received materials about the State Department's upping, or changing, or making more details, their management of the grant of

---

[1] For the convenience of the Court, attached as **Exhibit A** is a chart listing the documents that were ordered disclosed to Plaintiffs, showing the privileges claimed. The titles of the documents in the chart are the ones used by the government in its public filings.

2

> visas. That's inextricably intertwined with national security. I honor that absolutely. Nobody's going to look at any of that, except me. And as yet, I'm not sure how that figures in this case at all. I'll absolutely protect those.
>
> As to the rest of it, you've taken—and I speak to the government's attorneys, far too broad a position on what's entitled to the law enforcement privilege. When I said I would honor that, what I meant was, and I think the law, um, backs it up, I meant like disclosure of things that would, um, frustrate or inhibit or foul up an ongoing government investigation, like if there's—and what I say now is not from my review of the materials, I'm making this up.
>
> Let's say there's some human intelligence out there, undercover officers out looking around, um, that's fine. If that's disclosed to the Court, I would treat that completely confidential. Likewise, if there's some technology that, um, we don't know about, pole cameras, um, I'm making this up, drones that fly over crowds with super, um, fascinating face-recognition um, material, boy, I'd be interested in that, but that's something new that the government has. I've never heard about it and I just made it up.
>
> . . .
>
> If you think, as I have more expressly explained the limits of the law enforcement privilege, that I've missed something, and I could well have, my review is far from complete, um, you can—in sort of a privilege log after the horse is out of the barn, by Friday at noon, detail it for me. "This page reveals whatever." And it had better be specific or I'll rule that you've waived it. If it's only part of the page, the privilege can be asserted only as to Paragraph 3, or Paragraph 3 of the first paragraph. And I will look at it and I will see whether I agree.

Add.541–43.

At yesterday's hearing, the Court reiterated its view that the government had been relying on an overbroad understanding of the privilege:

3

> MR. ABDO: [T]hose documents appear on the chart that we provided to the Court last night. Among the first, I think 9 or 10, all withheld only under the law-enforcement privilege. And we understand your court to have overruled that assertion of privilege with respect to these documents based on your Court's conclusion, which we fully agree with, that the government had interpreted that privilege far too broadly to cover not just information that was disclosed [that would] compromise an[] investigation, but the sort of information we've seen from these memos, which is largely factual information. And using techniques that have already been disclosed to the public and described in open court, mainly the collection of social media information and the like.
>
> So we think the Court has already ruled with respect to those documents on the merits, not on the basis of waiver, such that the First Circuit's order doesn't even implicate our use of these documents at trial.
>
> THE COURT: Actually you've stated it better than I. But the use of the word "waiver" there, by the Court, was infelicitous, because while I went on to explain my focus on the law-enforcement privilege and explain what I believed was the scope of the law-enforcement privilege and functionally overrule that privilege as to these documents, as you have properly said and more effectively described, the use of the word "waiver" was infelicitous. And now that I've gone back and looked at the transcript, I said, "You may submit law-enforcement privileged data" and I used words much like "and I will honor it." And that's their basis for saying, in effect, that they were snookered. They were not snookered. That didn't estop the Court from making a ruling on the privilege. I made the ruling on the privilege. But they did not waive it by asserting it and giving me the documents.

July 14, 2025 Trial Tr. 36:13 to 37:24, ECF No. 206-2 (submitted by district court).

And just today, in rejecting the government's invocation of the law enforcement privilege over another document, the district court relied on similar reasoning:

4

MS. SANTORA: Your Honor, we would assert law enforcement privilege over this document.

THE COURT: Law enforcement privilege for something that's happened?

MS. SANTORA: Well, this talks about the officers' actions leading up to the arrest.

THE COURT: Well, yes, so it does, but these are the common—it doesn't reveal any special technique. It doesn't reveal anything that is uncommon. I don't mean it critically, but this is what law enforcement officers do.

MS. SANTORA: To the extent it reveals their methods and techniques leading up to the arrest.

THE COURT: But that's true. If the privilege were that broad, no police report could ever be produced if the government decided not to produce it. That's not the law enforcement privilege. You give me some case that sweeps that broadly. That's what has baffled me from the outset here. This has no forward-looking aspect. It has no revelation as to planned law enforcement operations, and at least in my limited experience this all looks like just sound police work carrying out their directions.

MS. SANTORA: Your Honor, to the extent that it reveals the methods that the officers used in surveilling an individual, that could be extrapolated to other cases and allow other individuals to potentially –

THE COURT: Let me see. . . . You did surveillance and had his picture. I don't see anything—and I mean no disrespect—anything specifically secret about going about criminal investigations that way. No. It's overruled.

July 15 Trial Tr. Vol. II, 98:18 to 100:2 (attached as **Exhibit B**).

The district court's rulings were not memorialized in writing, but they were

clear. Over and over again, the district court criticized the government for relying on

5

the law enforcement privilege to shield innocuous information about completed investigations. Even a cursory examination of the underlying documents would immediately confirm as much. It is perhaps unsurprising, then, that the government does not appear to have submitted the underlying documents to this Court for review. Instead, it attempts to shoehorn these documents into its mandamus petition by incorrectly claiming that the district court never explained its rulings. *See* Gov't Reply 7 ("[T]he court's failure to provide any accompanying analysis or explanation for this merits determination was palpably erroneous.").

For these reasons, the Court should deny the petition.

July 15, 2025

Edwina Clarke (BBO 699702)
David Zimmer (BBO 692715)
Zimmer, Citron & Clarke, LLP
130 Bishop Allen Drive
Cambridge, MA 02139
(617) 676-9423
edwina@zimmercitronclarke.com

Noam Biale
Michael Tremonte
Alexandra Conlon
Courtney Gans
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2603
nbiale@shertremonte.com
mtremonte@shertremonte.com

Respectfully submitted,

 /s/ Alex Abdo
Alex Abdo
Ramya Krishnan
Carrie DeCell
Xiangnong Wang
Talya Nevins
Jackson Busch
Stephany Kim
Scott Wilkens
Jameel Jaffer
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
alex.abdo@knightcolumbia.org

Ahilan T. Arulanantham (SBN
  237841)
Professor from Practice

6

UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu

*Counsel for Real-Parties-in-Interest–*
 *Plaintiffs*

## Certificate of Compliance

This brief complies with the type-volume limit of the Court of Appeals for the First Circuit Local Rules 21(d)(1) and 32(g) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 1,537 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in 14-point Times New Roman font, a proportionally spaced typeface.

/s/ Alex Abdo

Dated: July 15, 2025

## Certificate of Service

I hereby certify that on July 15, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Service has been accomplished via email on the following counsel:

Brett A. Shumate
Eric D. McArthur
Mark R. Freeman
Amanda L. Mundell (amanda.l.mundell@usdoj.gov)
Sophia Shams (sophia.shams@usdoj.gov)

Plaintiffs have provided a copy of this filing to the district court.

/s/ Alex Abdo

Dated: July 15, 2025